ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com
        – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 W. Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> EXTREME NETWORKS, INC., et al., <br><br> Defendants. | Case No. 3:24-cv-05102-TLT <br><br> <u>CLASS ACTION</u> <br><br> NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF <br><br> DATE:  December 31, 2024 <br> TIME:  2:00 p.m. <br> CTRM:  9, 9th Floor <br> JUDGE:  Hon. Trina L. Thompson |

4878-4719-2048.v1

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on December 31, 2024, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Trina L. Thompson, class member Steamfitters Local 449 Pension & Retirement Security Funds ("Steamfitters Local 449") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order appointing Steamfitters Local 449 as Lead Plaintiff and approving Steamfitters Local 449's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel. This Motion is made on the grounds that Steamfitters Local 449 is the most adequate plaintiff to serve as lead plaintiff in the action. In support of this Motion, Steamfitters Local 449 submits herewith a Memorandum of Points and Authorities and the Declaration of Kenneth P. Dolitsky ("Dolitsky Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

This action was brought on behalf of all persons who purchased Extreme Networks, Inc. ("Extreme Networks" or the "Company") common stock between July 27, 2022 and January 30, 2024, inclusive (the "Class Period"), alleging violations of §10(b) and §20(a) of the Exchange Act of 1934 (the "Exchange Act") against Extreme Networks and certain of its top current and former executive officers. ¶¶1, 6-10.[1] In securities cases like this, the PSLRA directs the Court to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the movant having the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Here, Steamfitters Local 449 suffered significant losses and otherwise satisfies the typicality and adequacy requirements of Rule 23(a). Moreover, Steamfitters Local 449 seeks the Court's

---

[1]      All references to "¶__" are to the Complaint. *See* ECF 1.

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW
IN SUPPORT THEREOF - 3:24-cv-05102-TLT                                                          - 1 -
4878-4719-2048.v1

approval of Robbins Geller as Lead Counsel for the class, a firm with substantial experience in prosecuting securities class actions. As such, Steamfitters Local 449 respectfully submits that its motion should be granted.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should appoint Steamfitters Local 449 as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.    Whether the Court should approve Steamfitters Local 449's selection of Robbins Geller as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.    STATEMENT OF FACTS

Extreme Networks is a global provider of cloud-based computer networking equipment and related services and support. Extreme Networks common stock trades on the NASDAQ under the ticker symbol EXTR.

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that, among other things, Extreme Networks was suffering from adverse client demand trends as its clients had ordered more product from Extreme Networks than needed in the wake of the COVID-19 pandemic and that the Company was increasingly offsetting these adverse organic demand trends with the fulfillment of backlog orders in a manner that materially exceeded the proportion represented to investors.

On January 25, 2023, Extreme Networks announced the resignation of defendant Rémi Thomas, Extreme Networks' CFO, and also revealed that compared to the first quarter of 2023, the Company's backlog had fallen to $542 million, its Product Book to Bill Ratio had fallen from 1.3x to 0.9x, and its Service Book to Bill Ratio had fallen from 1.4x to 1.2x. On this news, Extreme Networks' share price declined by nearly 15%.

Then, on August 24, 2023, Extreme Networks disclosed that its backlog stood at just $267.3 million, revealing a roughly $245 million decline year-over-year and a $275.7 million decline during the prior six months. On this news, the Company's share price declined by approximately 9%.

Thereafter, on November 1, 2023, Extreme Networks further revealed that working through its backlog was resulting in an "air pocket of demand" among end customers that resulted in "more tempered" revenue growth outlook of "mid-to-high single digits" for fiscal year 2024, and that the Company was now expecting normalized backlog of between $75 million to $100 million "by the end of Q4 fiscal '24." ¶73. On this news, Extreme Networks' share price declined by approximately 13%.

Next, on January 8, 2024 the Company provided a business update lowering its second quarter of 2024 and long-term revenue outlooks. On this news, Extreme Networks' share price declined by approximately 7%.

