**HAGENS BERMAN SOBOL SHAPIRO LLP**
Lucas E. Gilmore (Bar No. 250893)
Reed R. Kathrein (Bar. No. 139304)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
Guillaume Buell (*pro hac vice* forthcoming)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com
gbuell@labaton.com

*Counsel for Proposed Lead Plaintiff*
*and Proposed Lead Counsel for the Class*

*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, and KEVIN RHODES,<br><br>Defendants. | Case No. 3:24-cv-05102-TLT<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF THE PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>**Date:** December 31, 2024<br>**Time:** 2:00 p.m.<br>**Courtroom:** 9 – 19th Floor<br>**Judge:** Trina L. Thompson |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................ii

NOTICE OF MOTION AND MOTION ................................................................................ 1

STATEMENT OF ISSUES ................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 2

I.      PRELIMINARY STATEMENT ............................................................................... 2

II.     SUMMARY OF THE ACTION ............................................................................... 4

III.    ARGUMENT ............................................................................................................ 5

      A.      The Pension Funds Are the "Most Adequate Plaintiff" ......................................... 5

            1.    The PSLRA Standard for Appointing Lead Plaintiff............................... 5

            2.    The Pension Funds' Motion Is Timely ..................................................... 6

            3.    The Pension Funds Have the Largest Financial Interest in the Outcome of the Action.................................................................. 7

            4.    The Pension Funds Satisfy Rule 23's Typicality and Adequacy Requirements .................................................................. 7

                (a)    The Pension Funds' Claims Are Typical of Those of the Class............................................................................. 7

                (b)    The Pension Funds Will Fairly and Adequately Protect the Interests of the Class ........................................ 8

            5.    The Pension Funds Are Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA ................................... 9

      B.      The Court Should Approve The Pension Funds' Choice of Counsel .................. 11

CONCLUSION.................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aqua Metals Sec. Litig.*,
2018 WL 4860188 (N.D. Cal. May 23, 2018) ...........................................................................11

*Bruce v. Suntech Power Holdings Co.*,
2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ..........................................................................10

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ..................................................................................5, 6, 9, 11

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
2013 WL 2368059 (N.D. Cal. May 29, 2013) ..............................................................................8

*In re Cohen v. U.S. Dist. Ct. for N.D. of Cal.*,
586 F.3d 703 (9th Cir. 2009) .....................................................................................................11

*Das v. Unity Software Inc.*,
2023 WL 1927739 (N.D. Cal. Feb. 10, 2023) .............................................................................9

*Doherty v. Pivotal Software, Inc.*,
2019 WL 5864581 (N.D. Cal. Nov. 8, 2019) ............................................................................11

*Felix v. Symantec Corp.*,
2018 WL 4029053 (N.D. Cal. Aug. 23, 2018) ........................................................................7, 8

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) ...................................................................................7, 8

*Lloyd v. CVB Fin. Corp.*,
2011 WL 13128303 (C.D. Cal. Jan. 21, 2011) ............................................................................7

*In re Mersho*,
6 F.4th 891 (9th Cir. 2021) ..........................................................................................................9

*In re Versata, Inc., Sec. Litig.*,
2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ..........................................................................9

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

15 U.S.C. § 78u-4 *et seq.* ................................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    No. 04-cv-8141 (S.D.N.Y.)...........................................................................................................11

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
    No. 08-md-1963 (S.D.N.Y.) .........................................................................................................11

*In re Broadcom Corp. Class Action Litig.*,
    No. 06-cv-05036 (C.D. Cal.) ........................................................................................................12

*In re Countrywide Fin. Corp. Sec. Litig.*,
    No. 07-cv-5295 (C.D. Cal.) ..........................................................................................................12

*In re Mercury Interactive Corp. Sec. Litig.*,
    No. 05-cv-3395 (N.D. Cal.) ..........................................................................................................12

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .................................9

