**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein (Bar. No. 139304)
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Eric J. Belfi (*pro hac vice*)
Francis P. McConville (*pro hac vice*)
Guillaume Buell (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com
gbuell@labaton.com

*Counsel for Proposed Lead Plaintiff
and Proposed Lead Counsel for the Class*

*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, and KEVIN RHODES,<br><br>Defendants. | Case No. 3:24-cv-05102-TLT<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF THE PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>**Date:** January 7, 2025<br>**Time:** 2:00 p.m.<br>**Courtroom:** 9 – 19th Floor<br>**Chief Judge:** Trina L. Thompson |

Presumptive Lead Plaintiff the Pension Funds[1] respectfully submit this memorandum of points and authorities in further support of their unopposed motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel (*see* ECF No. 23).

## I.        PRELIMINARY STATEMENT

On October 15, 2024, the Pension Funds moved this Court pursuant to the PSLRA for appointment as Lead Plaintiff and approval of selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class.  ECF. No. 23.  On the same day, one other movant filed a motion for Lead Plaintiff appointment.  ECF No. 18.  Since those filings, the only other movant withdrew its motion for appointment as Lead Plaintiff.  *See* ECF. No. 42.  Subsequently, the Court granted this withdrawal.  ECF No. 43.  The Pension Funds' motion for appointment as Lead Plaintiff and approval of selection of Lead Counsel is, therefore, unopposed.

The Pension Funds, as the movants claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, are the presumed "most adequate plaintiff" under the PSLRA.  15 U.S.C. § 78u–4(a)(3)(B)(iii).  The Pension Funds—sophisticated, multi-billion-dollar institutions—sustained substantial losses of approximately *$1,044,237* on a LIFO basis on their Class Period transactions in Extreme common stock.  Because this amount is approximately *$1 million* larger than the losses of the other movant, the Pension Funds have easily satisfied the largest financial interest requirement:

| MOVANT | LOSS[2] |
|---|---|
| Oklahoma Firefighters | ($507,426) |
| Oklahoma Police | ($267,238) |
| Oakland County VEBA | ($178,983) |
| Oakland County ERS | ($90,590) |
| | |
| Combined Pension Funds | ($1,044,237) |
| ~~Steamfitters Local 449~~ | ~~($53,065)~~ |

---

[1] Unless otherwise noted, all defined terms and abbreviations remain unchanged from the Pension Funds' initial motion and supporting papers.  *See* ECF No. 23.  In addition, all emphasis is added unless otherwise noted.

[2] Approximate loss figures taken from each respective movant's initial motion.  ECF Nos. 23-3 and 18-3.  Steamfitters Local 449 is shown in struck-through text because it has withdrawn its motion.  *See* ECF Nos. 42-43.

Indeed, the loss of each individual movant alone is significantly larger than the loss of the other movant. *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, at *4 (N.D. Cal. July 26, 2022) (appointing a group of institutional investors lead plaintiff where one group member "has the largest financial interest standing alone, and it would have achieved lead plaintiff status alone had it sought such appointment").

The Pension Funds also satisfy the typicality and adequacy requirements of Rule 23 and are perfectly situated to represent all Class members. As established by their Joint Declaration, the Pension Funds are a small, cohesive, and like-minded collaboration of sophisticated institutional investors with significant experience overseeing counsel and acting as fiduciaries, that are willing and able to supervise this litigation. *See* ECF No. 23-4 ¶¶ 2-7. Prior to filing their motion in this case, representatives of the Pension Funds held a conference call to discuss their leadership of this action to ensure that it will be litigated in the best interest of all Class members, their shared interests in prosecuting the case in a collaborative manner, and the procedures and protocols to be followed in jointly prosecuting the case. *See id.* ¶ 10; *see also Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing lead plaintiff group); *Borteanu v. Nikola Corp.*, 562 F. Supp. 3d 174, 185-87 (D. Ariz. 2021) (on remand from the Ninth Circuit, the district court appointed as lead plaintiff a group of three investors that "adequately set out its prosecution procedures and communication mechanisms in its Joint Declaration").

As the presumed "most adequate plaintiff," the PSLRA and Ninth Circuit authority requires that the Pension Funds be appointed as Lead Plaintiff absent "***proof***" that they are atypical, inadequate, or subject to unique defenses. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As there is no "***proof***" to rebut the statutory presumption in favor of the Pension Funds, they are entitled to appointment as Lead Plaintiff. Accordingly, the Pension Funds, as the presumed "most adequate plaintiff," respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class.

**II.    ARGUMENT**

**A.    The Pension Funds Are the "Most Adequate Plaintiff"**

As set forth by the Ninth Circuit, "[t]he 'most capable' plaintiff-and hence the lead plaintiff-is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729.

> [T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy.

*Id.* at 730 (emphasis in original). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018). Once this presumption attaches, it can only be rebutted "upon proof" that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("The statute requires proof that the presumptive lead plaintiff is not adequate.") (citation omitted); *see also Cavanaugh*, 306 F.3d at 732 (explaining that the PSLRA's presumption is triggered even if the district court believes another movant may be "more typical [] more adequate . . . [or] would do a better job").

As applied, the Pension Funds respectfully submit that because they hold the largest financial interest of any movant and otherwise satisfy Rule 23's typicality and adequacy requirements, they have satisfied the PSLRA's sequential review process, and are therefore entitled to appointment as Lead Plaintiff.

