**LATHAM & WATKINS LLP**
Melanie M. Blunschi (Bar No. 234264)
  melanie.blunschi@lw.com
Morgan E. Whitworth (Bar No. 304907)
  morgan.whitworth@lw.com
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
  daniel.gherardi@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600

*Attorneys for Defendants Extreme Networks, Inc., Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, KEVIN RHODES, NORMAN RICE, JONAS BROWN<br><br>Defendants. | Case No. 3:24-cv-05102-TLT<br><br>**DEFENDANTS REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT**<br><br>Hearing: August 12, 2025<br>Time:        2:00 p.m.<br>Location: Courtroom 9—19th Floor<br>Judge: Hon.  Trina L. Thompson |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 12, 2025 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom 9, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Extreme Networks, Inc., ("Extreme"), Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown (together with Extreme and collectively, "Defendants"), through their undersigned counsel, will, and hereby do, respectfully request that in connection with their Motion to Dismiss the Amended Consolidated Complaint, the Court consider the documents attached as Exhibits 1-28 to the accompanying Declaration of Morgan E. Whitworth in Support of Defendants' Motion to Dismiss the Amended Consolidated Complaint ("Motion"), filed concurrently herewith.  The documents are properly considered by the Court on Defendants' Motion because they are subject to judicial notice under Federal Rule of Evidence 201 and/or incorporated by reference into the Amended Consolidated Complaint.

Dated: April 15, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By  */s/ Melanie M. Blunschi*
   Melanie M. Blunschi (Bar No. 234264)
    melanie.blunschi@lw.com
   Morgan E. Whitworth (Bar No. 304907)
    morgan.whitworth@lw.com
   505 Montgomery St., Suite 2000
   San Francisco, CA 94111
   Telephone: +1.415.391.0600

   Daniel R. Gherardi (Bar No. 317771)
    daniel.gherardi@lw.com
   140 Scott Drive
   Menlo Park, CA 94025
   Telephone: +1.650.328.4600

*Attorneys for Defendants Extreme Networks, Inc., Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown*

1

## <u>MEMORANDUM OF POINTS & AUTHORITIES</u>

Defendants Extreme Networks, Inc. ("Extreme"), Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown (together with Extreme and collectively, "Defendants") respectfully request that the Court take judicial notice of, and/or consider as incorporated by reference, the following documents in support of Defendants' Motion to Dismiss the Amended Consolidated Complaint ("Motion"), as described below and attached to the concurrently filed Declaration of Morgan E. Whitworth ("Whitworth Declaration"):[1]

- **Exhibit 1:** An article by S. Das, et al. entitled "Detection of Channel Stuffing," dated May 2011, which is publicly available at https://care-mendoza.nd.edu/assets/151939/helenzhang.pdf.

- **Exhibit 2:** Extreme's Q3 2021 Earnings Call Transcript, dated April 28, 2021 and which is available from S&P Global Market Intelligence.

- **Exhibit 3:** Extreme's Q2 2024 Earnings Call Transcript, dated January 31, 2024 and which is available from S&P Global Market Intelligence.

- **Exhibit 4**: Extreme's Annual Report on Form 10-K for the period ended June 30, 2021 ("FY 2021"), which was filed with the SEC on August 27, 2021.

- **Exhibit 5**: Extreme's 2021 Proxy Statement on Schedule 14A, which was filed with the SEC on September 22, 2021.

- **Exhibit 6**: A press release entitled, "Extreme Networks Reports Third Quarter Fiscal Year 2022 Financial Results," which was filed on Form 8-K with the SEC on April 27, 2022.

- **Exhibit 7**: Extreme's Q4 2022 Earnings Call Transcript, dated July 27, 2022 and which is available from S&P Global Market Intelligence.

- **Exhibit 8**: A press release entitled, "Extreme Networks Reports Fiscal Year and Fourth Quarter 2022 Financial Results," which was filed on Form 8-K with the SEC on July 27, 2022.

- **Exhibit 9**: Extreme's Annual Report on Form 10-K for the period ended June 30,

---

[1] All Exhibit ("Ex.") references herein are to the exhibits attached to the Whitworth Declaration.

2022 ("FY 2022"), which was filed with the SEC on August 29, 2022.

- **Exhibit 10**: A press release entitled, "Extreme Networks Reports First Quarter Fiscal Year 2023 Financial Results," which was filed on Form 8-K with the SEC on October 27, 2022.

- **Exhibit 11:** The transcript from the Needham Technology & Media Conference, dated May 17, 2023, which is available from Factset: CallStreet.

- **Exhibit 12**: Extreme's Q2 2023 Earnings Call Transcript, dated January 25, 2023 and which is available from S&P Global Market Intelligence.

