**LABATON KELLER SUCHAROW LLP**
Lauren A. Ormsbee (*pro hac vice*)
David Saldamando (*pro hac vice*)
Alexandra E. Forgione (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
lormsbee@labaton.com
dsaldamando@labaton.com
aforgione@labaton.com

*Counsel for Lead Plaintiffs and
Lead Counsel for the Class*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Lucas E. Gilmore (Bar No. 250893)
Reed R. Kathrein (Bar. No. 139304)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com
reed@hbsslaw.com

*Liaison Counsel for the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, KEVIN RHODES, NORMAN RICE, JONAS BROWN,<br><br>Defendants. | Case No.: 3:24-cv-5102-TLT<br><br>**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**<br><br>CLASS ACTION<br><br>Date: August 12, 2025<br>Time: 2:00 PM<br>Judge: Honorable Trina L. Thompson<br>Location: Courtroom 9, 19th Floor |

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND
INCORPORATION BY REFERENCE
CASE NO.: 3:24-CV-05102-TLT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ii

I.      PRELIMINARY STATEMENT ........................................................................................1

II.     APPLICABLE LEGAL STANDARDS ............................................................................2

        A.      The Narrow Doctrine Of Incorporation By Reference ................................................3

        B.      The Limited Doctrine Of Judicial Notice ..................................................................3

        C.      Courts In The Ninth Circuit Caution Against Abuse Of The Doctrines Of
                Incorporation By Reference And Judicial Notice .......................................................4

III.    ARGUMENT ......................................................................................................................6

        A.      Exhibits 5-6, 15, And 26-27 Are Not Cited In The Complaint And Should
                Not Be Considered .......................................................................................................6

        B.      The Complaint Does Not "Necessarily Rely" On Exhibits 1-3 and 23-25, And
                They Cannot Be Incorporated By Reference Or Judicially Noticed ...........................9

        C.      To The Extent That Exhibits 4, 7-14, 16-18, 20-22, And 28 Are Incorporated
                By Reference Or Judicially Noticeable, The Court Cannot Assume The Truth
                Of The Exhibits' Contents And Disputed Facts.........................................................12

IV.     CONCLUSION .................................................................................................................13

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND
INCORPORATION BY REFERENCE
CASE NO.: 3:24-CV-05102-TLT

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.*,
  2019 WL 6716292 (N.D. Cal. Dec. 10, 2019) ................................................................ 12

*Andersen v. Stability AI Ltd.*,
  744 F. Supp. 3d 956 (N.D. Cal. 2024) ......................................................................... 10

*Bargetto v. Walgreen Co.*,
  2022 WL 18539360 (N.D. Cal. Dec. 19, 2022) ............................................................ 13

*Corsini v. Canyon Equity, LLC*,
  2011 WL 13247445 (N.D. Cal. Feb. 14, 2011) ............................................................... 4

*Coto Settlement v. Eisenberg*,
  593 F.3d 1031 (9th Cir. 2010) ....................................................................................... 10

*DiGiacinto v. RB Health (US) LLC*,
  2023 WL 7141263 (N.D. Cal. Oct. 30, 2023) ................................................................. 4

*Drazich v. Mabus*,
  2014 WL 2069474 (N.D. Cal. May 16, 2014) ................................................................. 6

*Freudenberg v. E\*Trade Fin. Corp.*,
  712 F. Supp. 2d 171 (S.D.N.Y. 2010) ............................................................................. 8

*G.N. v. Life Ins. Co. of N. Am.*,
  2021 WL 2633404 (N.D. Cal. June 25, 2021) ................................................................. 3

*Hsu v. Puma Biotechnology, Inc.*,
  213 F. Supp. 3d 1275 (C.D. Cal. 2016) ...................................................................... 3, 5

*Immanuel Lake v. Zogenix, Inc.*,
  2020 WL 3820424 (N.D. Cal. Jan. 27, 2020) ............................................................... 10

*In re Intel Corp. Sec. Litig.*,
  2019 WL 1427660 (N.D. Cal. Mar. 29, 2019) .............................................................. 13

*Jedrzejczyk v. Skillz Inc.*,
  2022 WL 2441563 (N.D. Cal. July 5, 2022) .............................................................. 8, 10

*Jones v. Micron Tech. Inc.*,
  400 F. Supp. 3d 897 (N.D. Cal. 2019) ............................................................................ 9

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ................................................................................. *passim*

*Lamartina v. VMware, Inc.*,
  2023 WL 2763541 (N.D. Cal. Mar. 31, 2023) ................................................................ 8

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND
INCORPORATION BY REFERENCE
CASE NO.: 3:24-CV-05102-TLT

ii

*Lee v. City of L.A.*,
   250 F.3d 668 (9th Cir. 2001)................................................................................................2

*LifeVoxel Virginia SPV, LLC v. Lifevoxel.AI, Inc.*,
   2024 WL 5264872 (S.D. Cal. Dec. 30, 2024)......................................................................11

*In re Lucid Grp., Inc. Sec. Litig.*,
   2024 WL 3745605 (N.D. Cal. Aug. 8, 2024)........................................................................13

*M.O.R.E., LLC v. United States*,
   2015 WL 5093621 (N.D. Cal. Aug. 28, 2015)........................................................................3

*Maiman v. Talbott*,
   2010 WL 11421950 (C.D. Cal. Aug. 9, 2010)........................................................................8

*Mills v. Molina Healthcare, Inc.*,
   2022 WL 17825534 (C.D. Cal. Dec. 8, 2022) ........................................................................4

*In re Ocera Therapeutics, Inc. Sec. Litig.*,
   2018 WL 7019481 (N.D. Cal. Oct. 16, 2018)........................................................................5

*Park v. GoPro, Inc.*,
   2019 WL 1231175 (N.D. Cal. Mar. 15, 2019)........................................................................8

*In re Pivotal Sec. Litig.*,
   2020 WL 4193384 (N.D. Cal. July 21, 2020) ......................................................................10

*Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*,
   2025 WL 556283 (N.D. Cal. Feb. 18, 2025)....................................................................3, 5

*Riley v. Chopra*,
   2020 WL 5217154 (C.D. Cal. June 19, 2020) ......................................................................11

*Rodrigues v. Alliant Credit Union*,
   2022 WL 2390999 (N.D. Cal. July 1, 2022)........................................................................10

*Rollins v. Dignity Health*,
   338 F. Supp. 3d 1025 (N.D. Cal. 2018) ................................................................................12

*Russian Hill Cap., LP v. Energy Corp. of Am.*,
   2016 WL 1029541 (N.D. Cal. Mar. 15, 2016)......................................................................13

*Shenwick v. Twitter, Inc.*,
   282 F. Supp. 3d 1115 (N.D. Cal. 2017) ..................................................................................7

*Traylor v. Wyndham Resort Dev. Corp.*,
   2017 WL 5172240 (C.D. Cal. May 2, 2017) ..........................................................................6

*Troy Grp., Inc. v. Tilson*,
   364 F. Supp. 2d 1149 (C.D. Cal. 2005)................................................................................13

*United States v. Bychak*,
   2021 WL 734371 (S.D. Cal. Feb. 25, 2021) ..........................................................................4

*United States v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011)................................................................................................3, 7, 9

*Unsworth v. Musk*,
    2019 WL 5550060 (N.D. Cal. Oct. 28, 2019)............................................................................ 13

*Vesta Corp. v. Amdocs Mgmt. Ltd.*,
    129 F. Supp. 3d 1012 (D. Or. 2015) ...................................................................................... 9

*Weston v. DocuSign, Inc.*,
    669 F. Supp. 3d 849 (N.D. Cal. 2023) ............................................................................... 3, 12

*Williams v. Facebook*,
    384 F. Supp. 3d 1043 (N.D. Cal. 2018) .................................................................................. 5

*Wochos v. Tesla, Inc.*,
    2019 WL 1332395 (N.D. Cal. Mar. 25, 2019)....................................................................... 13

**Other Authorities**

FED. R. CIV. P. 12(d) ............................................................................................................... 2

Court-appointed Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System ("Oklahoma Fire"), Oklahoma Police Pension and Retirement System ("Oklahoma Police"), Oakland County Voluntary Employees' Beneficiary Association ("Oakland County VEBA"), and Oakland County Employees' Retirement System ("Oakland County ERS") (collectively, "Plaintiffs") respectfully submit this memorandum in opposition to Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Their Motion to Dismiss the Amended Consolidated Complaint ("RJN," ECF No. 75).[1]

## I.    PRELIMINARY STATEMENT

It is well-established that, during the motion to dismiss phase, the court must "accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). However, in a transparent attempt to contradict Plaintiffs' well-pled factual allegations and create their own counter-narrative, Defendants attached ***twenty-eight (28)*** extrinsic exhibits, spanning approximately ***1,700 pages***, to their Motion to Dismiss the Amended Consolidated Complaint ("MTD," ECF No. 74). *See* Declaration of Morgan E. Whitworth, Exhibits 1-28 (ECF No. 74-2 through 74-30).

Through their RJN, Defendants have attempted to shoehorn these exhibits in under the "explicitly limited" and "narrow" doctrines of judicial notice and incorporation by reference. This conduct is exactly what the Ninth Circuit has characterized as "a concerning pattern in securities cases like this one: exploiting [judicial notice and incorporation-by-reference] improperly to defeat . . . adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 1003. Defendants ask this Court to (1) consider Exhibits 1-4, 6-25, and 28 as incorporated by reference and (2) take judicial notice of Exhibits 1-28. Plaintiffs have separated these Exhibits into three categories: (1) Exhibits that are not cited in the Complaint; (2) Exhibits that the Complaint cites but does not "necessarily rely" on; and

---

[1] Citations to "¶__" or "¶¶__" are to paragraphs in the Amended Consolidated Complaint filed on February 14, 2025 (the "Complaint," ECF No. 59). "Defendants" collectively refers to Extreme Networks, Inc. ("Extreme" or the "Company"), Edward B. Meyercord III ("Meyercord), Rémi Thomas ("Thomas"), Cristina Tate ("Tate"), Kevin Rhodes ("Rhodes"), Norman Rice ("Rice"), and Jonas Brown ("Brown"). Unless otherwise noted, emphasis has been added and internal citations and quotations are omitted.

(3) Exhibits that the Complaint relies on, but not for the purpose or information utilized by Defendants in the MTD.

*First*, Exhibits 5-6, 15, and 26-27 are not cited in the Complaint and thus cannot be considered incorporated by reference. Moreover, the Court should not take judicial notice of the contents of these documents for their truth. Plaintiffs respectfully request that the Court reject Defendants' request for incorporation by reference and judicial notice of these Exhibits.

*Second*, the Complaint does not "necessarily rely" on Exhibits 1-3 and 23-25. While the Complaint contains limited citations to these Exhibits, Plaintiffs do not rely on them to a degree that would justify incorporation by reference. Specifically, the Complaint only mentions these Exhibits in passing and they do not form the basis of Plaintiffs' claims. Defendants also improperly use each of these Exhibits to create a counter-narrative to Plaintiffs' well-pled allegations. Accordingly, the Court should also reject Defendants' request for incorporation by reference and judicial notice of these Exhibits.

*Third*, Plaintiffs acknowledge that the Complaint relies in some part on Exhibits 4, 7-14, 16-18, 20-22, and 28 because these documents contain certain of Defendants' false and misleading statements and corrective disclosures. However, to the extent that the Court is inclined to consider these Exhibits via the doctrines of either incorporation by reference or judicial notice, the Court should not do so to assume the truth of any disputed facts. Highly disputed facts cannot be decided at the motion to dismiss pleading stage, prior to any opportunity for discovery.

Accordingly, as discussed herein and in Plaintiffs' opposition to the MTD, Defendants' summary judgment-style evidentiary attacks on the well-pled allegations in the Complaint—which rely in part on documents not referenced in the Complaint and introduce contested "facts" offered for their truth—are improper and should be rejected.

## II.  APPLICABLE LEGAL STANDARDS

When assessing a Rule 12(b)(6) motion to dismiss, a district court may not consider material outside the complaint. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001), *abrogated on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). If a court were to consider exhibits outside the pleadings, the Defendants' motion to dismiss "is treated as one for

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO.: 3:24-CV-05102-TLT

2

summary judgment under Rule 56." *See* FED. R. CIV. P. 12(d); *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 870 (N.D. Cal. 2023). There are two exceptions to this rule: the "narrow" doctrine of incorporation by reference and the "explicitly limited doctrine" of judicial notice. *See G.N. v. Life Ins. Co. of N. Am.*, 2021 WL 2633404, at *2 (N.D. Cal. June 25, 2021) (incorporation by reference); *Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*, 2025 WL 556283, at *5 (N.D. Cal. Feb. 18, 2025) (Thompson, J.) (judicial notice).

### A.    The Narrow Doctrine Of Incorporation By Reference

The incorporation by reference doctrine allows a court to consider an external document to the complaint if the complaint "necessarily relies" on it, meaning: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document" attached to the 12(b)(6) motion. *See United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Specifically, a document is considered incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Notably, "[t]he incorporation by reference doctrine 'is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *M.O.R.E., LLC v. United States*, 2015 WL 5093621, at *3 (N.D. Cal. Aug. 28, 2015), *appeal dismissed*, No. 15-17138 (9th Cir, Apr. 5, 2016).

### B.    The Limited Doctrine Of Judicial Notice

The doctrine of judicial notice is an "explicitly limited doctrine" that allows "a court to consider a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1280 (C.D. Cal. 2016) (citing FED. R. EVID. 201); *see also CareDx*, 2025 WL 556283, at *5. While a court can take judicial notice of matters of public record, it may not take judicial notice of contested facts within those public records. *Khoja*, 899 F.3d at 999 (citing *Lee*, 250 F.3d at 689).

In considering a motion for judicial notice, a court must "consider – and identify – which ***fact or facts*** it is noticing." *Id.* at 999. As such, it is Defendants' burden to "identify what facts within the

document it seeks to have judicially noticed." *See United States v. Bychak*, 2021 WL 734371, at *4 (S.D. Cal. Feb. 25, 2021); *see also Corsini v. Canyon Equity, LLC*, 2011 WL 13247445, at *5 (N.D. Cal. Feb. 14, 2011) ("[A] party requesting judicial notice bears the burden of persuading the trial judge that the fact is proper for judicial notice."). Defendants here have not met their burden. Defendants put **28 exhibits**, that span approximately **1,700 pages**, before the Court. However, Defendants' RJN does not point the Court to a single sentence, or even a single word, that the Court can take judicial notice of. Instead, Defendants request the Court take judicial notice of these documents, wholesale. For this reason alone, the Court should deny Defendants' request for judicial notice.[2]

### C.    Courts In The Ninth Circuit Caution Against Abuse Of The Doctrines Of Incorporation By Reference And Judicial Notice

Recent decisions in the Ninth Circuit have strongly cautioned against the use of judicial notice and incorporation by reference as a way for Defendants to challenge the factual narrative set forth in a complaint. Notably, in *Khoja*, the Ninth Circuit explained how, while "Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss at an early stage," this "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998. Specifically, the Ninth Circuit identified this behavior as a "concerning pattern in securities cases," and further explained that the risk of using extrinsic exhibits to secure improper dismissals, "is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.* The Ninth Circuit further warned that submitting external documents:

---

[2] *See DiGiacinto v. RB Health (US) LLC*, 2023 WL 7141263, at *3 (N.D. Cal. Oct. 30, 2023) (a party's "failure to provide a clear explanation of which facts . . . it contends are judicially noticeable precludes the court's ability to . . . determine whether the unspecified facts are subject to judicial notice"); *Mills v. Molina Healthcare, Inc.*, 2022 WL 17825534, at *6 (C.D. Cal. Dec. 8, 2022) ("Defendants argue in their reply that even though their RJN does not identify specific facts for which they seek judicial notice, their motion to dismiss does. But the Court declines Defendants' invitation to sift through dozens of pages of briefing on their motion to dismiss to attempt to determine the scope of each of Defendants' requests for judicial notice.").

---

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO.: 3:24-CV-05102-TLT

4

to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims.

*Id.* at 1003.

Indeed, this Court and others have similarly noted the abuse of the doctrines of judicial notice and incorporation by reference during the motion to dismiss stage. *See e.g.*, *CareDx, Inc.*, 2025 WL 556283, at *5 (noting that the doctrine of judicial notice is "explicitly limited" and Defendants were "repeatedly test[ing] its limits."); *Williams v. Facebook*, 384 F. Supp. 3d 1043, 1051 (N.D. Cal. 2018) (The doctrines of "[i]ncorporation by reference and judicial notice are both grossly overused and regularly confused in motions to dismiss."); *In re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481, at *4 (N.D. Cal. Oct. 16, 2018), *aff'd*, 806 F. App'x 603 (9th Cir. 2020) ("[I]f defendants are permitted to present their own version of the facts at the pleading stage, and district courts accept such facts as true, it would be near impossible for even the most aggrieved plaintiff to demonstrate a plausible claim for relief.").

Moreover, in *Hsu v. Puma Biotechnology, Inc.*, the court commented in detail on the effects of defendants' "inappropriate efforts" to expand these two doctrines:

Nowadays, it seems more and more common to come across Rule 12(b)(6) motions to dismiss filed with hundreds of pages of attachments, authenticated through attorney declarations. These declarations will be coupled with a request for judicial notice. That judicial notice will often conflate judicial notice and incorporation by reference. Too often, these mountainous motions make arguments more appropriate for a motion for summary judgment or some other later stage of the case. Nonetheless, with little to lose, too many defense attorneys are tempted by the puncher's chance offered by such a motion. At worst, they lose a generally inexpensive motion. But at best, they can knock their opponent out cold, right at the beginning of round one. In this way, efforts to expand courts' consideration of extrinsic evidence at the motion to dismiss stage are consistent with other developments in the law that diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court. ***Such trends are particularly troubling in the common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing.***

*Hsu*, 213 F. Supp. 3d at 1281–82. Courts in the Ninth Circuit have demonstrated a strong aversion to the overuse of the doctrines of incorporation by reference and judicial notice. This widely-held

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO.: 3:24-CV-05102-TLT

5

aversion underscores the importance of exercising caution in accepting defendants' submission of extrinsic documents.

## III.    ARGUMENT

As noted above, Defendants' Exhibits fall into three categories: (1) Exhibits not cited in the Complaint; (2) Exhibits that the Complaint cites to but does not "necessarily rely" on; and (3) Exhibits that the Complaint relies on. For the following reasons, the Court should reject Defendants' request to incorporate by reference and judicially notice the Exhibits in categories one and two. Moreover, to the extent that the Court incorporates by reference or judicially notices the Exhibits in category three, it should not assume the truth of the contents of these documents to resolve disputed factual issues.

### A.    Exhibits 5-6, 15, And 26-27 Are Not Cited In The Complaint And Should Not Be Considered

Exhibits 5-6, 15, and 26-27 are not cited in the Complaint. As such, they cannot be considered incorporated by reference. Moreover, the Court cannot take judicial notice of these documents because Defendants improperly use them to advance their own version of the facts and construct a competing narrative.

As an initial matter, Defendants claim that Exhibits 6 and 15 are incorporated by reference. RJN at 4-6. Detrimental to their argument is the fact that Exhibits 6 and 15 are not explicitly referenced anywhere in the Complaint. Defendants assert that each of these Exhibits are referenced in paragraphs 81 and 236 of the Complaint. *Id*. at 4-5. This is untrue. Neither of these paragraphs reference either Exhibit 6 (a press release dated April 27, 2022) or Exhibit 15 (a press release dated April 26, 2023). Exhibits 6 and 15 are nowhere to be found in the Complaint, and therefore are not incorporated by reference. *See Drazich v. Mabus*, 2014 WL 2069474, at *6 (N.D. Cal. May 16, 2014) (refusing to consider a document incorporated by reference where it "is not referenced in the complaint"); *Traylor v. Wyndham Resort Dev. Corp.*, 2017 WL 5172240, at *3 (C.D. Cal. May 2, 2017) (considering documents incorporated by reference "would be inappropriate because the documents are not referenced in the Complaint and are not sufficiently central to Plaintiffs' claims."). This disingenuous attempt to introduce external documents under the incorporation by reference doctrine cannot be credited and the Court should deny Defendants' request.

Defendants' assertion that Exhibits 6 and 15 are subject to judicial notice also fails. Plaintiffs do not dispute that courts can take judicial notice of public documents such as SEC filings. However, while the Court may take judicial notice of the existence of such documents, this "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Based on their MTD, Defendants seem to suggest that the Court should judicially notice Exhibits 6 and 15 for the fact that "Extreme experienced strong demand throughout the Class Period" even during a "period marked by economic uncertainty and supply chain disruptions." *See e.g.*, MTD at 3, 5. This is improper given that the very core of Plaintiffs' allegations is that (1) Defendants fabricated organic demand through undisclosed channel stuffing practices and manipulative sales tactics; and (2) misrepresented that their orders on backlog were "firm" and poised to generate revenues. Indeed, the Ninth Circuit has repeatedly emphasized that a court "may not, on the basis of evidence outside of the [c]omplaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *Corinthian Colls.*, 655 F.3d at 999 (rejecting request for judicial notice). As such, the Court should deny Defendants' request for judicial notice of the Exhibits 6 and 15.

Similarly, Defendants ask the Court to take judicial notice of Exhibits 5 and 26 for the improper reason of negating an inference of scienter. Indeed, Defendants use these Exhibits to show that Defendant Meyercord increased his holdings of Extreme stock during the Class Period, which according to them, demonstrates an "inference of innocence." MTD at 20. As an initial matter, neither Exhibit 5 (Extreme's 2021 Proxy Statement on Schedule 14A) nor Exhibit 26 (Extreme's 2024 Proxy Statement on Schedule 14A) were referenced in the Complaint. In fact, the Complaint does not make any allegations about suspicious insider trades, as conceded by Defendants. MTD at 1. While the Court can "compare competing explanations and inferences, those inferences still must arise from the facts alleged in the complaint." *See Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1124 (N.D. Cal. 2017) (refusing to take judicial notice of exhibits that detail Defendants' stock purchases where "the Complaint mentions no stock sales of any kind."). On this basis alone, the Court should deny the request as to Exhibits 5 and 26, and need not go further.

Indeed, a closer analysis of Exhibits 5 and 26, and Defendants' proffer of those Exhibits, demonstrates why the Ninth Circuit cautioned again the "unscrupulous use of extrinsic documents to

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO.: 3:24-CV-05102-TLT

7

resolve competing theories against the complaint." *Khoja*, 899 F.3d at 998. These Exhibits introduce a myriad of factual disputes that are premature at the pleading stage. For example, neither Exhibit 5 nor Exhibit 26 fall within the Class Period. Instead, Exhibit 5 shows Defendant Meyercord's beneficial ownership of Extreme as of September 13, 2021 (Ex. 5 at 46), over ten months prior to the Class Period, and Exhibit 26 shows his beneficial ownership as of September 17, 2024 (Ex. 26 at 35), almost eight months after the Class Period ended. This raises the question of whether Meyercord's purchases occurred during the eight months following the Class Period, or the ten months prior to the Class Period, which would have no relevance to Defendant Meyercord's scienter *during* the Class Period. *See Jedrzejczyk v. Skillz Inc.*, 2022 WL 2441563, at *3 (N.D. Cal. July 5, 2022) (finding that a post-class press release "is irrelevant because it is outside of the class period" and denying Defendants' request for judicial notice); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) (refusing to notice "exhibits provid[ing] sales from outside the class period" for the truth of the matter asserted because they "are not relevant to the Court's decision.").

The details of each of Defendant Meyer's individual transactions during this period are also unspecified. Indeed, it is possible that Meyercord's increase in holdings resulted solely from stock and option awards granted to him as part of his compensation package. *See, e.g.*, Ex. 26 at 35 n.5 (explaining that Meyercord received shares issuable "pursuant to options exercisable"). Without further context and additional discovery, the Court "could not draw any conclusions based on [these] purchases." *See Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) (refusing to take judicial notice of a defendant's stock purchases where "[t]he Court could not verify the circumstances surrounding the purchase of the stock"). This context is crucial. If Meyercord's increased holdings did, in fact, result from awards, at zero cost to him, this would erode Defendants' "inference of innocence." *See Lamartina v. VMware, Inc.*, 2023 WL 2763541, at *15 (N.D. Cal. Mar. 31, 2023) (finding that where a defendant's "increase in holdings were the result of compensation awards rather than stock purchases" an inference of good faith is not supported); *Freudenberg v. E*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 201 (S.D.N.Y. 2010) ("[defendant] acquired shares at no cost to him, which does not demonstrate lack of scienter."). The introduction of Exhibits 5 and 26 epitomizes the very situation that the Ninth Circuit cautioned against: Defendants creating a "newly-

expanded version" of the case through their motion to dismiss with the "perverse added benefit" that Plaintiffs "receive[] no opportunity to respond to the defendant's new version of the facts." *Khoja*, 899 F.3d at 1003.

Defendants' request for judicial notice of Exhibit 27 is yet another example of an impermissible use of external documents to dispute factual allegations from the Complaint. Specifically, Defendants cite to Exhibit 27, which does not appear in the Complaint, to make the argument that Extreme could not "dictate self-serving terms" in its contracts with TD Synnex, one of the Company's distributors, because TD Synnex had higher revenues than Extreme. MTD at 13-14. This Exhibit is used solely to contradict Plaintiffs' allegations that Extreme put specific clauses in its contracts with its distributors in order to facilitate the Company's ability to participate in channel stuffing and ultimately increase Extreme's revenues. *See* ¶¶ 111, 125-29, 136-39. This is an improper use pursuant to the doctrine of judicial notice. *See Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019) (declining to take judicial notice where "[i]n the Court's view, Defendants . . . attempt to use these documents to create a disputed version of the facts alleged and/or to create a defense to the allegations in the Complaint"); *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 129 F. Supp. 3d 1012, 1021–22 (D. Or. 2015) ("it is clear that Plaintiff disputes the inferences that Defendants ask this Court to draw based on those documents").

Exhibits 5-6, 15, and 26-27 cannot be incorporated by reference, because they are not referenced in the Complaint. They also cannot be judicially noticed because Plaintiffs dispute the truth of the contents of these documents. Consequently, the Court should deny Defendants' request for incorporation by reference and judicial notice of Exhibits 5-6, 15, and 26-27.

**B.    The Complaint Does Not "Necessarily Rely" On Exhibits 1-3 and 23-25, And They Cannot Be Incorporated By Reference Or Judicially Noticed**

Exhibits 1-3 and 23-25 cannot be incorporated by reference because the Complaint does not "necessarily rely" on these documents. *See Corinthian Colls.*, 655 F.3d at 999 (a court may not consider unattached evidence to the complaint unless the complaint "necessarily relies" on it). Specifically, the Complaint does not "refer[] extensively" to these exhibits nor do these documents

"forms the basis of the plaintiff's claims." *See Khoja*, 899 F.3d at 1002 (citing *Ritchie*, 342 F.3d at 908).

Courts are clear that simply referring to a document in the complaint is not enough to satisfy the "necessary reliance" criteria. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document"). Most of the exhibits attached to Defendants' MTD are only briefly mentioned in the Complaint. In fact, Exhibits 1-3 and 23-25 are each mentioned no more than three times across 586 paragraphs. *See Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020) (refusing to incorporate by reference exhibits that were "referenced in passing only twice."); *Andersen v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 973 (N.D. Cal. 2024) (denying request for judicial notice where documents only mentioned "once" or "a few more times."); *Rodrigues v. Alliant Credit Union*, 2022 WL 2390999, at *6 (N.D. Cal. July 1, 2022) (finding that exhibits were "not referenced extensively" where the Complaint only referred them one or two times).

Exhibits 1-3 and 23-25 cannot be considered incorporated by reference for the additional reason that they do not form the basis of Plaintiffs' claims and fall outside of the Class Period. *See Khoja*, 899 F.3d at 1002. For example, Exhibit 1, an article about channel stuffing from 2011, is only cited once (in a footnote) in the Complaint and, rather than forming the basis of Plaintiffs' allegation of fraud, simply offers insight into detecting channel stuffing. ¶233 n.37. Exhibit 2, a transcript of an earnings call from April 28, 2021, is only referenced once in the Complaint and predates the Class Period by more than a year. *See Jedrzejczyk*, 2022 WL 2441563, at *3 (finding that a post-class period document "is irrelevant because it is outside of the class period," and refusing to consider it incorporated by reference or judicially noticeable). Exhibits 23 and 24 similarly do not form the basis of Plaintiffs' claims as they are analyst reports from after the Class Period. *See In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020) (finding that an analyst report providing analyst coverage following a Company's IPO does not form the basis of the complaint). And Exhibit 25 is a Form 10-K that was filed almost seven months after the end of the Class Period.

Moreover, according to the Ninth Circuit, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the

complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002–03. Here, Defendants use Exhibits 2 and 3 solely to dispute loss causation.[3] Indeed, Defendants put forward these extraneous documents to create alternative explanations for Plaintiffs' losses and contest the Complaint's allegations that Defendants' misrepresentations about Extreme's strong, organic demand and "firm" backlog caused Plaintiffs' losses. As such, these Exhibits do not form the basis of Plaintiffs' claims and are inappropriate for incorporation by reference. *See Riley v. Chopra*, 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020) (concluding that incorporation by reference of an exhibit is inappropriate where defendants used it "to rebut one of plaintiffs' arguments.").

Defendants also use Exhibit 25 to exclusively create a defense against Plaintiffs' well-pled allegations. Specifically, as explained *supra* Section III.A., Exhibit 25 is used to rebut Plaintiffs' claims that Extreme's agreements with its distributors included terms that allowed the Company to engage in channel stuffing and cannot be considered to form the basis of Plaintiffs' claims. *Khoja*, 899 F.3d at 1002–03. Given that Exhibits 1-3 and 23-25 are not extensively referenced in the Complaint, nor do they form the basis of Plaintiffs' claims, the Court cannot consider them incorporated by reference.

The doctrine of judicial notice is also inappropriate for Exhibits 1-3 and 23-25 because Defendants use these Exhibits for the sole purpose of constructing their own factual narrative and rebutting Plaintiffs' well-pled allegations. *See id.* at 999 ("a court cannot take judicial notice of disputed facts" even if the disputed facts are set forth in a "public record[]" that a court can notice). As such, Defendants' request for incorporation by reference and judicial notice of Exhibits 1-3 and 23-25 should be denied.

---

[3] Notably, loss causation is "a fact-specific inquiry," and it is "normally inappropriate to rule on loss causation at the pleading stage." *LifeVoxel Virginia SPV, LLC v. Lifevoxel.AI, Inc.*, 2024 WL 5264872, at *5 (S.D. Cal. Dec. 30, 2024), *appeal filed*, No. 25-613 (9th Cir. Jan. 30, 2025).

**C.    To The Extent That Exhibits 4, 7-14, 16-18, 20-22, And 28 Are Incorporated By Reference Or Judicially Noticeable, The Court Cannot Assume The Truth Of The Exhibits' Contents And Disputed Facts**

Defendants also claim that Exhibits 4, 7-14, 16-18, 20-22, and 28 should be incorporated by reference because these Exhibits, or information contained in such Exhibits, are mentioned in the Complaint. RJN at 4-6. Plaintiffs acknowledge that the Complaint does rely on these Exhibits, given that these documents include Defendants' false and misleading statements and corrective disclosures. However, even if the Court is inclined to incorporate these Exhibits by reference, it cannot assume the truth of any disputed facts. As cautioned by the Ninth Circuit, "[a]lthough incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, we reiterate that it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *Khoja*, 899 F.3d at 1014; *see also DocuSign*, 669 F. Supp. 3d at 872 ("Although [the court] may assume the contents of these transcripts to be true, [the court] will not to the extent that such assumptions only serve to dispute facts stated in the [complaint].").

Defendants' improper reliance on these Exhibits is particularly egregious in the "Background" section of their Motion to Dismiss, where they use the proffered Exhibits to construct a self-serving narrative untethered from the allegations in the Complaint. *See* MTD at 3-7. These tactics ignore the Ninth Circuit's clear instructions in *Khoja* and should be disregarded, and the factual narrative constructed around them should be ignored. *See Khoja*, 899 F.3d at 1014; *see also Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.*, 2019 WL 6716292, at *3 (N.D. Cal. Dec. 10, 2019) ("The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage."); *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) ("[Defendant] is not explaining or arguing the allegations in [p]laintiffs' [complaint] – ***it is trying to factually rebut them***. As *Khoja* makes clear, to grant the request for judicial notice would improperly convert this Rule 12(b)(6) motion into a motion for summary judgment under Rule 56.").

Defendants also request that the Court take judicial notice of the contents in these Exhibits because they are available on public websites and their authenticity is not subject to dispute. RJN at 6-7. Again, Plaintiffs acknowledge that courts typically take judicial notice of SEC filings. However,

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO.: 3:24-CV-05102-TLT

12

to the extent that such SEC filings are found to be subject to judicial notice, these "should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005); *see also In re Lucid Grp., Inc. Sec. Litig.*, 2024 WL 3745605, at *5 (N.D. Cal. Aug. 8, 2024) ("The Court does not take judicial notice of the contents of those documents [SEC filings and earnings call transcripts] for their truth."); *Bargetto v. Walgreen Co.*, 2022 WL 18539360, at *2 (N.D. Cal. Dec. 19, 2022) ("Judicial notice may be taken of publications introduced to indicate what was in the public realm at the time, ***not*** whether the contents of those articles ***were in fact true***."); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) ("The Court thus considers these documents for the sole purpose of determining what representations Tesla made to the market. The Court does not take notice of the truth of any of the facts asserted in these documents.").

The cases that Defendants cite in support of their request for judicial notice further affirm the proposition that courts cannot take judicial notice of a document for the truth of its contents. *See* RJN at 6-7; *Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (taking judicial notice of the *existence* of articles and tweets, "to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (internal citation omitted); *Russian Hill Cap., LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (refusing to "assume the truth of those statements" within judicially noticed documents "to the extent that Plaintiff might contest their veracity."); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (holding that the court "may properly take judicial notice of" an Exhibit, "not for the truth of its content, but to indicate what was in the public realm at the time).

Ultimately, to the extent that Exhibits 4, 7-14, 16-18, 20-22, and 28 may be considered incorporated by reference or judicially noticeable, they cannot be considered for the truth of the matters asserted.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Request for Judicial Notice and Incorporation by Reference should be denied in full, as described herein.

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND
INCORPORATION BY REFERENCE
CASE NO.: 3:24-CV-05102-TLT

13

DATED:  June 13, 2025

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

*/s/ Lauren A. Ormsbee*
Lauren A. Ormsbee (*pro hac vice*)
David Saldamando (*pro hac vice*)
Alexandra E. Forgione (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
lormsbee@labaton.com
dsaldamando@labaton.com
aforgione@labaton.com

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Class*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Lucas E. Gilmore (Bar No. 250893)
Reed R. Kathrein (Bar. No. 139304)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com
reed@hbsslaw.com

*Liaison Counsel for the Class*

**VANOVERBEKE MICHAUD & TIMMONY P.C.**
Aaron L. Castle (*pro hac vice*)
79 Alfred Street
Detriot, MI 48201
Tel: (313) 578-1200
Fax: (313) 578-1201
acastle @vmtlaw.com

*Additional Counsel for Oakland County Voluntary*
*Employees' Beneficiary and Oakland County*
*Employees' Retirement System*

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND
INCORPORATION BY REFERENCE
CASE NO.: 3:24-CV-05102-TLT

14