LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
  melanie.blunschi@lw.com
Morgan E. Whitworth (Bar No. 304907)
  morgan.whitworth@lw.com
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
  daniel.gherardi@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600

*Attorneys for Defendants Extreme
Networks, Inc., Edward B. Meyercord III,
Rémi Thomas, Cristina Tate, Kevin
Rhodes, Norman Rice, and Jonas Brown*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, KEVIN RHODES, NORMAN RICE, JONAS BROWN<br><br>Defendants. | Case No. 3:24-cv-05102-TLT<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT**<br><br>Hearing:  August 12, 2025<br>Time:     2:00 p.m.<br>Location: Courtroom 9—19th Floor<br>Judge:    Hon. Trina L. Thompson |

## I.    INTRODUCTION

Defendants respectfully submit this reply in support of their Request for Judicial Notice, Dkt. 75 (the "RJN"), in support of their Motion to Dismiss, Dkt. 74 ("Motion to Dismiss" or "Mot."), and in response to Plaintiffs' opposition to the RJN (the "RJN Opp."), Dkt. 80.

Defendants' RJN established that the documents submitted with their Motion to Dismiss are properly considered by the Court under the doctrines of incorporation by reference and judicial notice.  Plaintiffs do not dispute that virtually all of Defendants' Exhibits are expressly excerpted in the Amended Consolidated Complaint, Dkt. 59 ("ACC" or "Amended Complaint"), or that these are the sort of documents that courts routinely take judicial notice of:  Securities & Exchange Commission ("SEC") filings, earnings call transcripts, stock price data, and analyst reports.

Despite this, Plaintiffs urge the Court to ignore these documents, wrongly suggesting that Defendants are attempting to use them for improper purposes.  According to Plaintiffs, any reference that Defendants make to a document that undermines their fraud theory creates a dispute with a well-pled factual allegation.  However, Plaintiffs fail to identify a single instance where Defendants actually offered an Exhibit to dispute a well-pled fact in the Amended Complaint. Instead, Defendants offered the exhibits to provide the Court with context that Plaintiffs selectively omitted from their 154-page Amended Complaint.  It is apparently Plaintiffs' position that they should be able to selectively excerpt and rely on documents in the Amended Complaint without permitting the Court to review the allegations in their original (and full) context.  Plaintiffs' desire to have their cake and eat it too is contrary to law.  Defendants respectfully request that the Court grant Defendants' RJN and consider the Exhibits attached to the Declaration of Morgan E. Whitworth in support of Defendants' Motion to Dismiss the Amended Complaint, Dkt. 74-2 ("Whitworth Declaration").

## II.    ARGUMENT

### A.    Nearly All Of Defendants' Exhibits Are Incorporated By Reference

Exhibits 1 through 4, 6 through 25, and 28 are either referenced extensively in the Amended Complaint or form the basis of Plaintiffs' allegations in the Amended Complaint.  Each is, therefore, properly considered by the Court under the doctrine of incorporation by reference in

adjudicating Defendants' Motion to Dismiss. *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *9 (N.D. Cal. Mar. 31, 2023).

**Exhibits 5-6, 15, 26-27.** Plaintiffs argue that Exhibits 5, 6, 15, 26, and 27 are not "cited" in the Amended Complaint and therefore not incorporated by reference. RJN Opp. at 6. Defendants did not argue that Exhibits 5, 26, or 27 were incorporated by reference. *See* RJN at 4. Exhibit 6 and Exhibit 15 are SEC filings on Form 8-K announcing Extreme Networks' financial results for the third quarter of 2022 and the third quarter of 2023, respectively, and are the source of certain financial data contained in and integral to the Amended Complaint regarding total revenue, distributor revenue, direct revenue, and cumulative backlog for those same quarters. ACC ¶¶ 81 & n.18, 236.[1] Although Plaintiffs cited these Exhibits generally, *id.* ¶ 81 & n.18 ("Source: Extreme's Investor Relations website and Extreme's SEC filings"), Plaintiffs relied on them to form the basis of their claims. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (incorporating by reference a document that was not explicitly referenced in the complaint).

**Exhibits 1-3, and 23-24.** Plaintiffs next claim that the Amended Complaint does not "necessarily rely" on Exhibits 1, 2, 3, 23, and 24. RJN Opp. at 9. Plaintiffs do not deny that these Exhibits are expressly quoted and/or referenced in the Amended Complaint. *See* RJN at 4-5. And, contrary to Plaintiffs' implication, the number of times a document is quoted or referenced is not dispositive for incorporation by reference. RJN Opp. at 10; *see In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (incorporating by reference SEC filing that appeared in the complaint only once); *Das v. Unity Software Inc.*, 2024 WL 1141733, at *6 (N.D. Cal. Mar. 15, 2024) (incorporating two documents, each only referenced once in complaint). Plaintiffs' argument that these Exhibits are "outside of the Class Period" similarly fails. RJN Opp. at 10. Plaintiffs are the ones who relied on these sources in their Amended Complaint—they cannot now claim they are "irrelevant."

---

[1] Exhibit 19 is also a source of Plaintiffs' uncited allegations regarding Extreme's financial results. ACC ¶¶ 81 & n.18, 236. Plaintiffs do not appear to challenge that Exhibit 19 is incorporated by reference. *See generally* RJN Opp.

Plaintiffs rely on Exhibits 1, 2, 3, 23, and 24 and portions of the information contained in these Exhibits to form the basis of their claim that Defendants made false and misleading statements during the Class Period, the truth of which supposedly was revealed through corrective disclosures. For example, Plaintiffs cite Exhibit 3 as the alleged "final corrective disclosure," which they claim "confirmed that Extreme was not, in fact, growing, and that there was a surplus of inventory at the distributor level." ACC ¶¶ 245-47, 345-50, 321 n.54. And Plaintiffs cite Exhibits 23 and 24 purportedly to illustrate what the "market understood" about Extreme's "final corrective disclosure." *Id.* ¶¶ 33-34, 324, 350-51. Similarly, Plaintiffs cite Exhibit 2 to illustrate what analysts allegedly "reported on and were concerned about" with respect to supply chain issues, and Extreme's disclosure that its backlog would increase going forward. *Id.* ¶¶ 5, 79-80. Finally, Plaintiffs cite Exhibit 1 to provide information relating to "channel stuffing," the sales process Plaintiffs claim Extreme engaged in and that purportedly made false or misleading most of the statements Plaintiffs challenge. *Id.* ¶ 233; *see In re Theos Dark Chocolate Litig.*, 750 F. Supp. 3d 1069, 1080 (N.D. Cal. 2024) (incorporating by reference Consumer Reports article that "appears to undergird Plaintiffs' claims"); *Cohen v. Ainsworth Pet Nutrition, LLC*, 2021 WL 8533417, at *2 (C.D. Cal. Jan. 21, 2021) (incorporating by reference article providing background information that informs allegations). These documents are not ancillary, as Plaintiffs suggest—they are the sources of key information Plaintiffs rely upon in their attempt to plead the elements of and factual support for their claims.

Plaintiffs also claim that Exhibits 2 and 3 may not be incorporated by reference because they undermine the Amended Complaint's allegations. RJN Opp. at 10-11. But Plaintiffs cannot "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Indeed, the Court need not accept Plaintiffs' conclusory allegations, particularly where, as here, the very documents on which Plaintiffs rely contradict those allegations. *See In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) (if "a general conclusion in a complaint contradicts specific facts retold in a document . . . those specific facts are controlling"); *Kampe v. Volta Inc.*, 2024 WL 4534732, at *4 (N.D. Cal. Oct. 21, 2024)

("Although the truth of an incorporated document may not be considered *solely* to dispute *well-pled* facts, the Court need not accept as true conclusory allegations that are contradicted by documents referenced in the complaint.") (emphasis in original); *accord. Wong v. Am. Honda Motor Co.*, 2024 WL 612939, at *2, n.7 (9th Cir. Feb. 14, 2024) (considering incorporated "article [that] undermines Appellants' allegations"); *Luo v. Spectrum Pharms., Inc.*, 2024 WL 4443323, at *4 (D. Nev. Oct. 7, 2024) (taking judicial notice of exhibits to examine allegedly misleading statements "in context" and not for the purpose of disputing the factual accuracy of "non-conclusory allegations").

These Exhibits provide necessary context to Plaintiffs' allegations of purported corrective disclosures, what the public supposedly understood, and Extreme's alleged revenue losses.  *See* Mot. at 24.  Plaintiffs cite no case suggesting that the Court cannot consider the context of Plaintiffs' allegations, particularly in documents Plaintiffs rely upon but neglect to attach to the Amended Complaint.  *Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's conclusory allegations"); *see also City v. Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107, 1131 (E.D. Wash. 2013) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (where plaintiffs "rely[] on portions of" a document "in their complaint," the court "may properly consider the [document] in its entirety").

**Exhibits 4, 7-14, 16-18, 20-22, 28**.  Plaintiffs agree that the Amended Complaint "relies" upon Exhibits 4, 7 through 14, 16through 18, 20 through 22, and 28, and that they "include Defendants' [allegedly] false and misleading statements and [purported] corrective disclosures." RJN Opp. at 2, 12.  Despite conceding that these Exhibits are the sources of the statements and disclosures that form the basis of their claims, Plaintiffs object to Defendants' reference to portions of those documents beyond the cherry-picked excerpts Plaintiffs included in the Amended Complaint.  *Id.*  Plaintiffs' complaint that Defendants' citation to these Exhibits creates "factual

disputes," *id.*, is unavailing.  As the Motion to Dismiss makes clear, these Exhibits simply provide context that Plaintiffs neglected to include in the Amended Complaint, including Extreme's robust public disclosures about the very risks that Plaintiffs claim were concealed from investors.  *See, e.g.*, Mot. at 3-6, 11, 15.  As a legal matter, those disclosures (and other information contained in Defendants' Exhibits) confirm that Plaintiffs fail to allege any statements that would have been materially false or misleading to a reasonable investor.  *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175-76, 190-91, 194 (2015) ("reasonable investor" interprets statements "fairly and in context"); *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 323-24 (2007) ("[t]he strength of an inference cannot be decided in a vacuum"); *Khoja*, 899 at 1003 ("We have stated that, unlike judicial notice, a court may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6).").

It is entirely proper for the Court to consider the information contained in the documents that are incorporated by reference for the purpose of evaluating the statements Plaintiffs challenge and purported corrective disclosures in context.  *See Volta*, 2024 WL 4534732 at *4; *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *3 (N.D. Cal. Mar. 18, 2024); *Spectrum Pharms.*, 2024 WL 4443323 at *4.  Plaintiffs cannot rely on documents as the source of their challenged statements and corrective disclosures while simultaneously asking the Court not to look any further than the cherry-picked portions Plaintiffs include in the Amended Complaint.  *Eventbrite*, 2020 WL 2042078, at *7 ("Incorporation by reference prevents plaintiffs from selecting only portions of documents that support their claims").

The Court may therefore consider Exhibits 1 through 4, 6 through 25, and 28, as they are incorporated by reference in the Amended Complaint.

**B.    Each Of Defendants' Exhibits Is Also Properly Subject To Judicial Notice**

Exhibits 1 through 28 are properly considered by the Court under Federal Rule of Evidence 201(b).  Plaintiffs' broad generalizations suggesting that Defendants are introducing sources to contradict facts in the Amended Complaint do not change the fact that the Exhibits contain information that is judicially noticeable.  Indeed, Plaintiffs offer no argument suggesting that any Exhibit is subject to reasonable dispute and not capable of accurate determination from reliable

sources.  Plaintiffs' cursory claim that Defendants have not identified what facts are subject to judicial notice, RJN Opp. at 3-4, ignores that Defendants highlight precisely those facts in their Motion to Dismiss, and note in the RJN that the Court may consider each Exhibit for what information was disclosed to the market.  *See In re Restoration Robotics, Inc. Sec. Litig.*, 417 F. Supp. 3d 1242, 1252 (N.D. Cal. 2019) (granting Defendants' request for "judicial notice regarding facts pertaining to their motion to dismiss"); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (taking judicial notice of analyst reports "to determine what may or may not have been disclosed to the public").  In any event, courts routinely grant requests for judicial notice of documents without more specific detailing of the particular facts within those documents that are especially judicially noticeable.  *See, e.g.*, *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1049 (C.D. Cal. 2013), *aff'd*, 686 F. App'x 486 (9th Cir. 2017) (granting judicial notice over party's objection that proponent "does not specify which 'facts' in the report it seeks to have the court judicially notice"); *Rivas v. Physician Lab'ys, Inc.*, 2018 WL 6133722, at *3 (C.D. Cal. Oct. 24, 2018) (same).  Plaintiffs' other arguments as to each Exhibit also fail.

**Exhibits 5-6, 15, and 26-27.** Plaintiffs argue that "the Court cannot take judicial notice" of Exhibits 5, 6, 15, 26, and 27 because Defendants use them to "advance their own version of the facts and construct a competing narrative."[2]  RJN Opp. at 6.  But Plaintiffs mischaracterize the RJN by confusing Defendants' arguments with the facts that support them.  Though Defendants' arguments, of course, highlight the flaws and insufficiencies in Plaintiffs' arguments and allegations, that is separate from the fact that the contents of each of these Exhibits is properly subject to judicial notice.  For example, Exhibit 15 is cited to illustrate an uncontested fact— Extreme's 3Q23 disclosed financial guidance and reported revenue, which includes the figures Plaintiffs reference in their Amended Complaint without attaching the source or context of those figures.  *See, e.g.*, ACC ¶ 236; Mot. at 5.  Similarly, Exhibit 6 is cited for the year-over-year

---

[2] Plaintiffs also claim that Exhibits 1, 2, 3, 23, 24, and 25 are not judicially noticeable for the same reason, but Plaintiffs do not identify any factual dispute raised by these Exhibits with any non-conclusory allegations in the Amended Complaint.  *See* RJN Opp. at 11.

revenue change in 3Q23 versus 3Q22, and for the fact that FY22 had "record" backlog. Mot. at 3, 5. Plaintiffs allege the same facts in the Amended Complaint, again without attaching the source of these facts. *See, e.g.*, ACC ¶ 356 ("we exited the year with a record backlog"); *id.* ¶ 360 ("reported record bookings growth"); *id.* ¶ 367 (reporting "record results, unprecedented economic growth and continued business momentum at Extreme as we closed fiscal 2022"); *id.* ¶¶ 90, 236 (graphics showing 3Q22 and 3Q23 revenue). Defendants cite Exhibit 27 to support the statement that "TD Synnex, (*Id.* ¶ 52), had revenues of *40-50 times greater* than Extreme's revenues during the Class Period." Mot. at 13. TD Synnex's revenue is similarly not a contested fact. Though Plaintiffs disagree with Defendants' arguments, that is not grounds to exclude facts related to those arguments that do not contradict Plaintiffs' factual allegations.

Plaintiffs complain vigorously about Exhibits 5 and 26, which are SEC filings that contain undisputed stock holding data for Extreme's Chief Executive Officer, Meyercord. RJN Opp. at 7-9. That is unsurprising, given that Exhibits 5 and 26 confirm that Meyercord's holdings of Extreme stock grew by over 30% during the putative class period, which negates any inference of motive to commit fraud. Mot. at 20. Plaintiffs' assertion that the Court may not consider exhibits to negate an inference of scienter is wrong. Ninth Circuit law is clear that whether an individual defendant sold stock is relevant to consideration of scienter. *See In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 884 (9th Cir. 2012) (sale or non-sale of stock by the individual Defendants is relevant to whether an inference of scienter is warranted); *Coyler v. Acelrx Pharms., Inc.*, 2015 WL 7566809, at *3, 13-14 (N.D. Cal. Nov. 25, 2015) (considering defendants' personal financial holdings and transactions, as reflected in proxy statements like Exhibits 5 and 26, and noting that the "absence of insider trading by a defendant is highly relevant and undermines any inference of scienter"). Contrary to Plaintiffs' argument (RJN Opp. at 8), that includes transactions outside the Class Period. *See, e.g.*, *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8, n.5 (N.D. Cal. Mar. 2, 2012) (taking judicial notice of the fact that a defendant actually sold more shares during the "six months preceding the class period"). The "Court is obligated to take a 'holistic approach' in evaluating scienter" including taking "judicial notice of the individual defendants' [] stock sales (as reflected in the SEC Forms 4 which are public

records)." *Westley v. Oclaro, Inc.*, 897 F. Supp. 2d 902, 928-29, n.6 (N.D. Cal. 2012) (rejecting and finding "problematic" plaintiffs' argument that the court "should not take into account the lack of any suspicious insider trading as a fact weighing against scienter"); *see also In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) ("[C]ourts in this district have taken judicial notice of SEC Form 4 and proxy statements, even when those documents were not referenced in the pleadings in order to prove that stock sales were made or were not made[.]"); *Equinix*, 2012 WL 685344, at *8 & n.5 (granting judicial notice of SEC filings showing stockholding data that were not referenced in the complaint in support of finding that "Plaintiffs do not allege that [defendants] engaged in improper stock sales or otherwise benefited from the alleged scheme to inflate [defendant's] stock price").

Finally, Plaintiffs state, without any explanation or support, that Exhibits 5, 6, 15, 26, and 27 "cannot be judicially noticed because Plaintiffs dispute the truth of the contents of these documents." RJN Opp. at 9. That is insufficient to preclude judicial notice. Instead, Plaintiffs must "rais[e] a reasonable dispute as to the authenticity of the documents and the facts contained within the documents," rather than "merely argu[ing] that they should not be allowed." *Margulis v. Mortg. Elec. Registration Sys.*, Inc., 2012 WL 760785, at *3 (D. Nev. Mar. 6, 2012); *Van Ryzin v. CitiMortgage, Inc.*, 2013 WL 1206807, at *3 (C.D. Cal. Mar. 22, 2013) (plaintiff must "offer [] evidence that would give rise to a reasonable dispute that the facts contained within th[e] documents are false"). Plaintiffs do no such thing.

**Exhibits 2-19, 21-22, and 25-28**. Exhibits 4 through 6, 8 through 10, 13, 15 through 17, 19, 21 through 22, and 25 through 28 are public SEC filings, and Plaintiffs concede that "courts typically take judicial notice of SEC filings." RJN Opp. at 12. Similarly, Exhibits 2, 3, 7, 11, 12, 14, and 18 are publicly available transcripts of earnings calls or investor conferences where Defendants made public statements about Extreme's business, and are also routine subjects of judicial notice in securities class actions like this one. *See In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 929-30 (N.D. Cal. 2022) (taking judicial notice of transcripts of calls with and presentations to analysts and investors); *Forsyth v. HP Inc.*, 2021 WL 1391501, at *4-5 (N.D. Cal. Apr. 13, 2021) (taking judicial notice of earnings call transcripts); *In re Energy Recovery Inc. Sec.*

*Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("[T]ranscripts of conference earnings calls are judicially noticeable because they are matters of public record.").

Nevertheless, Plaintiffs argue this Court should not judicially notice these SEC filings and call transcripts to the extent the Court would be accepting the contents of these Exhibits as true. RJN Opp. at 12-13.  Once again, Defendants are requesting judicial notice of these documents for a proper purpose:  not to accept the entire contents of the documents as true, but to show what information was available to the market.  *See Petersen v. TriplePoint Venture Growth BDC Corp.*, 2024 WL 5384678, at *3 (N.D. Cal. Aug. 7, 2024) (taking judicial notice of public materials in a securities class action case because the "public's access to information is at issue"); *Pirani v. Netflix, Inc.*, 710 F. Supp. 3d 756, 767 (N.D. Cal. 2024) ("courts routinely take judicial notice of . . . documents filed with the SEC for the purpose of determining what information was available to the market"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles").

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1 through 28 attached to the Whitworth Declaration submitted in connection with Defendants' Motion to Dismiss.

Dated: July 28, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By  */s/ Melanie M. Blunschi*
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Morgan E. Whitworth (Bar No. 304907)
 morgan.whitworth@lw.com
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
 daniel.gherardi@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600

*Attorneys for Defendants Extreme Networks, Inc., Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW