UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>EXTREME NETWORKS, INC., et al.,<br><br>Defendants. | Case No. 24-cv-05102-TLT<br><br>**INQUIRIES FOR HEARING ON 8/12/2025**<br><br>Re: ECF 74 |

Hearing on motion to dismiss is scheduled for August 12, 2025, 2:00 p.m.  If time permits, the parties are invited to respond in writing.  The written response shall not exceed 3 pages. Otherwise, the parties should begin their presentation by responding to the Court's questions.

**I.    FALSITY**

**A.    Channel Stuffing**

1. **[BOTH]** To allege channel stuffing, Defendants contend that Plaintiff must allege details such as specific transactions, specific shipments, specific customers, specific times, or specific dollar amounts. ECF 74, at 9 (citing *Waterford Twp. Police v. Mattel*, 321 F. Supp. 3d 1133, 1147 (C.D. Cal. 2018). Plaintiffs counter that details such as specific transactions are not required when the liability is not premised on the transactions themselves being fraudulent.  ECF 81, at 5 (citing *In re Plantronics, Inc. Sec. Litig.*, No. 19-CV-07481-JST, 2022 WL 3653333, at *11 (N.D. Cal. Aug. 17, 2022). What is required at the pleading stage to sufficiently allege channel stuffing?

2. **[PLAINTIFFS]** In opposition, Plaintiffs state that there was nothing "improper" or "illicit" about Extreme's sales practices.

    a.   Is Plaintiffs' falsity challenge premised on misattribution of revenues?

United States District Court
Northern District of California

United States District Court
Northern District of California

     b. Do Plaintiffs contend that consumer demand for Extreme's products did not increase during the Class Period?

**B.    "Firm" Backlog**

3. **[BOTH]** Even if Extreme disclosed risks that the backlog orders were not guaranteed, could the Court find that Extreme misled investors by claiming these backlog orders were "firm?"

**II.    SCIENTER**

4. **[BOTH]** Does the fact that Extreme's CEO Edward B. Meyercord III substantially increased his stock holdings during the Class Period negate scienter? *Compare* ECF 74-7, Ex. 5 at 46 (1,742,428) *with* ECF 74-28, Ex. 26 at 35 (2,316,319). Why or why not?

**III.    LOSS CAUSATION**

5. **[BOTH]** Defendants argue that none of the five partial disclosures from January 25, 2023, through January 31, 2024 reveals any "channel stuffing" or "manipulative" practices. What are the parties' strongest arguments regarding these alleged partial disclosures?

**IT IS SO ORDERED.**

Dated: August 11, 2025

_____
TRINA L. THOMPSON
United States District Judge