LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
  melanie.blunschi@lw.com
Morgan E. Whitworth (Bar No. 304907)
  morgan.whitworth@lw.com
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
  daniel.gherardi@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600

*Attorneys for Defendants Extreme
Networks, Inc., Edward B. Meyercord III,
Rémi Thomas, Cristina Tate, Kevin
Rhodes, Norman Rice, and Jonas Brown*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, KEVIN RHODES, NORMAN RICE, and JONAS BROWN,<br><br>Defendants. | Case No. 3:24-cv-05102-TLT<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT**<br><br>Hearing:  March 3, 2026<br>Time:     2:00 p.m.<br>Location: Courtroom 9 - 19th Floor<br>Judge:    Hon. Trina L. Thompson |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 3, 2026 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom 9, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Extreme Networks, Inc., ("Extreme"), Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown (collectively with Extreme, "Defendants"), through their undersigned counsel, will, and hereby do, respectfully request that in connection with their Motion to Dismiss the Second Amended Consolidated Complaint, the Court consider the documents attached as Exhibits 1-21 to the accompanying Declaration of Morgan E. Whitworth in Support of Defendants' Motion to Dismiss Lead Plaintiffs' Second Amended Consolidated Complaint ("Motion"), filed concurrently herewith.  The documents are properly considered by the Court on Defendants' Motion because they are subject to judicial notice under Federal Rule of Evidence 201 and/or incorporated by reference into the Second Amended Consolidated Complaint.

Dated: October 3, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By  */s/ Melanie M. Blunschi*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Morgan E. Whitworth (Bar No. 304907)
*morgan.whitworth@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
*daniel.gherardi@lw.com*
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600

*Attorneys for Defendants Extreme Networks, Inc., Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown*

1

## MEMORANDUM OF POINTS & AUTHORITIES

Defendants Extreme Networks, Inc. ("Extreme"), Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown (collectively with Extreme, "Defendants") respectfully request that the Court take judicial notice of and/or consider as incorporated by reference the following documents in support of Defendants' Motion to Dismiss Lead Plaintiffs' Second Amended Consolidated Complaint ("Motion"), as described below and attached to the concurrently filed Declaration of Morgan E. Whitworth ("Whitworth Declaration"):[1]

- **Exhibit 1:** Extreme's April 28, 2021 earnings call transcript related to financial results for the third fiscal quarter of 2021, which ended on March 31, 2021, and which is available from S&P Global Market Intelligence at https://marketintelligence.spglobal.com/.

- **Exhibit 2**: Extreme's Annual Report on Form 10-K for the fiscal year ended June 30, 2021, which was filed with the SEC on August 27, 2021 and is publicly available at www.sec.gov.

- **Exhibit 3**: A press release entitled, "Extreme Networks Reports Third Quarter Fiscal Year 2022 Financial Results," which was filed on Form 8-K with the SEC on April 27, 2022 and is publicly available at www.sec.gov.

- **Exhibit 4**: Extreme's July 27, 2022 earnings call transcript related to financial results for the fourth fiscal quarter of 2022, which ended on June 30, 2022, and which is available from S&P Global Market Intelligence at https://marketintelligence.spglobal.com/.

- **Exhibit 5**: A press release entitled, "Extreme Networks Reports Fiscal Year and Fourth Quarter 2022 Financial Results," which was filed on Form 8-K with the SEC on July 27, 2022 and is publicly available at www.sec.gov.

- **Exhibit 6**: Extreme's Annual Report on Form 10-K for the fiscal year ended June 30, 2022, which was filed with the SEC on August 29, 2022 and is publicly available at www.sec.gov.

- **Exhibit 7**: A press release entitled, "Extreme Networks Reports First Quarter Fiscal Year 2023 Financial Results," which was filed on Form 8-K with the SEC on October 27, 2022 and is publicly available at www.sec.gov.

- **Exhibit 8**: A transcript from the May 17, 2023 Needham Technology & Media Conference, which is available from Factset: CallStreet at www.callstreet.com.

---

[1] All Exhibit ("Ex.") references herein are to the exhibits attached to the Whitworth Declaration.

- **Exhibit 9**: Extreme's January 25, 2023 earnings call transcript related to financial results for the second fiscal quarter of 2023, which ended on December 31, 2022, and which is available from S&P Global Market Intelligence at https://marketintelligence.spglobal.com/.

- **Exhibit 10**: A press release entitled, "Extreme Networks Reports Second Quarter Fiscal Year 2023 Financial Results," which was filed on Form 8-K with the SEC on January 25, 2023 and is publicly available at www.sec.gov.

- **Exhibit 11**: Extreme's April 26, 2023 earnings call transcript related to financial results for the third fiscal quarter of 2023, which ended on March 31, 2023, and which is available from S&P Global Market Intelligence at https://marketintelligence.spglobal.com/.

- **Exhibit 12**: A press release entitled, "Extreme Networks Reports Third Quarter Fiscal Year 2023 Financial Results," which was filed on Form 8-K with the SEC on April 26, 2023 and is publicly available at www.sec.gov.

- **Exhibit 13**: A press release entitled, "Extreme Networks Reports Fourth Quarter and Fiscal Year 2023 Financial Results," which was filed on Form 8-K with the SEC on August 2, 2023 and is publicly available at www.sec.gov.

- **Exhibit 14**: Extreme's Annual Report on Form 10-K for the fiscal year ended June 30, 2023, which was filed with the SEC on August 24, 2023 and is publicly available at www.sec.gov.

- **Exhibit 15**: Extreme's November 1, 2023 earnings call transcript related to financial results for the first fiscal quarter of 2024, which ended on September 30, 2023, and which is available from S&P Global Market Intelligence at https://marketintelligence.spglobal.com/.

- **Exhibit 16**: A press release entitled, "Extreme Networks Reports First Quarter Fiscal Year 2024 Financial Results," which was filed on Form 8-K with the SEC on November 1, 2023 and is publicly available at www.sec.gov.

- **Exhibit 17**: A CRN article entitled, "Extreme Networks CEO: 'These Are Boon Times for our Channel Partners,'" dated November 22, 2023 and publicly available at https://www.crn.com/news/networking/extreme-networks-ceo-these-are-boon-times-for-our-channel-partners.

- **Exhibit 18**: A press release entitled, "Extreme Networks Provides Update to Q2 Outlook Announces Earnings Reporting Date," which was filed on Form 8-K with the SEC on January 8, 2024 and is publicly available at www.sec.gov.

- **Exhibit 19**: A press release entitled, "Extreme Networks Reports Second Quarter Fiscal Year 2024 Financial Results," which was filed on Form 8-K with the SEC on January 31, 2024 and is publicly available at www.sec.gov.

- **Exhibit 20**: Extreme's Annual Report on Form 10-K for the fiscal year ended June

30, 2024, which was filed with the SEC on August 16, 2024 and is publicly available at www.sec.gov.

- **Exhibit 21**: Extreme's July 27, 2022 presentation regarding financial results for the fourth quarter of fiscal year 2022, which ended on June 30, 2022 and which is publicly available at https://investor.extremenetworks.com/events-and-presentations/default.aspx.

These documents are properly considered in connection with Defendants' Motion because they are (1) incorporated by reference into the Second Amended Consolidated Class Action Complaint (Dkt. 95) ("SAC") and/or (2) subject to judicial notice under Federal Rule of Evidence 201.

## I.    LEGAL STANDARD

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint and consider documents incorporated into the complaint by reference as well as matters properly subject to judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also* Order Granting Motion to Dismiss (Dkt. 92) ("Order") at 9-12 (granting Defendants' request for judicial notice and incorporation by reference).

Incorporation by Reference: The incorporation-by-reference doctrine "permits courts to treat a document as if it were 'part of the complaint itself.'" *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *9 (N.D. Cal. 2023) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). A document is incorporated by reference in a complaint if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claims." *Id*. The doctrine "applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also* Order at 9 (the court "may also consider unattached evidence on which the complaint 'necessarily relies'").

Judicial Notice: The Court may also take judicial notice of, and properly consider in connection with a motion to dismiss, information "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

201(b).  Indeed, "[c]ourts routinely take judicial notice of public SEC filings and publicly available transcripts of earnings calls or investor conferences."  Order at 11.

## II.      EXHIBITS 1-21 ARE INCORPORATED BY REFERENCE

Plaintiffs refer to, quote, and rely on Exhibits 1-21 throughout the SAC, which means these documents are incorporated by reference and properly considered in their entirety.  *See* Order at 11 (recognizing that documents providing "background information" or that are "used to illustrate what the market understood" "form the basis of the allegations" and are therefore incorporated by reference).  Each of these exhibits are quoted from and/or are necessarily the source of information Plaintiffs rely upon in support of their claims in this case, including their assertions that Defendants violated Section 10(b) of the Securities Exchange Act of 1934.  *See, e.g.*, *In re Intel Corp.*, 2023 WL 2767779, at *9 (finding incorporated by reference documents that formed the basis of plaintiff's claims); *see also Alamilla v. Hain Celestial Grp., Inc.*, 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014) (agreement that "plaintiffs have incorporated by reference the entire text of the articles they quote in their complaint").

*First*, **Exhibits 4-11, 13-15, 17-19, and 21** are publicly available SEC filings, press releases, or earnings call transcripts that are incorporated by reference because Plaintiffs quote these documents as sources of the challenged statements and alleged corrective disclosures that are fundamental to Plaintiffs' securities fraud claims.  SAC ¶¶ 40, 44, 62 n.7, 64 n.10, 72, 75, 82-83, 87, 269, 330 n.31, 331 n.32, 331 n.34, 332, 333, 333 n.35, 353, 354, 358, 363, 364, 366, 367, 368, 370, 371, 389, 393, 395, 399, 404, 406, 410, 412, 430, 432, 437, 440, 453, 456, 458, 460, 462, 475, 478, 480, 482, 486, 507, 510, 511, 513, 612, 618; *see Petersen v. TriplePoint Venture Growth BDC Corp.*, 2024 WL 5384678, at *2 (N.D. Cal. Aug. 7, 2024) (incorporating by reference SEC filings and other financial documents because Plaintiff "relies upon the exhibits, quotes them, or refers to them in the Amended Complaint"); *Park v. GoPro, Inc.*, 2019 WL 1231175, *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference documents relied on "to show the truth being revealed" to the market); *see also* Order at 12 (incorporating by reference Exhibit 17).

*Second*, **Exhibits 2-3, 5-7, 10, 12-14, 16, and 19-21** are incorporated by reference because Plaintiffs rely upon and cite these Exhibits for the core allegations that "form the basis of" their

claims.  SAC ¶¶ 59 n.6, 62, 62 n.7, 64 n.10, 70, 74, 82-83, 330 n.31, 331 n.32, 333 n.35, 353, 358, 370, 371, 383, 389, 393, 406, 410, 412, 430, 432, 460, 462, 475, 612, 618; *see In re Intel Corp.*, 2023 WL 2767779, at *9; *Knievel*, 393 F.3d at 1076 ("[W]e have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document.").  In addition, these Exhibits contain Extreme's public financial results during the alleged class period in this action, and they may be incorporated because Plaintiffs' fraud theory "depends on" Extreme's financial results, which are referenced extensively throughout the SAC. *E.g.*, SAC ¶¶ 59 n.6, 69-70, 383, 618; *id.* at 1 (SAC is based upon "public filings made by Extreme with the SEC"); *see Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020).

This Court should therefore consider these Exhibits in their entirety in deciding the Motion.

## III.    EXHIBITS 1-21 ARE SUBJECT TO JUDICIAL NOTICE

**Exhibits 1-21** are also judicially noticeable because they are publicly available documents that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court has already taken judicial notice of each of the Exhibits other than Exhibit 17, which the Court incorporated by reference.  *See* Order at 10-11 (judicially noticing the same documents).

All of the Exhibits attached to the Whitworth Declaration are properly subject to judicial notice because they are available on "publicly accessible websites whose accuracy and authenticity are not subject to dispute."  *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008-10 (N.D. Cal. 2020), *rev'd on other grounds*, 87 F.4th 934 (9th Cir. 2023); *see also Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (taking judicial notice "because the existence of the publicly-available articles and tweets cannot reasonably be questioned"); Order at 10-11.  As this Court recognized in judicially noticing these documents once already, Order at 11, courts regularly take judicial notice of the types of documents attached here, including SEC filings, earnings call transcripts, and analyst reports (*Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc.*, 2023 WL 4418886, at *2 (N.D. Cal. May 24, 2023) (Thompson, J.)); presentations for investors and investor conference calls (*City of Miami Gen. Emps.' & Sanitation Emps.' Ret.*

*Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018)); and publicly available articles (*In re Intel Corp.*, 2023 WL 2767779, at *9).

For the same reasons stated in Defendants' first Request for Judicial Notice and Incorporation by Reference (Dkt. 75) and endorsed by the Court (Dkt. 92 at 10-12), the Court may consider the documents attached to the Whitworth Declaration as proper subjects of judicial notice

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-21 attached to the Whitworth Declaration submitted in connection with Defendants' Motion.

Dated: October 3, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Melanie M. Blunschi*
   Melanie M. Blunschi (Bar No. 234264)
    *melanie.blunschi@lw.com*
   Morgan E. Whitworth (Bar No. 304907)
    *morgan.whitworth@lw.com*
   505 Montgomery St., Suite 2000
   San Francisco, CA 94111
   Telephone: +1.415.391.0600

   Daniel R. Gherardi (Bar No. 317771)
    *daniel.gherardi@lw.com*
   140 Scott Drive
   Menlo Park, CA 94025
   Telephone: +1.650.328.4600

   *Attorneys for Defendants Extreme Networks, Inc., Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown*