**LABATON KELLER SUCHAROW LLP**
Lauren A. Ormsbee (*pro hac vice*)
David Saldamando (*pro hac vice*)
Danielle S. Lazarus (*pro hac vice*)
Alexandra E. Forgione (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
lormsbee@labaton.com
dsaldamando@labaton.com
dlazarus@labaton.com
aforgione@labaton.com

*Counsel for Lead Plaintiffs and
Lead Counsel for the Class*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Lucas E. Gilmore (Bar No. 250893)
Reed R. Kathrein (Bar. No. 139304)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com
reed@hbsslaw.com

*Liaison Counsel for the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, KEVIN RHODES, NORMAN RICE, JONAS BROWN<br><br>Defendants. | Case No.: 3:24-cv-05102-TLT<br><br>**LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**<br><br>CLASS ACTION<br><br>Date:      March 3, 2026<br>Time      2:00 p.m.<br>Judge:    Hon. Trina L. Thompson<br>Courtroom:    No. 9, 19th Floor |

LEAD PLAINTIFFS' RESPONSE TO DEFS' RJN AND INCORPORATION BY REFERENCE
CASE NO.: 3:24-CV-05102-TLT

Court-appointed Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System, Oklahoma Police Pension and Retirement System, Oakland County Voluntary Employees' Beneficiary Association, and Oakland County Employees' Retirement System (collectively, "Plaintiffs") respectfully submit this response to Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Motion to Dismiss Lead Plaintiffs' Second Amended Consolidated Complaint ("RJN," ECF No. 105). Given that the Court, in its August 15, 2025 Order granting Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("Order," ECF No. 92), has already determined that these same exhibits were properly subject to either judicial notice or the incorporation by reference doctrine, Plaintiffs do not oppose Defendants' RJN. *See* Order at 9-12.

Plaintiffs reiterate, however, that—as the Court has already recognized—judicial notice and incorporation by reference are limited in scope. Defendants may not use the contents of these exhibits for the truth of the matters asserted therein or to create a counternarrative to Plaintiffs' well-pled allegations. *See* Order at 10 (taking notice of exhibits "for their existence and not for their truth of the matters asserted therein").

Plaintiffs note that Defendants' use of certain exhibits for their truth in their Motion to Dismiss Plaintiffs' Second Amended Consolidated Complaint ("MTD," ECF No. 104) is inconsistent with the Court's directive.

*First*, Defendants cite Exhibits 12 and 13 to assert as true that "Extreme experienced strong demand throughout the Class Period." *See* MTD at 4. Such use of these exhibits is improper, especially given that the very core of Plaintiffs' allegations is that Defendants orchestrated a scheme to artificially inflate demand through undisclosed channel stuffing practices and manipulative sales practices because without those practices, the demand was not sufficient to meet quarterly targets. *See, e.g.*, SAC, Section IV.C.[1] *Second*, Defendants rely on Exhibits 14 and 15 to advance a narrative that "[c]onsistent with Extreme's statements, the backlog *did* shrink" due to channel digestion (MTD at 5) (emphasis added), directly contradicting Plaintiffs' allegations that customers were canceling orders in the backlog without them converting to actual shipped orders in the channel. *See, e.g.,* ¶¶270,

---

[1] All references to "¶__" are citations to Plaintiffs' Second Amended Complaint ("SAC," ECF No. 95).

295-350. *Third*, Defendants impermissibly use Exhibits 2, 9, 14, and 20 to assert as "true" their contention that, "because Extreme's independent auditor consistently signed off on Extreme's financials," Extreme's financial reporting was "accurate[]." MTD at 11-12. This is in conflict with the SAC's allegations that Defendants engaged in a scheme to defraud the public, and in at least one identified instance, Defendant Brown discussed how to reverse a large return by TD Synnex to specifically avoid auditor scrutiny. *See, e.g.,* ¶177. *Fourth*, Defendants cite Exhibit 9 and an extraneous webpage to conclusively assert that Defendant Thomas left Extreme to pursue a new opportunity (MTD at 23 & n.4), while refusing to acknowledge allegations that Thomas had "wanted to get out of" Extreme because of how things were trending, and that he expressed that he should have done something with the information FE-1 presented to him at the time, rendering his unexpected resignation as supporting an inference of scienter. *See* ¶¶150, 186, 612.

Plaintiffs object to Defendants' use of these Exhibits in the MTD, as it demonstrates the impermissible practice of relying on exhibits at the pleading stage to establish the truth of their contents, which the Ninth Circuit has explicitly warned against. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018); *see also Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (finding that the court will not assume the contents of an exhibit to be true "to the extent that 'such assumptions only serve to dispute facts stated' in the [complaint]") (citation omitted). Moreover, Plaintiffs note that Defendants cite Exhibits 1-3, each of which pre-date the Class Period. Courts view such use with caution to the extent the motion to dismiss is unclear and could be construed as referring to Class Period information. *See Jedrzejczyk v. Skillz Inc.*, No. 21-CV-03450-RS, 2022 WL 2441563, at *3 (N.D. Cal. July 5, 2022) (finding a press release "irrelevant because it is outside the class period").

Accordingly, for the reasons explained above, Plaintiffs do not object to Defendants' RJN for the limited purpose of acknowledging the Exhibits' existence but object to Defendants' use of Exhibits to assert the truth of the matters therein and to construct an improper counternarrative to Plaintiffs' allegations.

DATED:  November 3, 2025                    Respectfully submitted,


                                            **LABATON KELLER SUCHAROW LLP**

                                            */s/ Lauren A. Ormsbee*
                                            Lauren A. Ormsbee (*pro hac vice*)
                                            David Saldamando (*pro hac vice*)
                                            Danielle S. Lazarus (*pro hac vice*)
                                            Alexandra E. Forgione (*pro hac vice*)
                                            140 Broadway
                                            New York, NY 10005
                                            Tel: (212) 907-0700
                                            Fax: (212) 818-0477
                                            lormsbee@labaton.com
                                            dsaldamando@labaton.com
                                            dlazarus@labaton.com
                                            aforgione@labaton.com

                                            *Counsel for Lead Plaintiffs and*
                                            *Lead Counsel for the Class*

                                            **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                            Lucas E. Gilmore (Bar No. 250893)
                                            Reed R. Kathrein (Bar. No. 139304)
                                            715 Hearst Avenue, Suite 300
                                            Berkeley, CA 94710
                                            Tel: (510) 725-3000
                                            Fax: (510) 725-3001
                                            lucasg@hbsslaw.com
                                            reed@hbsslaw.com

                                            *Liaison Counsel for the Class*

                                            **VANOVERBEKE MICHAUD & TIMMONY P.C.**
                                            Aaron L. Castle (*pro hac vice*)
                                            79 Alfred Street
                                            Detriot, MI 48201
                                            Tel: (313) 578-1200
                                            Fax: (313) 578-1201
                                            acastle@vmtlaw.com

                                            *Additional Counsel for Oakland County Voluntary*
                                            *Employees' Beneficiary and Oakland County*
                                            *Employees' Retirement System*