LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
  melanie.blunschi@lw.com
Morgan E. Whitworth (Bar No. 304907)
  morgan.whitworth@lw.com
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
  daniel.gherardi@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600

*Attorneys for Defendants Extreme
Networks, Inc., Edward B. Meyercord III,
Rémi Thomas, Cristina Tate, Kevin
Rhodes, Norman Rice, and Jonas Brown*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, KEVIN RHODES, NORMAN RICE, JONAS BROWN<br><br>Defendants. | Case No. 3:24-cv-05102-TLT<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT**<br><br>Hearing:  March 3, 2026<br>Time:       2:00 p.m.<br>Location: Courtroom 9—19th Floor<br>Judge:     Hon. Trina L. Thompson |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Plaintiffs concede that Defendants' Exhibits 1 through 21 are properly considered by the Court pursuant to incorporation by reference, judicial notice, or both. Lead Plaintiffs' Response to Defendants' Request for Judicial Notice and Incorporation by Reference (Dkt. 108, "RJN Resp.") at 1. Nonetheless, Plaintiffs complain that the Court should not consider Defendants' Exhibits "for the truth of the matters asserted therein" or "to create a counternarrative" to their allegations. *Id.* Defendants are not asking the Court to consider any Exhibit to create a "counternarrative" or factual dispute as to any well-pled allegations, although it is well-established that the Court *can* consider the truth of information contained in documents incorporated by reference into the Second Amended Complaint (Dkt. 95, the "SAC"). Instead, Defendants submit the Exhibits so that the Court can consider Plaintiffs' allegations in the appropriate context, which confirms that Plaintiffs' claims rely on a series of conclusory and ill-pled assertions.

First, even Plaintiffs' cited authority recognizes that a court "may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (RJN Resp. at 2); *see also City v. Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107, 1131 (E.D. Wash. 2013) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."). That is because Plaintiffs cannot "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 at 1002; *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (where plaintiffs "rely[] on portions of" a document "in their complaint," the court "may properly consider the [document] in its entirety").

Plaintiffs are trying to do just that sort of cherry-picking. Plaintiffs ask the Court to accept their misleading interpretation of Defendants' Exhibits even though those very documents—on which Plaintiffs rely—contradict Plaintiffs' allegations. RJN Resp. at 1-2. That is what the incorporation-by-reference doctrine is designed to prevent. *See In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) (if "a general conclusion in a complaint contradicts specific facts retold in a document . . . those specific facts are controlling"); *Kampe v. Volta Inc.*, 2024 WL

4534732, at *4 (N.D. Cal. Oct. 21, 2024) ("Although the truth of an incorporated document may not be considered *solely* to dispute *well pled* facts, the Court need not accept as true conclusory allegations that are contradicted by documents referenced in the complaint.") (emphasis in original); *accord. Wong v. Am. Honda Motor Co.*, 2024 WL 612939, at *2, n.7 (9th Cir. Feb. 14, 2024) (considering incorporated "article [that] undermines Appellants' allegations"). Regardless, Plaintiffs do not identify any actual factual disputes with non-conclusory allegations. At most, they claim Defendants' legal *arguments* based on the Exhibits are inconsistent with Plaintiffs' interpretation of those documents. For example:

- Plaintiffs complain Defendants use **Exhibits 12** and **13** (Extreme's earnings press releases for the third and fourth quarters of fiscal year 2023) to support their argument that "Extreme experienced strong demand throughout the Class Period." RJN Resp. at 1. Defendants cite those exhibits to show that "Extreme exceeded the guidance range of $340 to $350 million that it had announced several months before." Motion to Dismiss the SAC (Dkt. 104, "Mot.") at 4 (emphasis omitted). The undisputed fact that Extreme exceeded its forecasted guidance in several quarters undermines Plaintiffs' claim that Extreme misrepresented customer demand, but it does not turn on a factual dispute. Indeed, Plaintiffs' allegations also describe Extreme's guidance and revenue performance. SAC ¶¶ 447 (describing guidance of "$340 to $350 million"), 460 (describing revenue performance of "$363.9 million").

- Plaintiffs claim Defendants reference **Exhibits 14** and **15** (Extreme's annual financial statement for fiscal year 2023 and earnings call transcript for the first quarter of fiscal year 2024) in response to their conclusory allegation that shrinking backlog was due to unspecified order cancellations, not the stated "resumption in shipment of orders" and "reduction of distributor orders." RJN Resp. at 1; Mot. at 5. Defendants cite these exhibits to show what the market knew about Extreme's backlog and reasons for its reduction. Plaintiffs do not dispute that some amount of backlog was released into the channel and that customers were digesting it. Nor do Plaintiffs allege any order cancellation at all. *See* Mot. at 14-17.

- Plaintiffs argue Defendants use **Exhibits 2, 9, 14,** and **20** (Extreme's annual financial statements for 2021, 2023, and 2024, and the earnings call transcript for the second quarter of fiscal year 2023) to assert that "because Extreme's independent auditor consistently signed off on Extreme's financials," Extreme's financial reporting was "accurate[]." RJN Resp. at 2. Plaintiffs do not allege that Extreme's actual reported financial results—*i.e.*, the numbers—were not accurate. In any event, Defendants cite these Exhibits for the undisputed fact that Extreme's auditor signed off on its financials and cite cases explaining why this fact undermines falsity. *See* Mot. at 11-12 (citing *Turner v. MagicJack VocalTec, Ltd.*, 2014 WL 406917, at *9 (S.D.N.Y. Feb. 3, 2014) (no falsity where "auditor issued opinions" that financial statements were prepared consistent with GAAP)).

- Plaintiffs claim Defendants cite **Exhibit 9** (Extreme's earnings call transcript for the second quarter of fiscal year 2023) and a website to assert "that Defendant Thomas left Extreme to pursue a new opportunity" while "refusing to acknowledge" vague former employee allegations that "Thomas had 'wanted to get

out of' Extreme because of how things were trending." RJN Resp. at 2. Plaintiffs' allegations are based upon third-hand hearsay, *see* Mot. at 24-25; SAC ¶¶ 186-87, but the relevant and undisputed information in these exhibits is that Defendant Thomas left to become the CFO of a different company—not to take a less prestigious position or retire. Plaintiffs do not articulate why the Court cannot consider that the market was aware that Defendant Thomas left Extreme to pursue a new opportunity. *See In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (granting judicial notice "for the purpose of determining what was disclosed to the market").

- Finally, Plaintiffs argue that the Court should "view" Defendants' use of **Exhibits 1, 2,** and **3** (Extreme's earnings call transcript for the third quarter fiscal year 2021, annual financial statement for fiscal year 2021, and earnings press release for the third quarter of fiscal year 2022) "with caution" because they pre-date the Class Period. RJN Resp. at 2. But Plaintiffs are the ones who relied on these sources in the SAC, *see* SAC ¶¶ 62, 67, 70, 74, 383, 618; they cannot now claim they are irrelevant or should only be considered "with caution." In any event, courts consider pre-class-period facts and documents when they are relevant to the complaint's allegations. *See In re U.S. Aggregates, Inc. Sec. Litig.*, 235 F. Supp. 2d 1063, 1065 n.1 (N.D. Cal. 2002) (pre-class-period conduct material to falsity); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8, n.5 (N.D. Cal. Mar. 2, 2012) (taking judicial notice of the fact that a defendant actually sold more shares during the "six months preceding the class period").

Finally, Plaintiffs claim that Defendants' use of the Exhibits is "inconsistent with the Court's directive." RJN Resp. at 1. But Plaintiffs do not explain what that "directive" is. Indeed, the Court held that several of the Exhibits were properly subject to incorporation by reference and/or judicial notice in connection with dismissing Plaintiffs' First Amended Complaint. Order Granting Motion to Dismiss (Dkt. 92), at 10-12. And it remains the case that the Court has discretion to consider incorporated documents for their truth. *See Khoja*, 899 F.3d 988, 1003; *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).

Plaintiffs' response to Defendants' request for judicial notice makes clear they are asking the Court to ignore the context and content of the documents upon which they rely in the SAC because it undermines their conclusory allegations. But that desire does not overcome the well-settled precedent that courts can consider "context" when deciding a motion to dismiss. *See Sneed v. Talphera, Inc.*, 147 F.4th 1123, 1131 (9th Cir. 2025) (courts "look at 'the context surrounding the statement," including "information outside the immediate document," because it "can form the context in which a reasonable investor would view a particular statement"); *In re Eventbrite*, 2020 WL 2042078, at *7 ("[N]othing in *Khoja* prevents this Court from analyzing an alleged false

statement in context.").

Defendants request that the Court consider each of Exhibits 1 through 21 in connection with Defendants' motion to dismiss.

Dated: November 25, 2025

Respectfully submitted,

LATHAM & WATKINS LLP


By  */s/ Melanie M. Blunschi*
     Melanie M. Blunschi (Bar No. 234264)
      melanie.blunschi@lw.com
     Morgan E. Whitworth (Bar No. 304907)
      morgan.whitworth@lw.com
     505 Montgomery St., Suite 2000
     San Francisco, CA 94111
     Telephone: +1.415.391.0600

     Daniel R. Gherardi (Bar No. 317771)
      daniel.gherardi@lw.com
     140 Scott Drive
     Menlo Park, CA 94025
     Telephone: +1.650.328.4600

     *Attorneys for Defendants Extreme Networks, Inc., Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown*