UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EXTREME NETWORKS, INC., et al.,<br><br>Defendants. | Case No.  24-cv-05102-TLT<br><br>**SUPPLEMENTAL QUESTIONS FOR HEARING REGARDING THE MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT (SAC)**<br><br>Re: Dkt. Nos. 104, 105 |

**A.    CHANNEL STUFFING**

**[TO PLAINTIFFS]**

In the prior Order, the Court noted that "Plaintiffs do not allege that the channel stuffing conduct was itself illicit" and, upon that, reviewed Plaintiffs' allegations based on your preferred cases, *Plantronics* and *Murphy*.  ECF 92 at 14–15.  Defendants contend that the SAC is "embracing [a] claim that Extreme launched an illicit scheme in May 2022."  ECF 104 at 8.

1.  Please confirm whether the SAC intends to show that Extreme launched an illicit scheme, and if so, how that position would survive the stringent pleading standards Defendants cited in *Waterford Twp. Police v. Mattel*, 321 F. Supp. 3d 1133 (C.D. Cal. 2018) and *In re ICN Pharm., Inc., Sec. Litig.*, 299 F. Supp. 2d 1055 (C.D. Cal. 2004).

**B.    CORPORATE OPTIMISM**

**[TO BOTH PARTIES]**

"When valuing corporations, however, investors do not rely on vague statements of optimism like "good," "well-regarded," or other feel-good monikers. This mildly optimistic, subjective assessment hardly amounts to a securities violation."  *In re Cutera Sec. Litig.*, 610 F.3d

1103, 1111 (9th Cir. 2010).

2. Please explain how the Court should view Defendants' statements, including "exceptionally strong" and "unabated" under *Cutera*.

3. If the Court finds that Defendants' statements constitute non-actionable corporate optimism, please explain how this finding affects the remaining issues in this motion, specifically the evaluation of scienter and the holistic review of the SAC.

**C.    PSLRA SAFE HARBOR**

**[TO BOTH PARTIES]**

The Ninth Circuit held that a statement accompanied by a disclaimer constitutes a forward-looking statement. *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1059 (9th Cir. 2014). The Court in this district considered the following disclaimer in *Intuitive Surgical* as the standard for identifying forward-looking statements, which states:  "Before we begin, I would like to inform you that comments mentioned on today's call may be deemed to contain forward-looking statements. Actual results may differ materially from those expressed or implied, as a result of certain risks and uncertainties. These risks and uncertainties are described in detail in the company's SEC filings. Prospective investors are cautioned not to place undue reliance on such forward-looking statements." *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 993 (N.D. Cal. 2017).

4. Is the *Intuitive Surgical* disclaimer the proper standard for this Court to determine if the alleged misstatements are forward-looking?  If yes, identify which statements were immediately preceded or accompanied by such a disclaimer.  If no, provide the alternative legal authority that governs the distinction between present facts and "forward-looking" projections.

**[TO DEFENDANTS]**

5. Plaintiffs contend that you "neutralized cautionary language by affirmatively [stating] backlog orders were "not cancelable" (¶458)" and that you did not see "double ordering." ECF 109 at 16.  Explain why these assertions should still be protected by the Safe Harbor.

2

### D.   LOSS CAUSATION

**[TO BOTH PARTIES]**

To plead loss causation, a complaint must allege with particularity facts suggesting a corrective disclosure revealed the truth concealed by a defendant.  *Espy v. J2 Glob., Inc.*, 99 F.4th 527, 540 (9th Cir. 2024).

6.   Under *Epsy*, what level of specific detail does the Court need to verify to determine SAC properly pleaded loss causation?  Please include exact citations to the record for any specific language.

**[TO PLAINTIFFS]**

7.   Provide a response to Defendants' assertion, "Plaintiffs' disclosures did not "reveal" a fall in backlog—Extreme had consistently informed investors of expected decreases and provided backlog updates throughout the Class Period. Mot. at 24; *see, e.g.*, Ex. 4 at 5, 15; Ex. 9 at 6, 8–9, 14.  Decreased backlog only "confirmed" what Extreme had "repeatedly warned" about in the Class Period."  ECF 110 at 13–14.

8.   Regarding your statement in ECF 109 at 25 that the implementation of manipulative practices would foreseeably lead to an inventory buildup at the distributor/partner level, please provide the exact citation in the SAC.

**[TO DEFENDANTS]**

9.   Regarding your statement in ECF 110 at 15 that "**no analyst agreed with Plaintiffs' theory**" that the inventory buildup was evidence of channel stuffing, please provide the exact citation in your briefing supporting the analyst's position.

//

//

//

**E.　RECENT DECISIONS (ECF 118)**

**[TO BOTH PARTIES]**

10. How does the recent decision in *Constr. Laborers Pension Tr. of Greater St. Louis v. Funko Inc*, No. 24-4909, 2026 WL 292424 (9th Cir. Feb. 4, 2026) and *Indiana Pub. Ret. Sys. v. Rivian Auto., Inc.*, No. 2:24-CV-4566-CBM-JPR, 2026 WL 199989 (C.D. Cal. Jan. 22, 2026) affect the Court's analysis of whether a company has a duty to disclose internal cancellation hedges, such as those described by FE-7?

The parties are ordered to respond in writing to each question no later than 4pm on Monday, March 2, 2026.  Due to the Court's current trial schedule, response in writing will allow for adequate time for oral argument.

IT IS SO ORDERED.

Dated: February 27, 2026

_____
TRINA L. THOMPSON
United States District Judge