Finally, on January 31, 2024, Extreme Networks disclosed that its revenues for the second quarter of 2024 were $296.4 million, down 7% year-over-year; that it had generated just $186.6 million in product revenue, a decline of *37%* year-over-year; that its product backlog had already normalized during the quarter; and that the Comapny made the "conscious decision to put channel digestion behind [it] in the March quarter," leading to a "$40 million to $50 million reduction in channel inventory in the third quarter" that would result in "[d]emand . . . be[ing] masked by inventory flowing out of the channel." ¶85. Rather than increasing revenues as previously represented, the Company also provided new guidance that revealed it was, in fact, on track to suffer lower revenues in fiscal year 2024 and, in a related earnings call, defendant Edward B. Meyercord III, Extreme Networks' President and CEO, acknowledged that the Company's "baseline business" was on track to achieve only about $1.1 billion in annual revenues. *Id.* On this news, Extreme Networks' share price declined by approximately 24% over three trading days, further damaging investors.

Due to defendants' wrongful acts and omissions, and the declines in the market value of the Company's common stock, Steamfitters Local 449 and other putative class members have suffered significant losses and damages.

## IV.    ARGUMENT

### A.    Steamfitters Local 449 Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 729-30. Steamfitters Local 449 meets each of these requirements and should be appointed Lead Plaintiff.

#### 1.    This Motion Is Timely

On August 13, 2024, a notice was published by counsel for Steamfitters Local 449 on *Globe Newswire* pursuant to the PSLRA advising Extreme Networks investors of the 60-day deadline to move the Court to be appointed as lead plaintiff by no later than October 15, 2024. *See* ECF 6-1. Because this Motion is being filed on October 15, it is timely and Steamfitters Local 449 is entitled to be considered for appointment as lead plaintiff.

#### 2.    Steamfitters Local 449 Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by its PSLRA Certification and loss chart, Steamfitters Local 449 purchased 10,320 shares of Extreme Networks common stock during the Class Period, and suffered approximately $53,065 in losses as a result of defendants' alleged misconduct. *See* Dolitsky Decl.,

Exs. A-B.  Therefore, Steamfitters Local 449 has a substantial financial interest in the relief sought by the class.

### 3.    Steamfitters Local 449 Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

Typicality asks whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  The adequacy requirement inquires whether "the representative parties will fairly and adequately protect the interests of the class.'"  Fed. R. Civ. P. 23(a)(4).

Here, Steamfitters Local 449, like other class members: (1) purchased Extreme Networks common stock during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages therefrom.  Thus, Steamfitters Local 449's claims are typical of those of other class members because its claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.  Steamfitters Local 449's significant financial interest ensures it will vigorously represent the class.  Moreover, as an institutional investor who filed the initial complaint in this matter (*see* ECF 1), Steamfitters Local 449 is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA.  *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

And, as set forth in more detail below, Steamfitters Local 449 has retained Robbins Geller as proposed lead counsel, a law firm with vast experience prosecuting securities class actions.

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:24-cv-05102-TLT                                                                          - 5 -
4878-4719-2048.v1

As such, the Court should find that Steamfitters Local 449 has made the requisite showing of typicality and adequacy.

**B.     The Court Should Approve Steamfitters Local 449's Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval.  15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  In this case, Steamfitters Local 449 has selected Robbins Geller as lead counsel.[2]

Robbins Geller, a 200-attorney nationwide law firm with an office in this District, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See In re Alphabet, Inc. Sec. Litig.*, No. 3:18-cv-06245-TLT, ECF 245 at 12 (N.D. Cal. Sept. 30, 2024) (Thompson, J.) (order approving $350 million settlement on behalf of Alphabet investors and noting that Robbins Geller "represented their clients with skill and diligence and obtained an excellent result for the class").

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[2]     For a detailed description of proposed lead counsel's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A paper copy of the Firm's resume is available upon the Court's request, if preferred.

[3]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household*

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, Steamfitters Local 449's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## V.    CONCLUSION

Steamfitters Local 449 has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Steamfitters Local 449 respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  October 15, 2024                           Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY


                                  s/ Kenneth P. Dolitsky
                              KENNETH P. DOLITSKY

655 W. Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com

*Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW
IN SUPPORT THEREOF - 3:24-cv-05102-TLT                                                - 7 -
4878-4719-2048.v1

Proposed Lead Counsel for Proposed Lead Plaintiff

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:24-cv-05102-TLT

- 8 -

4878-4719-2048.v1