## NOTICE OF MOTION AND MOTION

**TO:　ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Lead Plaintiff movant Oklahoma Firefighters Pension and Retirement System ("Oklahoma Fire"), Oklahoma Police Pension and Retirement System ("Oklahoma Police"), Oakland County Voluntary Employees' Beneficiary Association ("Oakland County VEBA"), and Oakland County Employees' Retirement System ("Oakland County ERS" and collectively the "Pension Funds") by and through their counsel, hereby move this Court in Courtroom 9 – 19th Floor of the Honorable Trina L. Thompson at the United States District Court, Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, on December 31, 2024 at 2:00 p.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (i) appointing the Pension Funds as Lead Plaintiff in the above-captioned securities class action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*; (ii) approving the Pension Funds' selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel for the Class and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Liaison Counsel for the Class (the "Motion"); and (iii) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that the Pension Funds believe they are the "most adequate plaintiff" under the PSLRA and are therefore entitled to be appointed Lead Plaintiff. Specifically, the Pension Funds believe they have the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the approximately $1,044,237 in losses as calculated under a last-in, first-out ("LIFO") basis, that they incurred on their investments in the common stock of Extreme Networks, Inc. ("Extreme" or the "Company). The Pension Funds also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because their claims are typical of other Class members' claims and because they will fairly and adequately represent the interests of the Class. Moreover, the Pension Funds are a paradigmatic Lead Plaintiff under the PSLRA because they are a small, cohesive partnership of sophisticated institutional investors with a substantial financial stake in the litigation and prior experience

successfully serving as court-appointed PSLRA lead plaintiffs, including alongside other institutions, which will ensure their effective monitoring and supervision of counsel.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Lucas E. Gilmore (the "Gilmore Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, the Pension Funds respectfully request that the Court enter an Order: (i) appointing the Pension Funds as Lead Plaintiff in the Action pursuant to the PSLRA; (ii) approving their selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class; and (iii) granting any such further relief as the Court deems just and proper.

## STATEMENT OF ISSUES

1.    Whether the Court should appoint the Pension Funds as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i); and

2.    Whether the Court should approve of the Pension Funds' selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    PRELIMINARY STATEMENT**

Presently pending before the Court is a securities class action (the "Action") brought on behalf of all persons or entities that purchased or otherwise acquired Extreme common stock between July 27, 2022 and January 30, 2024, inclusive (the "Class Period"), who were damaged thereby (the "Class").  The Action, which has been brought against Extreme and certain of the Company's current and/or former senior executives (collectively, "Defendants"), alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5, promulgated thereunder.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  Under the PSLRA, the most adequate plaintiff is the "person or group

of persons" that has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that it is a typical and adequate Class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, the Pension Funds are the "most adequate plaintiff" by virtue of, among other things, the approximately $1,044,237 in losses as calculated under a LIFO basis, that they incurred on their purchases of Extreme common stock during the Class Period asserted in the Action.[1] In light of this significant loss, the Pension Funds have a substantial financial interest in the relief sought by this litigation—an interest they believe to be greater than that of any competing movant.

In addition to asserting the largest financial interest, the Pension Funds readily satisfy the relevant requirements of Rule 23 because their claims are typical of those of all members of the Class and they will fairly and adequately represent the interests of the Class. The Pension Funds are a paradigmatic Lead Plaintiff under the PSLRA because they are sophisticated institutional investors with a substantial financial interest in the litigation and have experience supervising the work of outside counsel in complex litigation. That experience includes the Pension Funds' prior experience serving as a lead plaintiff together with other institutional investors in past securities class actions that recovered substantial settlements for investors. Accordingly, the Pension Funds have both the incentive and ability to supervise and monitor counsel.

Further, as set forth in greater detail in their Joint Declaration submitted herewith, the Pension Funds fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous and efficient prosecution of this litigation.[2] Prior to seeking appointment as Lead Plaintiff, representatives from the Pension Funds held a conference call to discuss, among other things, the merits of the claims against Defendants, as well as their respective funds' common goals in the

---

[1] A Copy of the PSLRA-required Certifications of the Pension Funds are attached as Exhibit A to the accompanying Gilmore Decl., which set forth all transactions for the Pension Funds in Extreme common stock during the Class Period. In addition, a chart reflecting the calculation of The Pension Funds' losses as a result of their transactions in Extreme common stock is attached as Exhibit B to the Gilmore Decl. *See* Gilmore Decl., Exs. A & B.

[2] *See* Joint Declaration in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Joint Declaration"), attached as Exhibit C to the Gilmore Decl.

litigation. *See* Gilmore Decl., Ex. C ¶ 10. The Pension Funds have conferred together and discussed how they will jointly prosecute this Action and otherwise ensure the vigorous yet cost-effective prosecution of this litigation. *See generally* Gilmore Decl., Ex. C.

The Pension Funds have also demonstrated their adequacy through the selection of Labaton as proposed Lead Counsel on behalf of the Class. Labaton is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Based on the Pension Funds' significant financial interest in the outcome of this Action, and their ability to jointly oversee the prosecution of the litigation in a cohesive and coordinated manner, the Pension Funds respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their Motion.

## II. SUMMARY OF THE ACTION

This is a federal class action on behalf of a class of all persons and entities who purchased or otherwise acquired Extreme common stock between July 27, 2022 and January 30, 2024, inclusive, seeking to pursue remedies under Sections 10(b) and 20(a) of the Exchange Act. Extreme common stock trades on the NASDAQ under the ticker symbol "EXTR."

Extreme is a provider of cloud networking solutions headquartered in Morrisville, California and incorporated in Delaware. The Action alleges that throughout the Class Period, Defendants made false and misleading statements regarding Extreme's customer demand, sustained backlog, and market share gains.

Defendants' fraud began to come to light on January 25, 2023, when Extreme reported that its backlog and book to bill ratios had fallen substantially. On this news, Extreme stock dropped to $16.50 per share on January 25, 2023, a nearly 15% decline. Then, on August 24, 2023, Extreme again disclosed poor backlog figures. On this news, Extreme stock dropped to $25.16 per share on August 25, 2023, a 9% decline. Then, on November 1, 2023, Extreme revealed it was experiencing poor demand and a reduced backlog. On this news, Extreme stock dropped to $17.86 per share on November 1, 2023, a 13% decline. Then, on January 8, 2024, Extreme lowered its revenue outlook. On this news, Extreme stock dropped to $16.23 per share on January 9, 2024, a

7% decline.  Then on January 31, 2024, Extreme reported poor financial results and operational trends for the second quarter of 2024 including a decline in revenue.  On this news, Extreme stock dropped over several days to $12.59 per share February 2, 2024, a 24% decline.

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's common stock, the Pension Funds and the Class have suffered significant damages.

**III.    ARGUMENT**

**A.    The Pension Funds Are the "Most Adequate Plaintiff"**

The Pension Funds respectfully submit that they should be appointed Lead Plaintiff because they are the movants "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria.").  As set forth below, the Pension Funds believe they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

**1.    The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. Specifically, the PSLRA provides that a court:

> [S]hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members.

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (i) filed a complaint or made a motion to serve as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30 (discussing three-step competitive process for selecting a lead plaintiff). This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730.

### 2.    The Pension Funds' Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). On August 13, 2024, plaintiff filed a complaint in the Action which asserted claims on behalf of investors that purchased Extreme common stock during the class period between July 27, 2022 and January 30, 2024. That same day, counsel for plaintiff published a notice on *Globe Newswire* alerting investors to the pendency of the action and informing them of the October 15, 2024 deadline to seek appointment as Lead Plaintiff. *See* Notice, Gilmore Decl., Ex. D. The Pension Funds have therefore timely moved for appointment as Lead Plaintiff through the filing of this Motion.

### 3.    The Pension Funds Have the Largest Financial Interest in the Outcome of the Action

The Pension Funds should be appointed Lead Plaintiff because they have the "largest financial interest in the relief sought by the Class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, the Pension Funds suffered LIFO losses of approximately $1,044,237 on their relevant transactions in Extreme common stock during the Class Period. *See* Gilmore Decl., Exs. A & B. To the best of the Pension Funds' knowledge, there is no other applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation. Accordingly, the Pension Funds have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u4(a)(3)(B)(iii)(I).

### 4.    The Pension Funds Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the Pension Funds satisfy the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant "need only make a *prima facie* showing of its typicality and adequacy." *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018). Here, the Pension Funds unquestionably satisfy the typicality and adequacy requirements.

### (a)    The Pension Funds' Claims Are Typical of Those of the Class

"The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants." *Felix v. Symantec Corp.*, 2018 WL 4029053, at *3 (N.D. Cal. Aug. 23, 2018) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The claims need not be "substantially identical" to support a finding of typicality. *Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011) (citation omitted). Instead, "[t]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Super Micro Comput.*, 317 F. Supp. 3d at 1061 (citation omitted).

Here, the claims that the Pension Funds assert are typical of the claims of the other members of the putative Class because, like all other Class members, the Pension Funds: (i) purchased or otherwise acquired Extreme common stock during the Class Period; (ii) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (iii) suffered damages as a result. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed Lead Plaintiff "purchased [defendant corporation] common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged suffered damages as a result"). Thus, the Pension Funds satisfy the typicality requirement of Rule 23.

### (b) The Pension Funds Will Fairly and Adequately Protect the Interests of the Class

The Pension Funds will fairly and adequately represent the interests of the proposed Class. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). The thrust of the adequacy inquiry is: "(1) whether there are conflicts within the class; and (2) whether plaintiff and counsel will vigorously fulfill their duties to the class." *Symantec Corp.*, 2018 WL 4029053, at *3 (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)); *see also Super Micro Comput.*, 317 F. Supp. 3d at 1061 (same).

Here, no antagonism exists between the Pension Funds' interests and those of the absent Class members; rather, the interests of the Pension Funds and other Class members are squarely aligned. In addition, the Pension Funds have demonstrated their adequacy through their selection of Labaton as Lead Counsel to represent the Class in this Action. As discussed more fully herein, Labaton is highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted this Motion to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). Accordingly, the Pension Funds satisfy the adequacy requirement.

**5.        The Pension Funds Are Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA**

In addition to satisfying the requirements of Rule 23, the Pension Funds—sophisticated institutional investors with PSLRA lead plaintiff experience—are precisely the type of investors Congress intended, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *see also In re Versata, Inc., Sec. Litig.*, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (finding that a movant's "institutional status is given great weight in assessing its adequacy as a plaintiff" because "Congress intended that the lead plaintiff procedures under the PSLRA would 'encourage institutional investors to take a more active role in securities class action lawsuits'") (citation omitted). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

It is no surprise, therefore, that courts within the Ninth Circuit have repeatedly recognized the propriety of appointing cohesive groups of institutional investors that demonstrate an ability to represent the Class' interests. *See In re Versata*, 2001 WL 34012374, at *6-7 (appointing a group composed of sophisticated investors as lead plaintiff because they "possess[ed] both sophistication and business knowledge, as well as substantial individual losses which adds meaningful incentive for a vigorous prosecution of the action"); *Das v. Unity Software Inc.*, 2023 WL 1927739, at *1 (N.D. Cal. Feb. 10, 2023) (appointing as lead plaintiff a group of institutional investors); *see also In re Mersho*, 6 F.4th 891, 903 n.4 (9th Cir. 2021) ("[It] is clear from the statutory language" that "group[s] can serve as a lead plaintiff[.]"); *Cavanaugh*, 306 F.3d at 731 n.8 ("[A] 'group of persons' can collectively serve as a lead plaintiff[.]").

The Pension Funds understand the duties and responsibilities with which a Lead Plaintiff is charged under the PSLRA, including to oversee and supervise the litigation separate and apart from counsel. The Pension Funds have submitted sworn Certifications and a Joint Declaration attesting to their willingness and ability to fulfill those duties and responsibilities in this case. *See* Gilmore Decl., Exs. A & C; *see also Bruce v. Suntech Power Holdings Co.*, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing group that "submitted a joint declaration attesting that each [group member] is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"). The Pension Funds comprise a small, cohesive partnership of sophisticated institutional investors that each determined that their joint appointment as Lead Plaintiff would advance the Class' best interest. *See* Gilmore Decl., Ex. C ¶¶ 2-12.

As set forth in their Joint Declaration, the Pension Funds are sophisticated institutional investors that have billions in combined assets under management and have significant experience acting as fiduciaries and in selecting, hiring, and overseeing the activities of outside counsel in complex litigation. *See* Gilmore Decl., Ex. C ¶¶ 2-7. Moreover, the Pension Funds each have dedicated staffs of professionals, including legal professionals, who will ensure the effective oversight of counsel and this litigation. *Id.* ¶¶ 2-7, & 12-15. The Pension Funds have already taken measures to ensure the claims are vigorously and effectively prosecuted in the best interests of the Class. For example, part of their effort to formalize their oversight of this Action and before seeking appointment as Lead Plaintiff, representatives of the Pension Funds held a conference call on October 9, 2024 in which they discussed the strength of the claims against Defendants, their strategy for prosecuting the action, the benefits the Class will receive from the leadership of experienced institutional investors, and the measures the funds have implemented to ensure that the Class' claims will be zealously and efficiently litigated. *See id.* ¶ 10. Further, while the Pension Funds understand that any attorneys' fees awarded in this Action will be set by the Court, the Pension Funds take very seriously their obligation as Lead Plaintiff to ensure that any request for attorneys' fees sought by counsel is appropriate. *Id.* ¶ 15. Through these and other measures, the Pension Funds have sought to ensure that the Class will receive the best possible representation.

In sum, the Pension Funds have demonstrated their willingness, resources, experience, and commitment to working closely with one another to supervise their proposed Lead Counsel and obtain the best possible recovery for the Class. The Pension Funds are precisely the type of institutional investors that Congress sought to empower as Lead Plaintiff when enacting the PSLRA. *See, e.g., Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at *11-12 (N.D. Cal. Nov. 8, 2019) (appointing group of institutional investors as lead plaintiff); *In re Aqua Metals Sec. Litig.*, 2018 WL 4860188, at *4 (N.D. Cal. May 23, 2018) (appointing a group of investors that demonstrated they are "fully capable of representing the class's interests effectively").

## B.    The Court Should Approve the Pension Funds' Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U.S. Dist. Ct. for N.D. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, the Pension Funds have selected Labaton, highly-qualified counsel, to serve as Lead Counsel for the proposed Class. Labaton has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in

*In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.).  In addition, Labaton was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.).  Labaton presently serves as lead and co-lead counsel in several significant investor class actions.  *See* Labaton Firm Resume, Gilmore Decl., Ex. E.

Likewise, Hagens Berman is well qualified to represent the Class as Liaison Counsel. Hagens Berman maintains an office in Berkeley, California, and is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases.  *See* Gilmore Decl., Ex. F. Thus, the firm is well qualified to represent the Class as Liaison Counsel.  *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court").

Thus, the Court may be assured that by granting this motion and approving the Pension Funds' selection of counsel, the Class will receive the highest caliber of legal representation.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Pension Funds respectfully request that the Court: (i) appoint the Pension Funds as Lead Plaintiff; (ii) approve the selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class; and (iii) grant such other and further relief as the Court may deem just and proper.

DATED: October 15, 2024                     Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Lucas E. Gilmore*
Lucas E. Gilmore (Bar No. 250893)
Reed R. Kathrein (Bar. No. 139304)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
Guillaume Buell (*pro hac vice* forthcoming)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com
gbuell@labaton.com

*Counsel for Proposed Lead Plaintiff*
*and Proposed Lead Counsel for the Class*

**VANOVERBEKE MICHAUD & TIMMONY P.C.**
Aaron L. Castle (*pro hac vice* forthcoming*)*
79 Alfred Street
Detroit, MI 48201
Tel: (313) 578-1200
Fax: (313) 578-1201
acastle@vmtlaw.com

*Additional Counsel for Oakland County Voluntary Employees' Beneficiary and Oakland County Employees' Retirement System*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15, 2024 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Lucas E. Gilmore*
Lucas E. Gilmore