**1.    The Pension Funds Have the Largest Financial Interest in the Outcome of the Action**

The Pension Funds, having suffered approximately ***$1,044,237*** in losses on a LIFO basis as a result of their Class Period purchases of Extreme common stock, undisputedly possess the largest financial interest of any movant. In assessing financial interest, Courts in this District and this Circuit generally look to four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds

expended during the class period; and (4) the approximate losses suffered during the class period." *Malriat v. QuantumScape Corp.*, 2021 WL 1550454, at *3 (N.D. Cal. Apr. 20, 2021) (quoting *In re Nutanix, Inc. Sec. Litig.*, 2021 WL 783579, at *2 (N.D. Cal. Mar. 1, 2021)); *see also In re Orange 21 Inc. Sec. Litig.*, 2005 WL 8173281, at *2 (S.D. Cal. July 6, 2005). "In practice, district courts 'equate financial interest with actual economic losses suffered.'" *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *3 (S.D. Cal. Sept. 6, 2018) (citation omitted); *Super Micro Comput.*, 317 F. Supp. 3d at 1059 ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.") (internal quotations omitted) (citation omitted).

Here, the Pension Funds triumph on the fourth and most important factor of approximate losses suffered with a LIFO loss significantly larger than any other movant. Moreover, during the Class Period, the Pension Funds purchased 126,288 total shares, 50,056 net shares, and made $1,658,316 in net expenditures—each figure larger than those claimed by any other movant. *See* ECF Nos. 23-3 & 18-3.

As such, there can be no credible dispute that the Pension Funds have the "largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.    The Pension Funds Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the Pension Funds easily satisfy the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To overcome the strong presumption entitling the Pension Funds to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is atypical or inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in their opening brief, the Pension Funds are typical Class members. *See* ECF No. 23 at 7-8. Like all other Class members, the Pension Funds (1) purchased Extreme common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were harmed when the truth

was revealed. *See MabVax Therapeutics Holdings*, 2018 WL 4252345, at *6. As such, the Pension Funds are typical Class representatives.

The Pension Funds also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). The Pension Funds have submitted evidence of their ability to direct this litigation jointly and in the best interests of the Class. *See* ECF No. 23-4; *see also Bruce v. Suntech Power Holdings Co. Ltd.*, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of investors that "submitted a joint declaration attesting that each [group member] is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"). As set forth in their Joint Declaration, the Pension Funds are sophisticated institutional investors collectively responsible for managing billions in assets and have significant experience acting as fiduciaries and overseeing outside counsel in complex litigation, including serving as PSLRA-appointed lead plaintiff. *See* ECF No. 23-4 ¶¶ 2-4, 7.

Indeed, the Pension Funds are precisely the type of sophisticated institutional investors that Congress intended to lead securities class actions. Each institution fully understands its obligations to the Class under the PSLRA and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. Courts in the Ninth Circuit routinely appoint cohesive groups of institutional investors like the Pension Funds that have "demonstrated they will vigorously prosecute the action on behalf of the class." *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 2012 WL 78780, at *5 (N.D. Cal. Jan. 9, 2012); *see also Mersho*, 6 F.4th at 903 n.4 ("[It] is clear from the statutory language" that "group[s] can serve as lead plaintiff.").

Further, there is no conflict of interest between the Pension Funds' interests and those of the other Class members. To the contrary, the interests of the Pension Funds and other Class members are directly aligned because all suffered damages from their purchases of Extreme common stock that was artificially inflated by Defendants' misconduct. As discussed above, the Pension Funds clearly have a sufficient interest to ensure the vigorous prosecution of this litigation and have the experience and resources to prosecute this action efficiently and in the

best interests of the Class.   Thus, the Pension Funds have both the incentive and ability to supervise and monitor counsel.

The Pension Funds have also demonstrated their adequacy through their selection and retention of Labaton as proposed Lead Counsel on behalf of the Class.  Labaton is a nationally recognized securities class action law firm with an established track record of achieving substantial recoveries for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

In sum, having claimed a financial interest significantly larger than any other movant while also satisfying the typicality and adequacy requirements of Rule 23, the Pension Funds are undisputedly the "most adequate plaintiff" under the PSLRA.  As no movant has, or will be able to, rebut this presumption, the Pension Funds are entitled to appointment as Lead Plaintiff.

**B.    The Pension Funds' Choice of Counsel Should be Approved**

The Pension Funds have selected the law firms of Labaton as the proposed Lead Counsel for the Class and Hagens Berman as proposed Liaison Counsel for the Class.  "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734.  "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).  As discussed in the Pension Funds' opening memorandum, Labaton is a nationally recognized securities class action firm and thus highly qualified to litigate this case under their direct oversight and direction. *See* ECF No. 23 at 11-12.

**CONCLUSION**

The Pension Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class.

DATED: October 29, 2024                        Respectfully submitted,

                                               **HAGENS BERMAN SOBOL**
                                               **SHAPIRO LLP**

                                               */s/ Lucas E. Gilmore*

Reed R. Kathrein (Bar. No. 139304)
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Eric J. Belfi (*pro hac vice*)
Francis P. McConville (*pro hac vice*)
Guillaume Buell (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com
gbuell@labaton.com

*Counsel for Proposed Lead Plaintiff
and Proposed Lead Counsel for the Class*

**VANOVERBEKE MICHAUD & TIMMONY P.C.**
Aaron L. Castle (*pro hac vice)*
79 Alfred Street
Detroit, MI 48201
Tel: (313) 578-1200
Fax: (313) 578-1201
acastle@vmtlaw.com

*Additional Counsel for Oakland County Voluntary Employees' Beneficiary and Oakland County Employees' Retirement System*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 29, 2024 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Lucas E. Gilmore*
Lucas E. Gilmore