- **Exhibit 13**: A press release entitled, "Extreme Networks Reports Second Quarter Fiscal Year 2023 Financial Results," which was filed on Form 8-K with the SEC on January 25, 2023.

- **Exhibit 14**: Extreme's Q3 2023 Earnings Call Transcript, dated April 26, 2023 and which is available from S&P Global Market Intelligence.

- **Exhibit 15**: A press release entitled, "Extreme Networks Reports Third Quarter Fiscal Year 2023 Financial Results," which was filed on Form 8-K with the SEC on April 26, 2023.

- **Exhibit 16**: A press release entitled, "Extreme Networks Reports Fourth Quarter and Fiscal Year 2023 Financial Results," which was filed on Form 8-K with the SEC on August 2, 2023.

- **Exhibit 17**: Extreme's Annual Report on Form 10-K for the period ended June 30, 2023 ("FY 2023"), which was filed with the SEC on August 24, 2023.

- **Exhibit 18**: Extreme's Q1 2024 Earnings Call Transcript, dated November 1, 2023 and which is available from S&P Global Market Intelligence.

- **Exhibit 19**: A press release entitled, "Extreme Networks Reports First Quarter Fiscal Year 2024 Financial Results," which was filed on Form 8-K with the SEC on November 1, 2023.

- **Exhibit 20**: A CRN article entitled, "Extreme Networks CEO: 'These Are Boon Times for our Channel Partners,'" dated November 22, 2023.

- **Exhibit 21**: A press release entitled, "Extreme Networks Provides Update to Q2 Outlook Announces Earnings Reporting Date," which was filed on Form 8-K with the SEC on January 8, 2024.

- **Exhibit 22**: A press release entitled, "Extreme Networks Reports Second Quarter Fiscal Year 2024 Financial Results," which was filed on Form 8-K with the SEC on January 31, 2024.

- **Exhibit 23**: Oppenheimer analyst report issued on January 31, 2024.

- **Exhibit 24**: UBS Global Research and Evidence Lab analyst report issued on January 31, 2024.

- **Exhibit 25**: Extreme's Annual Report on Form 10-K for the period ended June 30, 2024 ("FY 2024"), which was filed with the SEC on August 16, 2024.

- **Exhibit 26:** Extreme's 2024 Proxy Statement on Schedule 14A, which was filed with the SEC on September 27, 2024.

- **Exhibit 27**: TD Synnex Corporation's Annual Report on Form 10-K for the period ended November 30, 2024, which was filed with the SEC on January 24, 2025.

- **Exhibit 28**: Extreme's Fourth Quarter Fiscal Year 2022 Financial Results Presentation, dated July 27, 2022, which is publicly available at https://s205.q4cdn.com/756692490/files/doc_presentation/ 2022/07/FQ4-22-Quarterly-Earnings.pdf.

These documents are properly considered in connection with Defendants' Motion because (1) Exhibits 1-4, 6-25, and 28 are incorporated by reference into the Amended Consolidated Class Action Complaint ("ACC") and (2) Exhibits 1-28 are subject to judicial notice under Federal Rule of Evidence 201.

## I.    LEGAL STANDARD

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint and consider documents incorporated into the ACC by reference as well as matters properly subject to judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Incorporation by Reference: The incorporation-by-reference doctrine "permits courts to treat a document as if it were 'part of the complaint itself.'" *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *9 (N.D. Cal. 2023) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). A document is incorporated by reference in a complaint if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claims." *Id.* The doctrine "applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Judicial Notice: The Court may take judicial notice of, and properly consider for purposes of a motion to dismiss, information "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## II.     EXHIBITS 1-4, 6-25, AND 28 ARE INCORPORATED BY REFERENCE

Plaintiff refers to, quotes, and relies on Exhibits 1-4, 6-25, and 28 in the ACC, which means these documents are incorporated by reference and properly considered in their entirety. These exhibits are quoted from and relied upon in support of Plaintiffs' claims in this case, including their assertions that Defendants violated Section 10(b) of the Securities Exchange Act of 1934. *See, e.g.*, *In re Intel Corp.*, 2023 WL 2767779, at *9 (finding incorporated by reference documents that formed the basis of plaintiff's claims); *see also Alamilla v. Hain Celestial Grp., Inc.*, 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014) (agreement that "plaintiffs have incorporated by reference the entire text of the articles they quote in their complaint").

| Exhibit No. | Referenced in ACC, *e.g.*, ¶¶ |
|---|---|
| 1 | 233 n.37 |
| 2 | 5 |
| 3 | 245, 321 n.54 |
| 4 | 76 n.12, 250 |
| 6 | 81, 236 |
| 7 | 86, 248, 312, 360, 364, 458 |
| 8 | 85, 356 |

| 9 | 71 n.8, 72 n.9, 250, 311 n.44, 313 n.47, 371 |
|---|---|
| 10 | 375 |
| 11 | 92, 248, 311 n.46, 313, 413, 416, 418, 462 |
| 12 | 397, 400 |
| 13 | 327, 392, 540 |
| 14 | 312, 404, 405, 407, 409 |
| 15 | 81, 236 |
| 16 | 420 |
| 17 | 28, 73 n.10, 179, 310 n.43, 332, 433 |
| 18 | 435, 437, 439 |
| 19 | 81, 236 |
| 20 | 369, 443 |
| 21 | 30, 48, 49 n.2, 340 |
| 22 | 31, 343-44 |
| 23 | 351 |
| 24 | 33, 324, 350 |
| 25 | 66 n.7, 81, 236, |
| 28 | 74 n.11, 358 |

**First,** **Exhibits 3, 7-14, 16-18, 20-22, and 28** are incorporated by reference because Plaintiffs quote these documents as sources of the challenged statements and corrective disclosures, and all are publicly available SEC filings, press releases, or earnings call transcripts. *E.g.*, ¶¶ 245, 328, 332, 340, 343, 356, 358, 360, 371, 375, 397, 404, 413, 420, 435, 443; *see Petersen v. TriplePoint Venture Growth BDC Corp.*, 2024 WL 5384678, at *2 (N.D. Cal. Aug. 7, 2024) (incorporating by reference SEC filings and other financial documents because Plaintiff "relies upon the exhibits, quotes them, or refers to them in the Amended Complaint"); *Park v. GoPro, Inc.*, 2019 WL 1231175, *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference

documents relied on "to show the truth being revealed" to the market).

*Second*, **Exhibits 1-2, 4, 6, 15, 19, and 23-25** are incorporated by reference because the materials necessarily "form the basis of" Plaintiffs' claims. *See In re Intel Corp.*, 2023 WL 2767779, at *9; *Knievel*, 393 F.3d at 1076 ("[W]e have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document."). Plaintiffs explicitly rely upon and cite these exhibits for allegations underlying their claims. *E.g.*, ¶¶ 5, 81, 233 n.37, 236, 250, 350-51. In addition, Exhibits 4, 6, 15, 19, and 25 contain Extreme's public financial results during the relevant period and may be incorporated because Plaintiffs' fraud theory "depends on" Extreme's financial results, and the ACC contains myriad references to them. *E.g.*, ¶¶ 81, 236; *see Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020).

This Court should therefore consider these exhibits in their entirety in deciding the Motion.

## III.    EXHIBITS 1-28 ARE SUBJECT TO JUDICIAL NOTICE

In addition, **Exhibits 1-28** are judicially noticeable because they are publicly available documents that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

All of the exhibits attached to the Whitworth Declaration are properly subject to judicial notice because they are available on "publicly accessible websites whose accuracy and authenticity are not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008-10 (N.D. Cal. 2020), *rev'd on other grounds*, 87 F.4th 934 (9th Cir. 2023); *see also Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (taking judicial notice "because the existence of the publicly-available articles and tweets cannot reasonably be questioned"). Courts regularly take judicial notice of the types of documents attached here, including SEC filings, earnings call transcripts, and analyst reports (*Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc.*, 2023 WL 4418886, at *2 (N.D. Cal. May 24, 2023) (Thompson, J.)); presentations for investors and investor conference calls (*City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018)); and publicly available articles (*In re Intel Corp.*, 2023 WL 2767779, at *9).

Exhibits 5, 26, and 27 are the only documents that are not incorporated by reference in the ACC. Each of these is a publicly available SEC filing, of which courts take judicial notice as a matter of course. *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (the Court "may consider . . . any matter subject to judicial notice, such as SEC filings."); *Russian Hill Cap., LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (taking judicial notice of SEC filings); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019)(taking judicial notice of SEC filing not otherwise incorporated by reference in complaint).

The Court may therefore consider the documents attached to the Whitworth Declaration as proper subjects of judicial notice.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1 through 28 attached to the Whitworth Declaration submitted in connection with Defendants' Motion.

Dated: April 15, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By  */s/ Melanie M. Blunschi*
    Melanie M. Blunschi (Bar No. 234264)
     melanie.blunschi@lw.com
    Morgan E. Whitworth (Bar No. 304907)
     morgan.whitworth@lw.com
    505 Montgomery St., Suite 2000
    San Francisco, CA 94111
    Telephone: +1.415.391.0600

    Daniel R. Gherardi (Bar No. 317771)
     daniel.gherardi@lw.com
    140 Scott Drive
    Menlo Park, CA 94025
    Telephone: +1.650.328.4600

    *Attorneys for Defendants Extreme Networks, Inc., Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown*