LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Morgan E. Whitworth (Bar No. 304907)
 morgan.whitworth@lw.com
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
 daniel.gherardi@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600

*Attorneys for Defendants Extreme Networks, Inc.,
Edward B. Meyercord III, Rémi Thomas,
Cristina Tate, Kevin Rhodes, Norman Rice, and
Jonas Brown*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, KEVIN RHODES, NORMAN RICE, JONAS BROWN <br><br> Defendants. | Case No. 3:24-cv-05102-TLT <br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> Hon. Trina L. Thompson <br><br> **JURY TRIAL DEMANDED** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Defendant Extreme Networks, Inc. ("Extreme" or the "Company), Defendant Edward B. Meyercord III ("Meyercord"); (ii) CFOs Defendants Rémi Thomas ("Thomas") (CFO until February 2023), Christina Tate ("Tate") (CFO from February 2023 to May 2023), and Kevin Rhodes ("Rhodes") (CFO from May 2023 through the end of the Class Period); (iii) COO Defendant Norman Rice ("Rice"); and (iv) Senior Director of Worldwide Distribution Sales and Strategy, Defendant Jonas Brown ("Brown") (collectively, the "Individual Defendants") by and through their undersigned counsel, hereby submit their Answers and Affirmative Defenses to the operative claims and allegations made by Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System ("Oklahoma Fire"), Oklahoma Police Pension and Retirement System ("Oklahoma Police"), Oakland County Voluntary Employees' Beneficiary Association ("Oakland County VEBA"), and Oakland County Employees' Retirement System ("Oakland County ERS") (collectively, "Lead Plaintiffs"), (Dkt. No. 95) (the "SAC").

Except as otherwise affirmatively stated below, Defendants deny all allegations of the SAC. Any factual averment admitted herein is admitted only to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in the SAC as a whole. Moreover, except to the extent expressly admitted herein, Defendants specifically deny any allegations contained in the SAC's headings, footnotes, table of contents, or exhibits. With respect to any purported document cited to or quoted in the SAC, Defendants do not admit that the documents are accurate, relevant, or admissible in this action, and Defendants reserve all objections regarding admissibility. The SAC contains purported excerpts from, and references to, a number of documents and third-party publications; such documents and third-party publications speak for themselves, and Defendants refer to the respective documents and third-party publications for their contents. Defendants did not search for or review those documents to determine whether Lead Plaintiffs correctly quoted or interpreted them. To the extent the Court finds any Defendant must answer any paragraph to which that Defendant did not respond, each Defendant denies every allegation therein and reserves the right to submit supplemental responses. Defendants expressly reserve the right to amend and/or supplement this Answer, seek leave to

amend this Answer, or to modify or assert all claims, defenses, counterclaims, and third-party claims permitted by law.

The unnumbered paragraphs on page 1 of the SAC do not contain allegations of fact to which a response is required. To the extent a response is required, Defendants deny the allegations to the extent they purport to assert that there is a basis in fact or law for Lead Plaintiffs' claims against Defendants. Defendants admit that Lead Plaintiffs purport to bring a federal securities class action on behalf of themselves and a class consisting of all persons and entities that purchased or otherwise acquired the common stock of Extreme, from July 27, 2022 through January 30, 2024 inclusive (the "Class Period"), but Defendants deny that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23. Defendants lack knowledge or information sufficient to form a belief as to the second paragraph on page 1 of the SAC as it pertains to the investigation undertaken by Lead Plaintiffs or their representatives and therefore deny those allegations. To the extent that the unnumbered paragraphs contain legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in the unnumbered paragraphs on page 1.

With respect to specific paragraphs of the SAC, Defendants respond on information and belief as follows:

I.　　INTRODUCTION

　　A. Overview of the Fraud

1.　　To the extent Paragraph 1 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 1.

2.　　To the extent Paragraph 2 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 2.

3.　　Defendants admit that Extreme's backlog was $555 million as of September 30, 2022 (end of Q1 2023), which was the highest publicly reported amount between FY2021 and FY2023. To the extent Paragraph 3 purports to characterize and quote from statements purportedly

made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 3.

4.    Defendants admit that between July 27, 2022 and January 30, 2024, the highest price at which Extreme's stock closed was $32.27 per share on August 11, 2023. Defendants further admit that Extreme's stock closed at $12.59 per share on February 2, 2024. Defendants otherwise deny the allegations in Paragraph 4.

5.    To the extent Paragraph 5 contains legal conclusions with respect to whether the statements or omissions contained in Appendix A are "false and misleading" and whether the timeline contained in Appendix B constitute a "fraudulent scheme," no response is required. Defendants otherwise deny the allegations in Paragraph 5.

### B. The Channel Stuffing Fraud: Manufacturing "Demand"

6.    To the extent Paragraph 6 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 6.

7.    Defendants admit that as of the fourth fiscal quarter of 2022, Defendant Thomas was Extreme's Executive VP & CFO, and that Defendant Rice was Extreme's COO. To the extent the allegations in Paragraph 7 are based on information purportedly provided by any purported former employee ("FE"), Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 7, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

8.    To the extent the allegations in Paragraph 8 are based on statements or notes purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of such statements or notes and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 8, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

9.      Defendants admit that TD Synnex, Westcon, and Jenne were three of Extreme's largest distributors during FY2021 to FY2024. To the extent the allegations in Paragraph 9 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 9.

10.      Defendants admit that Westcon was one of Extreme's largest distributors during FY2021 to FY2024. To the extent the allegations in Paragraph 10 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 10.

11.      Defendants admit that four of Extreme's distributors accounted for more than 50% of Extreme's annual total net revenues in FY2022, FY2023, and FY2024. To the extent the allegations in Paragraph 11 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 11, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

12.      To the extent the allegations in Paragraph 12 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. To the extent Paragraph 12 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 12.

**C. The Backlog Fraud: Hiding Conditional Orders With Significant Cancellation**

13.      To the extent Paragraph 13 contains legal conclusions, no response is required. Defendants admit that Extreme reported the amount of backlog orders at various points in time between FY2021 and FY2023 and that Extreme's backlog was $555 million as of September 30, 2022 (end of Q1 2023), which was the highest publicly reported amount between FY2021 and FY2023. To the extent Paragraph 13 purports to characterize and quote from statements

purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations purportedly made by FE-7, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations purportedly made by FE-7, and on that basis deny them. To the extent Paragraph 16 purports to characterize and quote from statements purportedly made by Defendant Meyercord, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 16.

### D. The Collapse of Both Frauds

17. To the extent Paragraph 17 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 17.

18. Defendants admit that Extreme's backlog was $555 million as of September 30, 2022 (end of Q1 2023) and $267.3 million as of June 30, 2023 (end of Q4 2023). Defendants further admit that Extreme's product revenues grew by $20.6 million between Q3 2023 (ending on March 31, 2023) and Q4 2023 (ending on June 30, 2023). Defendants otherwise deny the allegations in Paragraph 18.

19. To the extent Paragraph 19 contains legal conclusions, no response is required. To the extent Paragraph 19 purports to characterize and quote from statements purportedly made during Extreme's Q2 2024 earnings call held on January 31, 2024, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 19.

20. To the extent Paragraph 20 contains legal conclusions, no response is required. To the extent Paragraph 20 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those

statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 20, including Lead Plaintiffs' characterization of the events at issue.

21.     To the extent Paragraph 21 contains legal conclusions, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding pension fund and other investor purchases or any of their reported damages, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 21.

### E. Procedural History Of This Action

22.     Defendants admit the allegations in Paragraph 22.

23.     To the extent Paragraph 23 purports to characterize and quote from the Court's August 12, 2025 order on Defendants' motion to dismiss ("Order"), Defendants respectfully refer the Court to that Order for its complete and accurate contents.

24.     To the extent Paragraph 24 contains legal conclusions, no response is required. To the extent Paragraph 24 purports to characterize and quote from the Court's Order, Defendants respectfully refer the Court to the Order for its complete and accurate contents. To the extent Paragraph 24 purports to characterize the SAC, Defendants respectfully refer the Court to the SAC for its complete and accurate contents. To the extent the allegations in Paragraph 24 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 24.

25.     To the extent Paragraph 25 contains legal conclusions, no response is required. To the extent Paragraph 25 purports to characterize and quote from the Court's Order, Defendants respectfully refer the Court to the Order for its complete and accurate contents. To the extent Paragraph 25 purports to characterize the SAC, Defendants respectfully refer the Court to the SAC for its complete and accurate contents. To the extent the allegations in Paragraph 25 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 25, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

26.     To the extent Paragraph 26 purports to characterize and quote from the Court's Order, Defendants respectfully refer the Court to the Order for its complete and accurate contents.

27.     To the extent Paragraph 27 contains legal conclusions, no response is required. To the extent Paragraph 27 purports to characterize the SAC, Defendants respectfully refer the Court to the SAC for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 27.

## II.     JURISDICTION AND VENUE

28.     Defendants admit that the SAC purports to assert claims arising under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder.

29.     Defendants admit that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 27 of the Exchange Act.

30.     Defendants admit that venue is proper in this District pursuant to § 27 of the Exchange Act and 28 U.S.C. § 1391(b) because Extreme maintained a corporate office in this District during the putative Class Period. Defendants admit that Extreme has a corporate office in San Jose, California. Defendants admit that Extreme's stock trades on the Nasdaq Global Select Market ("NASDAQ") under the ticker symbol "EXTR." Defendants admit that Extreme has used the United States mails, interstate telephone communications, and the facilities of Nasdaq. Defendants otherwise deny the allegations in Paragraph 30.

## III.     THE PARTIES

### A.  Lead Plaintiffs

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny them. To the extent that Paragraph 31 purports to characterize Lead Plaintiffs' certifications submitted with its motion for appointment of Lead Plaintiff, Defendants respectfully refer the Court to those certifications for their complete and accurate contents.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis deny them. To the extent that Paragraph 32 purports to characterize Lead Plaintiffs' certifications submitted with its motion for appointment

of Lead Plaintiff, Defendants respectfully refer the Court to those certifications for their complete and accurate contents.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny them. To the extent that Paragraph 33 purports to characterize Lead Plaintiffs' certifications submitted with its motion for appointment of Lead Plaintiff, Defendants respectfully refer the Court to those certifications for their complete and accurate contents.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis deny them. To the extent that Paragraph 34 purports to characterize Lead Plaintiffs' certifications submitted with its motion for appointment of Lead Plaintiff, Defendants respectfully refer the Court to those certifications for their complete and accurate contents.

**B. Defendants**

35. Defendants admit the allegations in Paragraph 35.

36. Defendants admit the allegations in Paragraph 36.

37. Defendants admit the allegations in Paragraph 37.

38. Defendants admit that Cristina Tate ("Tate") served as Interim CFO of Extreme from February 16, 2023 to May 30, 2023 and served as Senior Vice President, Financial Planning & Analysis ("FP&A") from August 2022 to May 2025.

39. Defendants admit the allegations in Paragraph 39.

40. Defendants admit the allegations in Paragraph 40.

41. Defendants admit that Defendant Brown was the Senior Director of Worldwide Distribution Sales and Strategy at Extreme during the putative Class Period. To the extent the allegations in Paragraph 41 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis.

42. Defendants admit that the SAC refers to Defendants Meyercord, Thomas, Tate, Rhodes, Rice, and Brown as the Individual Defendants in Paragraph 42. To the extent that

Paragraph 42 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 42, including Lead Plaintiffs' characterization of the events at issue. To the extent Footnote 2 purports to characterize Extreme's November 7, 2023 Analyst Investor Day conference, Defendants respectfully refer the Court to the statements from that conference for its complete and accurate contents. To the extent that Footnote 2 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Footnote 2, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

43.    Defendants admit the allegations in Paragraph 43.

**C. Relevant Third Parties**

44.    Defendants admit the allegations in Paragraph 44.

45.    To the extent Paragraph 45 contains legal conclusions, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-1 and statements purportedly made by FE-1 and deny the allegations in Paragraph 45 on that basis. Defendants admit that Joseph Uraco was Director of Distribution Sales in the Americas from August 2019 until February 2023. Defendants admit that TD Synnex was one of Extreme's largest distributors between FY2022 and FY2024. Defendants otherwise deny the allegations in Paragraph 45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations in Footnote 3 on that basis.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-2 and statements purportedly made by FE-2 and deny the allegations in Paragraph 46 on that basis. Defendants admit that David Savage was Vice President of Sales, and Senior Director of SLED (State, Local, and Education) Sales during the putative Class Period. Defendants further admit that Pete Brant was Extreme's SVP Americas Sales during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations in Footnote 4 on that basis.

47.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-3 and statements purportedly made by FE-3 and deny the allegations in Paragraph 47 on that basis. Defendants admit that Defendant Thomas was CFO until February 2023, and Defendant Rhodes was CFO beginning in May 2023. Defendants otherwise deny the allegations in Paragraph 47. Defendants admit the allegations in Footnote 5.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-4 and statements purportedly made by FE-4 and deny the allegations on that basis. Defendants admit that Westcon was one of Extreme's top distributors between FY2022 and FY2024. Defendants otherwise deny the allegations in Paragraph 48.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-5 and statements purportedly made by FE-5 and deny the allegations on that basis. Defendants admit that Matthew Kilianski was Strategic Partnerships Director from June 2021 to October 2022, Amy Bravo was Director of Global Solution Partnerships – Americas during the putative Class Period, Cameron Marchand was Director – Strategic Partnerships during the putative Class Period, and Jennifer Orr was Vice President, Americas Channel during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 49.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-6 and statements purportedly made by FE-6 and deny the allegations on that basis. Defendants admit that David Savage was Vice President of Sales, and Senior Director of SLED (State, Local, and Education) Sales during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 50.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-7 and statements purportedly made by FE-7 and deny the allegations on that basis. Defendants admit that Nabil Bukhari was Extreme's Chief Technology and Product Officer for EVP/GM Subscription Business during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 51.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-8 and statements purportedly made by FE-8 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 52.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-9 and statements purportedly made by FE-9 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 53.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-10 and statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 54.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-11 and statements purportedly made by FE-11 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 55.

IV.     **BACKGROUND AND NATURE OF THE FRAUD**

**A. Overview of Extreme's Business**

56.     Defendants admit the allegations in Paragraph 56. Defendants aver that Paragraph 56 is an incomplete description of Extreme's business.

57.     Defendants admit the allegations in Paragraph 57.

58.     Defendants admit the allegations in Paragraph 58.

59.     Regarding Paragraph 59, Defendants admit that Extreme reports both: (1) product revenues and (2) subscription and support revenues (referred to as service and subscription revenues prior to FY2024). Defendants further admit that product revenues accounted for 62.6% of Extreme's total net revenues for FY2024, 71% of Extreme's total net revenues for FY2023, and 68.5% of Extreme's total net revenues for FY2022. Defendants otherwise deny the allegations in Paragraph 59. Defendants admit the allegations in Footnote 6.

60.     Defendants admit that Extreme has two distribution channels or tiers and that Extreme reported disaggregated net revenues by two sales channels: (1) Distributor (*i.e.*, via distribution channels) and (2) Direct (*i.e.*, directly to end customers). Defendants otherwise deny the allegations in Paragraph 60.

61. Defendants admit the allegations in Paragraph 61.

62. Regarding Paragraph 62, Defendants deny that Extreme stated that ScanSource was "right behind" its three largest distributors in any of its Form 10-Ks for FY2021 to FY2024. Defendants aver that the only disclosure Extreme made regarding ScanSource in its FY2021 to FY2024 Form 10-Ks was that ScanSource accounted for 11% of Extreme's net accounts receivable as of June 30, 2024, 10% as of June 30, 2023, and less than 10% as of June 30, 2022. Defendants otherwise admit the Extreme is a global provider of cloud-based computer networking equipment and related services. Extreme develops, manufactures, and sells wired and wireless network infrastructure equipment (*i.e.*, "product"), such as wireless access points. Regarding Footnote 7, Defendants admit that Extreme's net revenues reportable to TD Synnex, Jenne, and Westcon for FY2022 can be found in Extreme's 10-K for FY2022 at 61.

63. Regarding Paragraph 63, Defendants admit that TD Synnex, Jenne, and Westcon accounted for 54% of Extreme's total net revenues in FY2022, 53% of Extreme's total net revenues in FY2023, and 59% of Extreme's total net revenues in FY2024. Defendants admit that ScanSource accounted for less than 10% of Extreme's net accounts receivable as of June 30, 2022, 14% of Extreme's net accounts receivable as of the end of Q1 2023, 10% of Extreme's net accounts receivable as of June 30, 2023, and 11% of Extreme's net accounts receivable as of June 30, 2024. Defendants deny that ScanSource "stayed above 10% [of Extreme's net accounts receivables] for the ensuing two years" after Q1 2023. Defendants aver that ScanSource dropped below 10% in multiple quarters in FY2023 and FY2024, including in Q3 2023 and in Q1 to Q3 2024. Defendants otherwise deny the allegations in Paragraph 63. Regarding Footnote 8, Defendants deny that Extreme did not report revenues attributable to ScanSource. Defendants aver that Extreme disclosed ScanSource's accounts receivable as a percentage of Extreme's net accounts receivable and revenues attributable to ScanSource as a percentage of Extreme's total net revenues if the percentages reached 10% or more. Regarding Footnote 9, Defendants admit that Jenne accounted for 28% of Extreme's net accounts receivable as of June 30, 2022, 39% of Extreme's net accounts receivable as of June 30, 2023, and 64% of Extreme's net accounts receivable as of June 30, 2024. Defendants further admit that Jenne and ScanSource made up 49% of Extreme's net accounts

receivable as of June 30, 2023, and 75% of Extreme's net accounts receivable as of June 30, 2024. Defendants otherwise deny the allegations in Footnote 9.

64. Regarding Paragraph 64, Defendants admit that Extreme recognizes product revenues when control of the product is transferred to the customer (*i.e.*, when Extreme's performance obligation is satisfied), which typically occurs at shipment for product sales. Regarding Footnote 10, Defendants admit that Extreme adopted Accounting Standards Update No. 2014-09, Revenue from Contracts with Customers, Topic 606 ("Topic 606") on July 1, 2017 and accounted for revenue in accordance with Topic 606 thereafter. To the extent Footnote 10 purports to characterize Topic 606, Defendants respectfully refer the Court to the accounting standards for their complete and accurate contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Footnote 10.

## B. Defendants' Class Period Statements Paint a Picture Of Incredible Product Demand, Both Of Orders On Backlog And Shippable Product

### 1. Extreme's Half Billion Dollar "Firm" and "Not Cancelable" Backlog Increases To Record Highs During The Class Period

65. Defendants admit that Extreme reported its product backlog during the putative Class Period. Defendants admit that Extreme's product backlog represents confirmed orders with a purchase order for products to be fulfilled and billed to customers with approved credit status, and that, as disclosed in Extreme's Form 10-Ks, all such orders are subject to possible rescheduling or cancellations by customers and therefore not indicative of actual revenues for any future period. Defendants otherwise deny the allegations in Paragraph 65, including Lead Plaintiffs' characterization of the events at issue.

66. Defendants admit the allegations in Paragraph 66.

67. Defendants admit that Extreme reported $267.5 million total net revenues in Q2 2020 ending December 31, 2019 ($190.5 million of which were product revenues), $209.5 million total net revenues in Q3 2020 ending March 31, 2020 ($136.5 million of which were product revenues), and $215.5 million total net revenues in Q4 2020 Ending June 30, 2020 ($141.5 million of which were product revenues). Defendants further admit that total net revenues and product

revenues increased in FY2021 as compared to FY2020 and Extreme faced supply chain disruptions caused by the COVID pandemic. To the extent Paragraph 67 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's Q3 2021 earnings call held on April 28, 2021, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 67.

68.    To the extent Paragraph 68 purports to characterize and quote from statements purportedly made during Extreme's Q3 2021 earnings call held on April 28, 2021, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 11 and deny the allegations on that basis.

69.    Defendants admit that Extreme reported the amount of backlog orders at various points in time between FY2021 and FY2023. Defendants admit that Extreme's backlog was $31.7 million as of June 30, 2020 (end of Q4 2020), $105 million as of June 30, 2021 (end of Q4 2021), and $555 million as of September 30, 2022 (end of Q1 2023). To the extent Paragraph 69 purports to characterize and quote from Defendants' purported statements, Lead Plaintiffs do not identify when such statements were made, but Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 69.

70.    Defendants admit that Extreme reported the amount of backlog orders at various points in time between FY2021 and FY2023. Defendants further admit that Extreme's backlog was $513 million as of June 30, 2022 (end of Q4 2022). To the extent the chart in Paragraph 70 purports to characterize Extreme's publicly disclosed backlog amounts between FY2021 and FY2023, Defendants respectfully refer the Court to Extreme's public disclosures for the reported backlog amounts. Defendants otherwise deny the allegations in Paragraph 70.

71.    To the extent Paragraph 71 purports to characterize and quote from statements purportedly made during Extreme's Q4 2021 earnings call held on July 28, 2021, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 71.

72. Defendants admit that Extreme reported $513 million of backlog orders as of June 30, 2022 (end of Q4 2022) and $555 million of backlog orders as of September 30, 2022 (end of Q1 2023). To the extent Paragraph 72 purports to characterize and quote from statements purportedly made by certain Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 72, including Lead Plaintiffs' purported added emphases.

73. To the extent Paragraph 73 purports to characterize and quote from statements purportedly made by certain Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 73, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

74. To the extent Paragraph 74 purports to characterize and quote from Extreme's Forms 10-K for FY2021 and FY2022, Defendants respectfully refer the Court to those filings for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 74, including Lead Plaintiffs' characterization of the events at issue.

75. To the extent Paragraph 75 purports to characterize and quote from statements purportedly made by Defendant Tate on May 17, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 75, including Lead Plaintiffs' characterization of the events at issue.

76. To the extent Paragraph 76 purports to characterize analysts' and Defendants' statements purportedly made throughout the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding analysts and the market's beliefs, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 76.

77. To the extent Paragraph 77 purports to characterize and quote from Needham's analyst report on July 27, 2022, Defendants respectfully refer the Court to that report for its

complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 77, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

78.     To the extent Paragraph 78 purports to characterize and quote from various analyst reports, including Rosenblatt Securities' statements on August 28, 2022, Needham's statements on September 23, 2022, and Craig-Hallum's statements on October 28, 2022, Defendants respectfully refer the Court to the analyst reports for their complete and accurate contents. To the extent Paragraph 78 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 78, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

79.     To the extent Paragraph 79 purports to characterize and quote from statements purportedly made by Rosenblatt Securities in its March 29, 2023 report, Defendants respectfully refer the Court to that report for its complete and accurate contents. To the extent that Paragraph 79 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 79, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

80.     To the extent that Paragraph 80 contains legal conclusions, no response is required. To the extent the allegations in Paragraph 80 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 80, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

### 2.     Extreme's Product Revenues Also Grow Exponentially During The Class Period, Which Defendants Attribute To "Exceptionally Strong" Demand

81.     Defendants admit that Extreme's publicly reported backlog ranged from approximately $100 million to $555 million at various points in time between FY2021 and FY2023. To the extent the table in Paragraph 81 purports to characterize Extreme's quarterly

revenue figures, Defendants respectfully refer the Court to Extreme's Forms 10-Q, Forms 10-K, and earnings releases for their contents and reported financial results. Defendants otherwise deny the allegations in Paragraph 81, including Lead Plaintiffs' characterization of the events at issue.

82. To the extent Paragraph 82 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 82, including Lead Plaintiffs' characterization of the events at issue.

83. To the extent Paragraph 83 purports to characterize and quote from statements purportedly made by certain Defendants in Extreme's Q4 2022 earnings press release published on July 27, 2022, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 83, including Lead Plaintiffs' purported added emphases.

84. To the extent Paragraph 84 purports to characterize and quote from statements purportedly made by analysts including the Lake Street Capital Markets report issued on July 27, 2022, Defendants respectfully refer the Court to those statements, including the specific analyst report, for their complete and accurate contents. To the extent Paragraph 84 purports to characterize statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 84, including Lead Plaintiffs' characterization of the events at issue.

85. To the extent Paragraph 85 purports to characterize and quote from Needham's analyst report issued on July 27, 2022, Defendants respectfully refer the Court to that analyst report for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 85, including Lead Plaintiffs' characterization of the events at issue.

86. Defendants admit that Extreme's product revenues were $187.1 million in Q4 2022 and $261.7 million in Q4 2023. To the extent the chart in Paragraph 86 purports to characterize Extreme's quarterly product revenue figures, Defendants respectfully refer the Court to Extreme's Forms 10-Q, Forms 10-K, and earnings releases for their contents and reported financial results.

Defendants otherwise deny the allegations in Paragraph 86, including Lead Plaintiffs' characterization of the events at issue.

87. To the extent Paragraph 87 purports to characterize and quote from statements purportedly made by certain Defendants during Extreme's earnings calls and the May 17, 2023 Needham Technology & Media Conference, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 87, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

88. To the extent Paragraph 88 purports to characterize statements purportedly made by Defendants and analysts, Defendants respectfully refer the Court to those statements for its complete and accurate contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding analysts' thoughts, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 88, including Lead Plaintiffs' characterization of the events at issue.

89. To the extent Paragraph 89 purports to characterize and quote from statements purportedly made by Lake Street Capital Markets in its October 27, 2022 report, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 89, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

90. To the extent Paragraph 90 purports to characterize and quote from statements purportedly made by Craig-Hallum Capital Group LLC in its October 28, 2022 report, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 90, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

91. To the extent Paragraph 91 purports to characterize and quote from statements purportedly made by Craig-Hallum Capital Group LLC in its January 26, 2023 report, Defendants respectfully refer the Court to those statements for their complete and accurate contents.

Defendants otherwise deny the allegations in Paragraph 91, including Lead Plaintiffs' characterization of the events at issue.

92.     To the extent Paragraph 92 purports to characterize and quote from statements purportedly made by Needham on April 27, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 92, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

93.     To the extent Paragraph 93 purports to characterize and quote from statements purportedly made by Defendant Rhodes during Extreme's Q1 2024 earnings call, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 93, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

### C. In Reality, Defendants Could Not Meet Extreme's Quarterly Revenue Targets And Implemented A Scheme To Leverage Backlog To Stuff The Channel, Close Revenue Gaps, And Report "Strong" And "Unabated" Demand

94.     Defendants deny the allegations in Paragraph 94, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

95.     To the extent the allegations in Paragraph 95 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 95, including Lead Plaintiffs' characterization of the events at issue and any legal conclusion.

96.     To the extent the allegations in Paragraph 96 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 96, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**1.      A March 16, 2022 Distribution Meeting Launches The Channel Stuffing Scheme—"Ed Chose This Path"**

97.     To the extent Paragraph 97 purports to characterize and quote from statements purportedly made by Defendant Meyercord on Extreme's Q2 2022 earnings call, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 97, including Lead Plaintiffs' characterization of the events at issue.

98.     To the extent the allegations in Paragraph 98 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 98, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-1 and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 99, including Lead Plaintiffs' characterization of the events at issue.

100.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants admit that four of Extreme's distributors accounted for more than 50% of Extreme's annual total net revenues in FY2022, FY2023, and FY2024. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 100, including Lead Plaintiffs' characterization of the events at issue.

101.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 101, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 102, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

103. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements and notes purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 103, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

104. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 104, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

105. To the extent the allegations in Paragraph 105 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 105, including Lead Plaintiffs' characterization of the events at issue.

106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants admit that Joseph Uraco was Director of Distribution Sales, Americas from August 2019 until February 2023. Defendants further admit that John Campbell was Director of EMEA Distribution during the putative Class Period. Defendants further admit that Jack Lyon was Senior Vice President Global Operations during the putative Class Period. Defendants further admit that Sam Flansbaum was Distribution Partner Account Manager during the putative Class Period. Defendants further admit that Alison Bullen was Senior Regional Distribution Manager October 2019 through December 2023. Defendants further admit that Matt Cleaver was SVP Sales Strategy, Business Development and Operations during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 106, including Lead Plaintiffs' characterization of the events at issue.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes purportedly provided by FE-1 and statements purportedly made by FE-1 and FE-6 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 107, including Lead Plaintiffs' characterization of the events at issue.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 108, including Lead Plaintiffs' characterization of the events at issue.

109. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 109, including Lead Plaintiffs' characterization of the events at issue.

110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 110, including Lead Plaintiffs' characterization of the events at issue.

111. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 111, including Lead Plaintiffs' characterization of the events at issue.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 112, including Lead Plaintiffs' characterization of the events at issue.

113. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 113, including Lead Plaintiffs' characterization of the events at issue.

114.    To the extent the allegations in Paragraph 114 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 114, including Lead Plaintiffs' characterization of the events at issue.

115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. To the extent Paragraph 115 purports to quote alleged notes from FE-1, Defendants aver that Paragraph 115 misrepresents the words in the purported image of FE-1's alleged notes, which do not contain the words "lesser of the 2 [evils]." Defendants otherwise deny the allegations in Paragraph 115, including Lead Plaintiffs' characterization of the events at issue.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 116, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

117.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 117, including Lead Plaintiffs' characterization of the events at issue.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 118, including Lead Plaintiffs' characterization of the events at issue.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 119, including Lead Plaintiffs' characterization of the events at issue.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the

allegations on that basis. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding distributors' purported sentiments toward Extreme and deny the allegations on that basis. Defendants admit that Matt Money was a Senior Channel Account Executive during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 120, including Lead Plaintiffs' characterization of the events at issue.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding distributors' purported sentiments toward Extreme and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 121, including Lead Plaintiffs' characterization of the events at issue.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding distributors' purported sentiments toward Extreme and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 122, including Lead Plaintiffs' characterization of the events at issue.

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 123, including Lead Plaintiffs' characterization of the events at issue.

**2.    Extreme Solicits Its Top Distributors For The Scheme With One, For Example, Buying $52 Million Of Unneeded, Returnable Product In Exchange For A Prioritized $50 Million Delivery Off The Backlog**

124.    Defendants deny the allegations in Paragraph 124, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-4 and statements purportedly made by FE-4 and deny the

allegations on that basis. Defendants otherwise deny the allegations in Paragraph 125, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

126.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 126, including Lead Plaintiffs' characterization of the events at issue.

127.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 127, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 128, including Lead Plaintiffs' characterization of the events at issue.

129.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 129, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 130, including Lead Plaintiffs' characterization of the events at issue.

131.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 131, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

132.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that

basis. Defendants otherwise deny the allegations in Paragraph 132, including Lead Plaintiffs' characterization of the events at issue.

133. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 133, including Lead Plaintiffs' characterization of the events at issue.

134. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 134, including Lead Plaintiffs' characterization of the events at issue.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 135, including Lead Plaintiffs' characterization of the events at issue.

136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 136, including Lead Plaintiffs' characterization of the events at issue.

137. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 137, including Lead Plaintiffs' characterization of the events at issue.

138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-11 and statements purportedly made by FE-11 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 138, including Lead Plaintiffs' characterization of the events at issue.

139. To the extent the allegations in Paragraph 139 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to

the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 139, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

140.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 140, including Lead Plaintiffs' characterization of the events at issue.

141.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-3 and statements purportedly made by FE-3 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 141, including Lead Plaintiffs' characterization of the events at issue.

142.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-3 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 142, including Lead Plaintiffs' characterization of the events at issue.

143.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-6 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 143, including Lead Plaintiffs' characterization of the events at issue.

144.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding any FE and statements purportedly made by any FE and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 144, including Lead Plaintiffs' characterization of the events at issue.

145.    To the extent the allegations in Paragraph 145 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis.

**3.     Extreme Formalizes The Scheme To Prioritize Backlog For Those Who Stuff Their Channel With Unneeded Product, And The Consequences Are Felt By Distributors And Employees During FY2023**

146.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 146, including Lead Plaintiffs' characterization of the events at issue.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 147, including Lead Plaintiffs' characterization of the events at issue.

148.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants further admit that Fiona Nolan was Director of Purchasing and Jack Lyon was Senior Vice President Global Operations during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 148, including Lead Plaintiffs' characterization of the events at issue.

149.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 149, including Lead Plaintiffs' characterization of the events at issue.

150.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 150, including Lead Plaintiffs' characterization of the events at issue.

151.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 151, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

152.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 152, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

153.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants admit that Matt Money was a Senior Channel Account Executive during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 153, including Lead Plaintiffs' characterization of the events at issue.

154.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 154, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

155.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 155, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

156.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes and statements purportedly made by FE-1 and deny the allegations in Paragraph 156 on that basis. Defendants otherwise deny the allegations in Paragraph 156, including Lead Plaintiffs' characterization of the events at issue. Regarding Footnote 12, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding notes purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Footnote 12, including Lead Plaintiffs' characterization of the events at issue.

157.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and FE-4, and deny the

allegations on that basis. Defendants otherwise deny the allegations in Paragraph 157, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

158.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 158, including Lead Plaintiffs' characterization of the events at issue.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 159, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

160.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 160, including Lead Plaintiffs' characterization of the events at issue.

### 4.    Defendants Engage In Efforts To Sustain The Channel Stuffing Scheme By Preventing Distributors From Returning Or Rotating Their Overstuffed And Unneeded Inventory

161.    Defendants deny the allegations in Paragraph 161, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions. To the extent Footnote 13 purports to characterize and quote from Somnath Das, et al., Detection of Channel Stuffing, FORENSICS ACCT. J., at 34 (May 2011), Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Footnote 13.

162.    To the extent Paragraph 162 purports to characterize and quote from Extreme's annual reports or statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those documents and statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 162, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

163.    To the extent the allegations in Paragraph 163 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to

the truth of such information, and deny the allegations on that basis. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding distributors, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 163, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

164.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 164, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

165.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 165, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

166.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-4 and FE-6 and deny the allegations on that basis. Defendants admit that Westcon was one of Extreme's top three global distributors by revenue between FY2022 and FY2024. Defendants otherwise deny the allegations in Paragraph 166, including Lead Plaintiffs' characterization of the events at issue.

167.    Defendants deny the allegations in Paragraph 167, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

168.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 168, including Lead Plaintiffs' characterization of the events at issue.

169.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 169, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

170.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 170, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

171.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and documents purportedly sent to or copied FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 171, including Lead Plaintiffs' characterization of the events at issue.

172.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and documents purportedly provided by FE-1 and deny the allegations on that basis. Defendants admit that Matt Cleaver was SVP Sales Strategy, Business Development and Operations during the putative Class Period. Defendants further admit that Fiona Nolan was Director of Purchasing during the putative Class Period. Defendants further admit that John Campbell was Director of EMEA Distribution during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 172, including Lead Plaintiffs' characterization of the events at issue.

173.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 173, including Lead Plaintiffs' characterization of the events at issue.

174.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations in Paragraph 174 on that basis. Defendants admit that Inger Laws was Director and Associate General Counsel from May 2019 to June 2023. Defendants otherwise deny the allegations in Paragraph 174, including Lead Plaintiffs' characterization of the events at issue. Regarding Footnote 14, Defendants admit that Inger Laws was a Director and Associate General Counsel from May 2019 to June 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations regarding Inger Laws' prior employment, and deny the allegations in Footnote 14 on that basis.

175.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 175, including Lead Plaintiffs' characterization of the events at issue.

176.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and documents purportedly provided by FE-1 and deny the allegations in Paragraph 176 on that basis. Defendants otherwise deny the allegations in Paragraph 176, including Lead Plaintiffs' characterization of the events at issue. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 15 and deny the allegations on that basis.

177.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and documents purportedly provided by FE-1 and deny the allegations in Paragraph 177 on that basis. Defendants lack knowledge or information sufficient to form a belief as to the truth of the documents referenced in Paragraph 177, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 177, including Lead Plaintiffs' characterization of the events at issue. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 16 and deny the allegations on that basis.

178.    Defendants admit that Extreme reported deductions to allowance for product returns of $64,745,000 for FY2022, $88,936,000 for FY2023, and $131,950,000 for FY2024. Defendants otherwise deny the allegations in Paragraph 178, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

### 5.    FE-1 Resigns And Directly Informs Defendant Thomas (And Others) About The Company's Channel Stuffing Practices

179.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-1 and statements purportedly made by FE-1 and deny the

allegations on that basis. Defendants otherwise deny the allegations in Paragraph 179, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

180.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-1 and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 180, including Lead Plaintiffs' characterization of the events at issue.

181.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 181, including Lead Plaintiffs' characterization of the events at issue.

182.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants admit that Defendant Thomas was CFO until February 2023, and that Kimberly Basnight was Extreme's Chief People Officer during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 182, including Lead Plaintiffs' characterization of the events at issue.

183.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and FE-4 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 183, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

184.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and documents purportedly provided by FE-1 and deny the allegations in Paragraph 184 on that basis. Defendants otherwise deny the allegations in Paragraph 184, including Lead Plaintiffs' characterization of the events at issue. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 17 and deny the allegations on that basis.

185.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that

basis. Defendants admit that Kimberly Basnight was Extreme's Chief People Officer during the putative Class Period. Defendants further admit that Jim Johnson was Extreme's Senior Director of Human Resources during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 185, including Lead Plaintiffs' characterization of the events at issue.

186.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 186, including Lead Plaintiffs' characterization of the events at issue.

187.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 or FE-1's "former colleague," and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 187, including Lead Plaintiffs' characterization of the events at issue.

**6.    Extreme Engaged In Channel Stuffing With Partners And Resellers During The Class Period, In Addition to Distributors**

188.    To the extent Paragraph 188 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 188, including Lead Plaintiffs' characterization of the events at issue.

189.    To the extent Paragraph 189 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 189, including Lead Plaintiffs' characterization of the events at issue.

190.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-2 and statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 190, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

191.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 191, including Lead Plaintiffs' characterization of the events at issue.

192.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 192, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

193.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 193, including Lead Plaintiffs' characterization of the events at issue.

194.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 194, including Lead Plaintiffs' characterization of the events at issue.

195.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations in Paragraph 195 on that basis. Defendants admit that David Savage was Vice President of Sales and Senior Director of SLED Sales during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 195, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions. Regarding Footnote 18, Defendants admit that Extreme uses "SLED" to refer to "state and local government and education."

196.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements or documents purportedly made or provided by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 196, including Lead Plaintiffs' characterization of the events at issue.

197.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 197, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

198. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and documents purportedly provided by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 198, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

199. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 199, including Lead Plaintiffs' characterization of the events at issue.

200. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 200, including Lead Plaintiffs' characterization of the events at issue.

201. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 201, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

202. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 202, including Lead Plaintiffs' characterization of the events at issue.

203. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 203, including Lead Plaintiffs' characterization of the events at issue.

204. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-6 and statements purportedly made by FE-6 and deny the allegations in Paragraph 204 on that basis. Defendants otherwise deny the allegations in Paragraph

204, including Lead Plaintiffs' characterization of the events at issue. Regarding Footnote 19, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-6 and deny the allegations on that basis.

205.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-6 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 205, including Lead Plaintiffs' characterization of the events at issue.

206.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-6 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 206, including Lead Plaintiffs' characterization of the events at issue.

207.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 207, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

208.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations in Paragraph 208 on that basis. Defendants otherwise deny the allegations in Paragraph 208, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions. Regarding Footnote 20, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis.

209.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 209, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

210.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that

basis. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding PC Solutions' business and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 210, including Lead Plaintiffs' characterization of the events at issue.

211.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 211, including Lead Plaintiffs' characterization of the events at issue and any characterization of PC Solutions' business.

212.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and documents purportedly provided by FE-2 and deny the allegations in Paragraph 212 on that basis. Defendants otherwise deny the allegations in Paragraph 212, including Lead Plaintiffs' characterization of the events at issue. Regarding Footnote 21, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Footnote 21, including Lead Plaintiffs' characterization of the events at issue.

213.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and documents purportedly provided by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 213, including Lead Plaintiffs' characterization of the events at issue.

214.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 214, including Lead Plaintiffs' characterization of the events at issue.

215.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and documents purportedly provided by FE-2 and deny the allegations on that basis. Defendants admit that Laura Buttimer was a Senior Channel Account Executive at Extreme during the putative Class Period. Defendants

further admit Sam Flansbaum was Distribution Partner Account Manager at Extreme during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 215, including Lead Plaintiffs' characterization of the events at issue.

216.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and documents purportedly provided by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 216, including Lead Plaintiffs' characterization of the events at issue.

217.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 217, including Lead Plaintiffs' characterization of the events at issue.

218.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and documents purportedly provided by FE-2 and deny the allegations on that basis. Defendants admit that June 29, 2023 was the day before the close of Q3 2023. Defendants further admit that Matt Cleaver was Extreme's interim CFO from September 2018 to November 2018 and SVP Sales Strategy, Business Development and Operations during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 218, including Lead Plaintiffs' characterization of the events at issue.

219.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and documents purportedly provided by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 219, including Lead Plaintiffs' characterization of the events at issue.

220.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 220, including Lead Plaintiffs' characterization of the events at issue.

221.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that

basis. Defendants otherwise deny the allegations in Paragraph 221, including Lead Plaintiffs' characterization of the events at issue.

222. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 222, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

223. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 223, including Lead Plaintiffs' characterization of the events at issue.

224. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 224, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

225. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 225, including Lead Plaintiffs' characterization of the events at issue.

226. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-11 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 226, including Lead Plaintiffs' characterization of the events at issue.

227. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-11 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 227, including Lead Plaintiffs' characterization of the events at issue.

228. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-11 and deny the allegations on

that basis. Defendants otherwise deny the allegations in Paragraph 228, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**7.      The Company And Its Senior Management Monitored End User Sales, So They Knew When Product Was Shipped Without An End User Order**

229.     To the extent the allegations in Paragraph 229 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 229, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

230.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 230, including Lead Plaintiffs' characterization of the events at issue.

231.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 231, including Lead Plaintiffs' characterization of the events at issue.

232.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 232, including Lead Plaintiffs' characterization of the events at issue.

233.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 233, including Lead Plaintiffs' characterization of the events at issue.

234.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that

LATHAM&WATKINS
ATTORNEYS AT LAW

basis. Defendants otherwise deny the allegations in Paragraph 234, including Lead Plaintiffs' characterization of the events at issue.

235. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 regarding FE-8 and statements purportedly made by FE-8 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 235, including Lead Plaintiffs' characterization of the events at issue. Defendants admit the allegations in Footnote 22.

236. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 236, including Lead Plaintiffs' characterization of the events at issue.

237. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 237, including Lead Plaintiffs' characterization of the events at issue.

238. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations based on information purportedly provided by FEs and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 238, including Lead Plaintiffs' characterization of the events at issue.

239. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 239, including Lead Plaintiffs' characterization of the events at issue. To the extent Footnote 23 purports to characterize and quote from statements on the Clari website, Defendants respectfully refer the Court to that website for their complete and accurate contents.

240. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-9 and statements purportedly made by FE-9 and deny the

allegations on that basis. Defendants otherwise deny the allegations in Paragraph 240, including Lead Plaintiffs' characterization of the events at issue.

241.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 241, including Lead Plaintiffs' characterization of the events at issue.

242.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 242, including Lead Plaintiffs' characterization of the events at issue.

243.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants admit that Amy Bravo was Director of Global Solution Partnerships – Americas during the putative Class Period and Jennifer Orr was Vice President, Americas during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 243, including Lead Plaintiffs' characterization of the events at issue. Regarding Footnote 24, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants admit that Amy Bravo was Director of Global Solution Partnerships – Americas during the putative Class Period, Cameron Marchand was Director – Strategic Partnerships during the putative Class Period, and Paulette Huber was Senior Director – Strategic Partnerships during the putative Class Period. Defendants otherwise deny the allegations in Footnote 24, including Lead Plaintiffs' characterization of the events at issue.

244.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 244, including Lead Plaintiffs' characterization of the events at issue.

245. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 245, including Lead Plaintiffs' characterization of the events at issue.

246. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 246, including Lead Plaintiffs' characterization of the events at issue.

247. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 247, including Lead Plaintiffs' characterization of the events at issue.

248. To the extent the allegations in Paragraph 248 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 248, including Lead Plaintiffs' characterization of the events at issue.

### 8. Defendants Improperly Inflated Revenues Based On Other Illusory Sales Tactics During The Class Period

249. Defendants deny the allegations in Paragraph 249, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

250. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-5 and deny the allegations on that basis.

251. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 251, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

252. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that

basis. Defendants otherwise deny the allegations in Paragraph 252, including Lead Plaintiffs' characterization of the events at issue.

253.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 253, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

254.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 254, including Lead Plaintiffs' characterization of the events at issue.

255.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 255, including Lead Plaintiffs' characterization of the events at issue.

256.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-10 and statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 256, including Lead Plaintiffs' characterization of the events at issue.

257.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 257, including Lead Plaintiffs' characterization of the events at issue.

258.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 258, including Lead Plaintiffs' characterization of the events at issue.

259.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on

that basis. Defendants otherwise deny the allegations in Paragraph 259, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

260. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 260, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

261. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 261, including Lead Plaintiffs' characterization of the events at issue.

262. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 262, including Lead Plaintiffs' characterization of the events at issue.

263. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 263, including Lead Plaintiffs' characterization of the events at issue.

264. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 264, including Lead Plaintiffs' characterization of the events at issue.

265. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 265, including Lead Plaintiffs' characterization of the events at issue.

266. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on

that basis. Defendants otherwise deny the allegations in Paragraph 266, including Lead Plaintiffs' characterization of the events at issue.

267.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 regarding statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 267, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions. Regarding Footnote 25, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on that basis.

268.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-10 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 268, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

### D. Contrary To Defendants' Repeated Misrepresentations, Extreme's Backlog Was Freely Cancelable, Did Not Reflect "Firm" Orders and Was Not Reflective Of Assured "Revenue Growth"

269.    To the extent Paragraph 269 contains legal conclusions, no response is required. To the extent Paragraph 269 purports to characterize and quote statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 269, including Lead Plaintiffs' characterization of the events at issue.

270.    To the extent Paragraph 270 contains legal conclusions, no response is required. Defendants admit that Extreme's backlog was $555 million as of September 30, 2022 (end of Q1 2023), which was the highest publicly reported amount between FY2021 and FY2023. To the extent Paragraph 270 purports to characterize and quote statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 270 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

on that basis. Defendants otherwise deny the allegations in Paragraph 270, including Lead Plaintiffs' characterization of the events at issue.

271.    To the extent the allegations in Paragraph 271 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 271, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

### 1. Extreme's Ballooning Backlog Orders Were Conditional And Able to Freely be Cancelled

272.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-7 and statements purportedly made by FE-7 and deny the allegations on that basis. Defendants admit that Nabil Bukhari was Extreme's Chief Product and Technology Officer during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 272, including Lead Plaintiffs' characterization of the events at issue, including Lead Plaintiffs' characterization of the events at issue.

273.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 273, including Lead Plaintiffs' characterization of the events at issue.

274.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 274, including Lead Plaintiffs' characterization of the events at issue.

275.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 275, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

276.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 276, including Lead Plaintiffs' characterization of the events at issue.

277.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 277, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**2.    In Summer 2022, FE-7 Informs The ELT That Extreme's Handling Of The Backlog Is "Misleading"**

278.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-7 and statements purportedly made by FE-7 and deny the allegations on that basis. Defendants admit that Defendant Meyercord is the current President and Chief Executive Officer of Extreme. Defendants further admit that Nabil Bukhari is the current Chief Technology and Product Officer of Extreme. Defendants further admit that Joe Vitalone was the former Chief Revenue Officer at Extreme. Defendants further admit that Defendant Thomas was the former Chief Financial Officer at Extreme. Defendants further admit that Scott Peterson was a former SVP/Head of Global Channels at Extreme. Defendants otherwise deny the allegations in Paragraph 278, including Lead Plaintiffs' characterization of the events at issue.

279.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 279, including Lead Plaintiffs' characterization of the events at issue.

280.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 280, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

281.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 281, including Lead Plaintiffs' characterization of the events at issue.

282.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 282, including Lead Plaintiffs' characterization of the events at issue.

283.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 283, including Lead Plaintiffs' characterization of the events at issue.

284.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 284, including Lead Plaintiffs' characterization of the events at issue.

285.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 285, including Lead Plaintiffs' characterization of the events at issue.

286.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 286, including Lead Plaintiffs' characterization of the events at issue. Footnote 26 purports to quote the Cambridge Dictionary definition of "acid test," and Defendants respectfully refer the Court to Cambridge Dictionary for the accurate definition.

287.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that

basis. Defendants otherwise deny the allegations in Paragraph 287, including Lead Plaintiffs' characterization of the events at issue.

288. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288 regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants admit that Joe Vitalone was the former Chief Revenue Officer at Extreme. Defendants further admit that John Morrison was the former Senior Vice President EMEA Sales and Services at Extreme. Defendants otherwise deny the allegations in Paragraph 288, including Lead Plaintiffs' characterization of the events at issue. The term "regularly" in Footnote 27 is vague and ambiguous and Defendants deny the allegations in Footnote 27 on that basis.

289. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 289, including Lead Plaintiffs' characterization of the events at issue.

290. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 290, including Lead Plaintiffs' characterization of the events at issue.

291. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 291, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

292. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 292, including Lead Plaintiffs' characterization of the events at issue.

293. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293 regarding statements purportedly made by FE-7 and deny the

allegations on that basis. Defendants otherwise deny the allegations in Paragraph 293, including Lead Plaintiffs' characterization of the events at issue. Regarding Footnote 28, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis.

294.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 294, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

### 3. Former Employees Confirm That Extreme's Backlog Orders Were Not "Firm" Customer Commitments During the Class Period

295.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 295, including Lead Plaintiffs' characterization of the events at issue.

296.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 296, including Lead Plaintiffs' characterization of the events at issue.

297.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 297, including Lead Plaintiffs' characterization of the events at issue.

298.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 298, including Lead Plaintiffs' characterization of the events at issue.

299.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that

basis. Defendants otherwise deny the allegations in Paragraph 299, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

300.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-7 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 300, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

301.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by any FE, including FE-3, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 301, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

302.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-3 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 302, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

303.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-3 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 303, including Lead Plaintiffs' characterization of the events at issue.

304.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-3 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 304, including Lead Plaintiffs' characterization of the events at issue.

305.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-3 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 305, including Lead Plaintiffs' characterization of the events at issue.

306.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-3 and deny the allegations on that

basis. Defendants otherwise deny the allegations in Paragraph 306, including Lead Plaintiffs' characterization of the events at issue.

307.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-3 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 307, including Lead Plaintiffs' characterization of the events at issue.

308.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 regarding statements purportedly made by FE-3 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 308, including Lead Plaintiffs' characterization of the events at issue. Regarding Footnote 29, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-3 and deny the allegations on that basis

309.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-3 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 309, including Lead Plaintiffs' characterization of the events at issue.

310.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-3 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 310, including Lead Plaintiffs' characterization of the events at issue.

311.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-3 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 311, including Lead Plaintiffs' characterization of the events at issue.

312.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 312, including Lead Plaintiffs' characterization of the events at issue.

313.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 313, including Lead Plaintiffs' characterization of the events at issue.

314.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 314, including Lead Plaintiffs' characterization of the events at issue.

315.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-2 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 315, including Lead Plaintiffs' characterization of the events at issue.

316.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 316, including Lead Plaintiffs' characterization of the events at issue.

317.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 317, including Lead Plaintiffs' characterization of the events at issue.

318.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 318, including Lead Plaintiffs' characterization of the events at issue.

319.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-5 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 319, including Lead Plaintiffs' characterization of the events at issue.

320.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-8 and statements purportedly made by FE-8 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 320, including Lead Plaintiffs' characterization of the events at issue.

321.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-8 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 321, including Lead Plaintiffs' characterization of the events at issue.

322.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-8 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 322, including Lead Plaintiffs' characterization of the events at issue.

323.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323 regarding statements purportedly made by FE-8 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 323, including Lead Plaintiffs' characterization of the events at issue. Regarding Footnote 30, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-8 and deny the allegations on that basis.

324.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-8 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 324, including Lead Plaintiffs' characterization of the events at issue.

325.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-8 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 325, including Lead Plaintiffs' characterization of the events at issue.

326.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-8 and deny the allegations on that

basis. Defendants otherwise deny the allegations in Paragraph 326, including Lead Plaintiffs' characterization of the events at issue.

327.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-8 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 327, including Lead Plaintiffs' characterization of the events at issue.

328.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding documents purportedly provided by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 328, including Lead Plaintiffs' characterization of the events at issue.

### 4. The Significant Gap Between Product Backlog And Product Revenues Further Confirms that Extreme's Backlog Was Not "Firm"

329.    To the extent Paragraph 329 purports to characterize and quote statements purportedly made by Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 329, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

330.    In Paragraph 330, Defendants admit that, as disclosed in Extreme's Form 10-K for FY2023, product backlog "represents confirmed orders with a purchase order for products to be fulfilled and billed to customers with approved credit status." Defendants aver that Extreme also disclosed in the same document that "all [backlog] orders are subject to possible rescheduling by customers, and cancellations by customers . . . Therefore, we do not believe our backlog, as of any particular date is necessarily indicative of actual revenues for any future period." Defendants otherwise deny the allegations in Paragraph 330, including Lead Plaintiffs' purported added emphases. To the extent Footnote 31 purports to characterize and quote from Extreme's Form 10-K for FY2023, Defendants respectfully refer the Court to that document for its complete and accurate contents.

331.    To the extent Paragraph 331 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 331, including Lead Plaintiffs' characterization of the events at issue and purported added emphases. To the extent Footnote 32 purports to characterize and quote statements made in Extreme's Form 10-K for FY2022, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent Footnote 33 purports to characterize and quote statements purportedly made by Defendant Meyercord and Defendant Thomas during Extreme's earnings calls, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Footnote 33. To the extent Footnote 34 purports to characterize and quote statements purportedly made by Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents.

332.    To the extent Paragraph 332 purports to characterize and quote statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 332, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

333.    In Paragraph 333, Defendants admit that, as disclosed in Extreme's Form 10-K for FY2022, Extreme recognized product revenues "when control of the product is transferred to the customer (i.e., when the Company's performance obligation is satisfied), which typically occurs at shipment for product sales." To the extent the allegations in Paragraph 333 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 333, including Lead Plaintiffs' characterization of the events at issue. To the extent Footnote 35 purports to characterize and quote statements made in Extreme's Form 10-K for FY2022, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Regarding Footnote 36, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by any FE, including FE-1, and deny the allegations on that basis.

Defendants otherwise deny the allegations in Footnote 36, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

334. To the extent the chart in Paragraph 334 purports to characterize Extreme's publicly disclosed backlog amounts between FY2021 and FY2023, Defendants respectfully refer the Court to Extreme's public disclosures for the reported backlog amounts. Defendants otherwise deny the allegations in Paragraph 334. Regarding Footnote 37, Defendants admit that Extreme did not publicly report backlog on a quarterly basis beginning in Q1 2024.

335. To the extent Paragraph 335 purports to characterize Extreme's publicly disclosed backlog amounts between FY2021 and FY2023, Defendants respectfully refer the Court to Extreme's public disclosures for the reported backlog amounts. Defendants otherwise deny the allegations in Paragraph 335, including Lead Plaintiffs' characterization of the events at issue.

336. To the extent the chart in Paragraph 336 purports to characterize Extreme's quarterly product revenue figures, Defendants respectfully refer the Court to Extreme's Forms 10-Q, Forms 10-K, and earnings releases for their contents and reported financial results. Defendants otherwise deny the allegations in Paragraph 336, including Lead Plaintiffs' characterization of the events at issue.

337. To the extent the numbers in Paragraph 337 are derived from Extreme's publicly disclosed product backlogs and product revenues during Q4 2022 to Q4 2023, Defendants respectfully refer the Court to Extreme's public disclosures for the reported financial results. Defendants otherwise deny the allegations in Paragraph 337, including Lead Plaintiffs' characterization of the events at issue.

338. To the extent the numbers in Paragraph 338 are derived from Extreme's publicly disclosed product backlogs and product revenues between Q4 2022 and Q4 2023, Defendants respectfully refer the Court to Extreme's public disclosures for the reported financial results. Defendants otherwise deny the allegations in Paragraph 338, including Lead Plaintiffs' characterization of the events at issue. Defendants deny the allegations in Footnote 38, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions. Defendants deny

the allegations in Footnote 39, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

339.   Defendants deny the allegations in Paragraph 339, including Lead Plaintiffs' characterization of and speculation about the events at issue and any legal conclusions. Regarding Footnote 40, Defendants admit that the sum of $86.9 million and $149.6 million is $236.5 million. Defendants otherwise deny the allegations in Footnote 40, including Lead Plaintiffs' characterization of the events at issue. Defendants deny the allegations in Footnote 41, including Lead Plaintiffs' characterization of and speculation about the events at issue and any legal conclusions.

340.   To the extent Paragraph 340 purports to characterize and quote from statements purportedly made by Defendant Meyercord during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 340, including Lead Plaintiffs' characterization of and speculation about the events at issue and any legal conclusions.

341.   To the extent Paragraph 341 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent Paragraph 341 purports to characterize Extreme's publicly disclosed product backlogs and product revenues between Q1 2023 and Q4 2024, Defendants respectfully refer the Court to Extreme's public disclosures for the reported financial results. Defendants otherwise deny the allegations in Paragraph 341, including Lead Plaintiffs' characterization of the events at issue, any legal conclusions, and purported added emphases. To the extent Footnote 42 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Regarding Footnote 43, Defendants admit that Extreme's total net revenues for Q3 2024 were $211.0 million, which is $85.4 million lower than the $296.4 million total net revenues for Q2 2024. Defendants otherwise deny the allegations in Footnote 43, including Lead Plaintiffs' characterization of the events at issue.

342.    To the extent Paragraph 342 contains legal conclusions, no response is required. To the extent Paragraph 342 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 342, including Lead Plaintiffs' characterization of the events at issue.

343.    To the extent Paragraph 343 purports to characterize and quote from statements purportedly made by Defendants and analysts during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent Paragraph 343 purports to characterize Extreme's publicly disclosed product backlogs and product revenues, Defendants respectfully refer the Court to Extreme's public disclosures for the reported financial results. Defendants otherwise deny the allegations in Paragraph 343, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

344.    To the extent Paragraph 344 purports to characterize and quote from statements purportedly made by UBS Research on January 31, 2024, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 344, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

### E.    Extreme's Distributors Stop Enabling Channel Stuffing By The End of 2023

345.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 345, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

346.    To the extent the allegations in Paragraph 346 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 346, including Lead Plaintiffs' characterization of the events at issue.

347.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 or any distributors and deny the

allegations on that basis. Defendants otherwise deny the allegations in Paragraph 347, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

348.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 or any distributors and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 348, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

349.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 or any distributors and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 349, including Lead Plaintiffs' characterization of the events at issue.

350.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by FE-1 or any distributor and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 350, including Lead Plaintiffs' characterization of the events at issue.

## V.   THE TRUTH EMERGES THROUGH A SERIES OF PARTIAL DISCLOSURES

351.   To the extent Paragraph 351 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 351, including Lead Plaintiffs' characterization of the events at issue.

352.   To the extent Paragraph 352 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 352, including Lead Plaintiffs' characterization of the events at issue.

353.   Defendants admit that Extreme filed a Form 8-K on January 25, 2023, which included announcements regarding Defendant Thomas's resignation and Defendant Tate's change of roles within the Company. Defendants otherwise deny the allegations in Paragraph 353, including Lead Plaintiffs' characterization of the events at issue.

354.   In Paragraph 354, Defendants admit that Extreme reported financial results for Q2 2023 and published an investor presentation for Q2 2023 financial results on January 25, 2023. Defendants further admit that Extreme held a Q2 2023 earnings call on January 25, 2023. To the

extent Paragraph 354 purports to characterize and quote from statements purportedly made by Defendant Meyercord during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 354, including Lead Plaintiffs' characterization of the events at issue. Footnote 44 purports to characterize and quote from statements purportedly made by Defendant Thomas during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents.

355.　To the extent Paragraph 355 contains legal conclusions, no response is required. To the extent Paragraph 355 purports to characterize or quote from the SAC, Defendants respectfully refer the Court to the SAC for its complete and accurate contents. To the extent Paragraph 355 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 355 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants admit that Extreme's stock closed at $19.31 per share on January 24, 2023. Defendants further admit that Extreme's stock closed at $16.50 per share on January 25, 2023. Defendants otherwise deny the allegations in Paragraph 355, including Lead Plaintiffs' characterization of the events at issue.

356.　To the extent Paragraph 356 purports to characterize and quote from statements purportedly made by Rosenblatt Securities in a January 25, 2023 report, Defendants respectfully refer the Court to respectfully refer the Court to that document for its complete and accurate contents. To the extent Paragraph 356 purports to characterize and quote from statements purportedly made by Craig-Hallum Capital Group LLC in a January 26, 2023 report, Defendants respectfully refer the Court to respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 356, including Lead Plaintiffs' characterization of the events at issue.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

357. To the extent Paragraph 357 purports to characterize and quote from statements made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent Paragraph 357 purports to characterize Extreme's publicly disclosed backlog amounts, Defendants respectfully refer the Court to Extreme's public disclosures for reported backlog figures. Defendants otherwise deny the allegations in Paragraph 357, including Lead Plaintiffs' characterization of the events at issue.

358. Defendants admit that on August 24, 2023, Extreme filed its FY2023 Form 10-K, which was signed by Defendants Meyercord and Rhodes. To the extent Paragraph 358 purports to characterize and quote from Extreme's FY2023 Form 10-K, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 358, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

359. To the extent Paragraph 359 contains legal conclusions, no response is required. To the extent Paragraph 359 purports to characterize or quote from the SAC, Defendants respectfully refer the Court to the SAC for its complete and accurate contents. To the extent Paragraph 359 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 359 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants admit that Extreme's stock closed at $27.68 per share on August 24, 2023. Defendants further admit that Extreme's stock closed at $25.16 per share on August 25, 2023. Defendants otherwise deny the allegations in Paragraph 359, including Lead Plaintiffs' characterization of the events at issue.

360. To the extent Paragraph 360 purports to characterize and quote from statements purportedly made by Rosenblatt Securities in a August 28, 2023 report, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 360, including Lead Plaintiffs' characterization of the events at issue.

361.    Defendants admit that Extreme reported financial results for Q1 2024 on November 1, 2023, which did not include backlog figures. To the extent Paragraph 361 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 361, including Lead Plaintiffs' characterization of the events at issue.

362.    Defendants admit that Extreme's total net revenues were $363.9 million in Q4 2023 and $353.1 million in Q1 2024, and that Extreme's product revenues were $261.7 million in Q4 2023 and $253.5 million in Q1 2024. Defendants otherwise deny the allegations in Paragraph 362, including Lead Plaintiffs' characterization of the events at issue.

363.    Defendants admit that Extreme provided revenue guidance in a range of $312 million to $327 million for Q2 2024, as disclosed during Extreme's Q1 2024 earnings call held on November 1, 2023. To the extent Paragraph 363 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 363 including Lead Plaintiffs' characterization of the events at issue.

364.    To the extent Paragraph 364 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 364, including Lead Plaintiffs' characterization of the events at issue.

365.    To the extent Paragraph 365 contains legal conclusions, no response is required. To the extent Paragraph 365 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants admit that Extreme's stock closed at $20.62 per share on October 31, 2023. Defendants further admit that Extreme's stock closed at $17.86 per share on November 1, 2023. Defendants further admit that Extreme's stock closed at $17.10 per share on November 2, 2023. Defendants further admit that Extreme's stock closed at $16.80 per share on November 3, 2023. Defendants further admit that Extreme's stock decreased

by $3.82 or 18% from market close on October 31, 2023 to market close on November 3, 2023. Defendants otherwise deny the allegations in Paragraph 365, including Lead Plaintiffs' characterization of the events at issue.

366. Defendants admit that Extreme published a press release on January 8, 2024. To the extent Paragraph 366 purports to characterize and quote from statements made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 366, including Lead Plaintiffs' characterization of the events at issue.

367. To the extent Paragraph 367 purports to characterize and quote from statements made by Defendant Meyercord during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 367, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

368. To the extent Paragraph 368 purports to characterize and quote from statements made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 368, including Lead Plaintiffs' characterization of the events at issue.

369. To the extent Paragraph 369 contains legal conclusions, no response is required. To the extent Paragraph 369 purports to characterize and quote from statements purportedly made by Needham in a January 9, 2024 report, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants admit that Extreme's stock closed at $17.52 per share on January 8, 2024. Defendants further admit that Extreme's stock closed at $16.23 per share on January 9, 2024. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE-1 and statements purportedly made by FE-1 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 369, including Lead Plaintiffs' characterization of the events at issue.

370. To the extent Paragraph 370 purports to characterize and quote from statements made by Defendants during the putative Class Period, Defendants respectfully refer the Court to

those statements for their complete and accurate contents. Defendants admit that Extreme's total net revenues for Q2 2024 were $296.4 million and for Q1 2024 were 353.1 million, resulting in a $56.7 million or 16% decrease from Q1 to Q2 2024. Defendants otherwise deny the allegations in Paragraph 370, including Lead Plaintiffs' characterization of the events at issue.

371.    To the extent Paragraph 371 purports to characterize and quote from statements made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants admit that Extreme's total product revenues for Q2 2024 were $186.6 million and for Q1 2024 were 253.5 million, resulting in a $66.9 million or 26% decrease from Q1 to Q2 2024. Defendants otherwise deny the allegations in Paragraph 371, including Lead Plaintiffs' characterization of the events at issue.

372.    To the extent Paragraph 372 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 372, including Lead Plaintiffs' characterization of the events at issue.

373.    To the extent Paragraph 373 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 373, including Lead Plaintiffs' characterization of the events at issue.

374.    Defendants admit that Extreme's revenue for Q2 2024 was $296.4 million. Defendants further admit that Extreme provided revenue guidance in a range of $200 million to $210 million for Q3 2024, as disclosed during Extreme's Q2 2024 earnings call held on January 31, 2024. To the extent Paragraph 374 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 374, including Lead Plaintiffs' characterization of the events at issue.

375.    To the extent Paragraph 375 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer

the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 375, including Lead Plaintiffs' characterization of the events at issue.

376. To the extent Paragraph 376 contains legal conclusions, no response is required. To the extent Paragraph 376 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants admit that Extreme's stock closed at $16.64 per share on January 30, 2024. Defendants further admit that Extreme's stock closed at $13.51 per share on January 31, 2024. Defendants further admit that Extreme's stock closed at $13.22 per share on February 1, 2024. Defendants further admit that Extreme's stock closed at $12.59 per share on February 2, 2024. Defendants further admit that $32.27 per share was the highest closing price for Extreme's stock between July 27, 2022 and January 30, 2024. Defendants otherwise deny the allegations in Paragraph 376, including Lead Plaintiffs' characterization of the events at issue.

377. To the extent Paragraph 377 purports to characterize and quote from statements purportedly made by UBS Research in a January 31, 2024 report, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 377, including Lead Plaintiffs' characterization of the events at issue, any legal conclusions, and purported added emphases.

378. To the extent Paragraph 378 purports to characterize and quote from statements purportedly made by Needham in a February 1, 2024 report, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 378 including Lead Plaintiffs' characterization of the events at issue.

379. To the extent Paragraph 379 purports to characterize and quote from statements purportedly made by Oppenheimer in a January 31, 2024 report, Defendants respectfully refer the Court to  that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 379, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

380.    To the extent Paragraph 380 purports to characterize and quote from statements purportedly made by Lake Street Capital Markets in a January 31, 2024 report, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 380, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

381.    To the extent Paragraph 381 contains legal conclusions, no response is required. To the extent Paragraph 381 purports to characterize and quote from statements purportedly made by Defendants during the putative Class Period, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 381 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 381, including Lead Plaintiffs' characterization of the events at issue.

## VI.    EXTREME'S ULTIMATE DECLINE IN REVENUES IS CONSISTENT WITH CHANNEL STUFFING

382.    To the extent Paragraph 382 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 382, including Lead Plaintiffs' characterization of the events at issue. To the extent Footnote 45 contains legal conclusions, no response is required. To the extent Footnote 45 purports to characterize and quote from statements in various third-party sources, Defendants respectfully refer the Court to those sources and statements for their complete and accurate contents. Defendants otherwise deny the allegations in Footnote 45.

383.    To the extent Paragraph 383 contains legal conclusions, no response is required. To the extent Paragraph 383 purports to characterize Extreme's quarterly revenue figures, Defendants respectfully refer the Court to Extreme's Forms 10-Q, Forms 10-K, and earnings releases for the reported financial results. Defendants otherwise deny the allegations in Paragraph 383, including Lead Plaintiffs' characterization of the events at issue.

384.    To the extent Paragraph 384 contains legal conclusions, no response is required. To the extent Paragraph 384 purports to characterize Extreme's quarterly revenue figures, Defendants respectfully refer the Court to Extreme's Forms 10-Q, Forms 10-K, and earnings releases for the reported financial results. Defendants otherwise deny the allegations in Paragraph 384, including Lead Plaintiffs' characterization of the events at issue.

385.    To the extent the chart in Paragraph 385 purports to characterize Extreme's quarterly product revenue figures, Defendants respectfully refer the Court to Extreme's Forms 10-Q, Forms 10-K, and earnings releases for their contents and  reported financial figures. Defendants otherwise deny the allegations in Paragraph 385, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

386.    To the extent the chart in Paragraph 386 purports to characterize Extreme's quarterly product revenue figures, Defendants respectfully refer the Court to Extreme's Forms 10-Q, Forms 10-K, and earnings releases for the reported financial results. Defendants otherwise deny the allegations in Paragraph 386, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

387.    To the extent Paragraph 387 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 387, including Lead Plaintiffs' characterization of the events at issue.

## VII.    MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

388.    To the extent Paragraph 388 contains legal conclusions, no response is required. To the extent Paragraph 388 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 388 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 388, including Lead Plaintiffs' characterization of the events at issue.  To the extent Footnote 46 contains legal conclusions, no response is required. To the extent Footnote 46 purports to characterize Appendix A, Defendants respectfully refer the

Court to Appendix A for its complete and accurate contents. Defendants otherwise deny the allegations in Footnote 46, including Lead Plaintiffs' characterization of the events at issue.

## A. 4Q2022 Earnings Press Release (July 27, 2022)

389. Defendants admit that Extreme published a press release on July 27, 2022 entitled "Extreme Networks Reports Fiscal Year and Fourth Quarter 2022 Financial Results." Defendants also admit that the first day of the putative Class Period alleged by Lead Plaintiffs in the SAC is July 27, 2022. To the extent Paragraph 389 purports to characterize and quote from Extreme's July 27, 2022 press release and FY2022 Form 10-K, Defendants respectfully refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 389, including Lead Plaintiffs' characterization of the events at issue, any legal conclusions, and purported added emphases.

390. To the extent Paragraph 390 contains legal conclusions, no response is required. To the extent Paragraph 390 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 390 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 390, including Lead Plaintiffs' characterization of the events at issue.

391. Paragraph 391 purports to characterize and quote from Extreme's July 27, 2022 press release, and Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 391, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

392. To the extent Paragraph 392 contains legal conclusions, no response is required. To the extent Paragraph 392 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 392 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a

belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 392, including Lead Plaintiffs' characterization of the events at issue.

**B.  4Q2022 Earnings Investor Presentation (July 27, 2022)**

393.    Defendants admit that Extreme published an investor presentation related to Q4 2022 financial results on July 27, 2022. To the extent Paragraph 393 purports to characterize and quote from Extreme's Q4 2022 investor presentation from July 27, 2022, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 393, including Lead Plaintiffs' purported added emphases.

394.    To the extent Paragraph 394 contains legal conclusions, no response is required. To the extent Paragraph 394 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 394 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 394, including Lead Plaintiffs' characterization of the events at issue.

**C.  4Q2022 Earnings Conference Call (July 27, 2022)**

395.    Paragraph 395 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's Q4 2022 earnings call held on July 27, 2022, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 395, including Lead Plaintiffs' purported added emphases. To the extent Footnote 47 purports to characterize and quote from Lead Plaintiffs' Amended Complaint, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 47, and deny the allegations on that basis.

396.    Paragraph 396 purports to characterize and quote from statements purportedly made by Defendant Thomas during Extreme's Q4 2022 earnings call held on July 27, 2022, to

which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 396, including Lead Plaintiffs' purported added emphases.

397. To the extent Paragraph 397 contains legal conclusions, no response is required. To the extent Paragraph 397 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 397 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 397, including Lead Plaintiffs' characterization of the events at issue.

398. To the extent Paragraph 398 contains legal conclusions, no response is required. To the extent Paragraph 398 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 398 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 398, including Lead Plaintiffs' characterization of the events at issue.

399. Paragraph 399 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's Q4 2022 earnings call held on July 27, 2022, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 399, including Lead Plaintiffs' purported added emphases.

400. To the extent Paragraph 400 contains legal conclusions, no response is required. To the extent Paragraph 400 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 400 are based on information

purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 400, including Lead Plaintiffs' characterization of the events at issue.

401.    To the extent Paragraph 401 contains legal conclusions, no response is required. To the extent Paragraph 401 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 401 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 401, including Lead Plaintiffs' characterization of the events at issue.

**D. Extreme's Letter to Shareholders for FY 2022 (July 27, 2022)**

402.    To the extent Paragraph 402 purports to characterize and quote from statements made in a letter to shareholders that accompanied Extreme's FY2022 Annual Report, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 402, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

403.    To the extent Paragraph 403 contains legal conclusions, no response is required. To the extent Paragraph 403 purports to characterize and quote from statements in a letter to shareholders that accompanied Extreme's FY2022 Annual Report, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 403 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 403, including Lead Plaintiffs' characterization of the events at issue.

**E. Interview with CRN Magazine (August 2, 2022)**

404.    To the extent Paragraph 404 purports to characterize and quote from statements purportedly made by Defendant Meyercord in the August 2, 2022 publication by *CRN Magazine*, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning *CRN Magazine*, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 404, including Lead Plaintiffs' purported added emphases.

405.    To the extent Paragraph 405 contains legal conclusions, no response is required. To the extent Paragraph 405 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 405 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 405, including Lead Plaintiffs' characterization of the events at issue.

**F. FY2022 Form 10-K (August 29, 2022)**

406.    Defendants admit that on August 29, 2022, Extreme filed its FY2022 Form 10-K, which was signed by Defendants Meyercord and Thomas. To the extent Paragraph 406 purports to characterize and quote from Extreme's FY2022 Form 10-K, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 406, including Lead Plaintiffs' purported added emphases.

407.    To the extent Paragraph 407 contains legal conclusions, no response is required. To the extent Paragraph 407 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 407 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants

otherwise deny the allegations in Paragraph 407, including Lead Plaintiffs' characterization of the events at issue.

408. Defendants admit that Extreme's FY2022 Form 10-K contained signed certifications by Defendants Meyercord and Thomas pursuant to Section 302 of the Sarbanes Oxley Act of 2002. To the extent Paragraph 408 purports to characterize and quote from Extreme's FY2022 Form 10-K, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 408, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

409. To the extent Paragraph 409 contains legal conclusions, no response is required. To the extent Paragraph 409 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 409 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 409, including Lead Plaintiffs' characterization of the events at issue.

**G. 1Q2023 Earnings Press Release (October 27, 2022)**

410. Defendants admit that Extreme published a press release on October 27, 2022 entitled "Extreme Networks Reports First Quarter Fiscal Year 2023 Financial Results." To the extent Paragraph 410 purports to characterize and quote from Extreme's October 27, 2022 press release and Q1 2023 Form 10-Q, Defendants respectfully refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 410, including Lead Plaintiffs' purported added emphases.

411. To the extent Paragraph 411 contains legal conclusions, no response is required. To the extent Paragraph 411 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 411 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a

belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 411, including Lead Plaintiffs' characterization of the events at issue.

412. Paragraph 412 purports to quote from Extreme's October 27, 2022 press release, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 412, including Lead Plaintiffs' purported added emphases.

413. Defendants admit that Extreme published an investor presentation for Q1 2023 financial results on October 27, 2022. To the extent Paragraph 413 purports to characterize and quote from Extreme's Q1 2023 investor presentation, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 413, including Lead Plaintiffs' purported added emphases.

414. To the extent Paragraph 414 contains legal conclusions, no response is required. To the extent Paragraph 414 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 414 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 414, including Lead Plaintiffs' characterization of the events at issue.

415. To the extent Paragraph 415 contains legal conclusions, no response is required. To the extent Paragraph 415 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 415 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 415, including Lead Plaintiffs' characterization of the events at issue.

**H.  1Q2023 Earnings Conference Call (October 27, 2022)**

416.    Paragraph 416 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's Q1 2023 earnings call held on October 27, 2022, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 416, including Lead Plaintiffs' purported added emphases.

417.    To the extent Paragraph 417 contains legal conclusions, no response is required. To the extent Paragraph 417 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 417 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 417, including Lead Plaintiffs' characterization of the events at issue.

418.    To the extent Paragraph 418 contains legal conclusions, no response is required. To the extent Paragraph 418 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 418 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 418, including Lead Plaintiffs' characterization of the events at issue.

419.    Paragraph 419 purports to characterize and quote from statements purportedly made by Defendant Thomas during Extreme's Q1 2023 earnings call held on October 27, 2022, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 419, including Lead Plaintiffs' purported added emphases.

420. To the extent Paragraph 420 contains legal conclusions, no response is required. To the extent Paragraph 420 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 420 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 420, including Lead Plaintiffs' characterization of the events at issue.

421. Paragraph 421 purports to characterize and quote from statements purportedly made by Defendant Thomas in Extreme's Q1 2023 earnings call held on October 27, 2022, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 421, including Lead Plaintiffs' purported added emphases.

422. To the extent Paragraph 422 contains legal conclusions, no response is required. To the extent Paragraph 422 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 422 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 422, including Lead Plaintiffs' characterization of the events at issue.

**I.   1Q2023 Form 10-Q (October 28, 2022)**

423. Defendants admit that on October 28, 2022 Extreme filed its Q1 2023 Form 10-Q, which contained signed certifications pursuant to Section 302 of the Sarbanes Oxley Act. To the extent Paragraph 423 purports to characterize and quote from Extreme's October 28, 2022 Form 10-Q, Defendants respectfully refer the Court to that document for its complete and accurate contents.

424.    To the extent Paragraph 424 contains legal conclusions, no response is required. To the extent Paragraph 424 purports to characterize and quote from Extreme's Q1 2023 Form 10-Q, Defendants respectfully refer the Court to that document for its complete and accurate contents. To the extent the allegations in Paragraph 424 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 424, including Lead Plaintiffs' characterization of the events at issue.

**J. Needham Virtual Security Networking & Communications Conference (November 15, 2022)**

425.    Paragraph 425 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's participation in the November 15, 2022 Needham Virtual Security, Networking & Communications Conference, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 425, including Lead Plaintiffs' purported added emphases.

426.    Paragraph 426 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's participation in the November 15, 2022 Needham Virtual Security, Networking & Communications Conference, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 426, including Lead Plaintiffs' purported added emphases.

427.    To the extent Paragraph 427 contains legal conclusions, no response is required. To the extent Paragraph 427 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 427 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 427, including Lead Plaintiffs' characterization of the events at issue.

428.    Paragraph 428 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's participation in the November 15, 2022 Needham Virtual Security, Networking & Communications Conference, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 428, including Lead Plaintiffs' purported added emphases.

429.    To the extent Paragraph 429 contains legal conclusions, no response is required. To the extent Paragraph 429 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 429 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 429, including Lead Plaintiffs' characterization of the events at issue.

**K.  2Q2023 Earnings Press Release (January 25, 2023)**

430.    Defendants admit that Extreme published a press release on January 25, 2023 entitled "Extreme Networks Reports Second Quarter Fiscal Year 2023 Financial Results," which included reported quarterly revenues of $318.2 million, up 13% year-over-year and up 7% quarter-over-quarter, as well as quarterly product revenues of $223.4 million, up 17% year-over-year. To the extent Paragraph 430 purports to characterize and quote from Extreme's January 25, 2023 press release and Q2 2023 Form 10-Q, Defendants respectfully refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 430, including Lead Plaintiffs' purported added emphases.

431.    To the extent Paragraph 431 contains legal conclusions, no response is required. To the extent Paragraph 431 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 431 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants

otherwise deny the allegations in Paragraph 431, including Lead Plaintiffs' characterization of the events at issue.

432.   Paragraph 432 purports to characterize and quote from statements made by Defendant Meyercord in Extreme's January 25, 2023 press release, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 432, including Lead Plaintiffs' purported added emphases.

433.   To the extent Paragraph 433 contains legal conclusions, no response is required. To the extent Paragraph 433 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 433 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 433, including Lead Plaintiffs' characterization of the events at issue.

**L.   2Q2023 Earnings Investor Presentation (January 25, 2023)**

434.   Defendants admit that Extreme published an investor presentation for Q2 2023 financial results on January 25, 2023. To the extent Paragraph 434 purports to characterize and quote from Extreme's Q2 2023 investor presentation, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 434, including Lead Plaintiffs' purported added emphases.

435.   To the extent Paragraph 435 contains legal conclusions, no response is required. To the extent Paragraph 435 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 435 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 435, including Lead Plaintiffs' characterization of the events at issue.

436. To the extent Paragraph 436 contains legal conclusions, no response is required. To the extent Paragraph 436 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 436 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 436, including Lead Plaintiffs' characterization of the events at issue.

**M. 2Q2023 Earnings Conference Call (January 25, 2023)**

437. Paragraph 437 purports to characterize and quote from statements purportedly made by Defendant Meyercord in Extreme's Q2 2023 earnings call held on January 25, 2023, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 437, including Lead Plaintiffs' purported added emphases.

438. To the extent Paragraph 438 contains legal conclusions, no response is required. To the extent Paragraph 438 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 438 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 438, including Lead Plaintiffs' characterization of the events at issue.

439. To the extent Paragraph 439 contains legal conclusions, no response is required. To the extent Paragraph 439 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 439 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants

otherwise deny the allegations in Paragraph 439, including Lead Plaintiffs' characterization of the events at issue.

440.    Paragraph 440 purports to characterize and quote from statements purportedly made by Defendant Tate in Extreme's Q2 2023 earnings call held on January 25, 2023, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 440, including Lead Plaintiffs' purported added emphases.

441.    To the extent Paragraph 441 contains legal conclusions, no response is required. To the extent Paragraph 441 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 441 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 441, including Lead Plaintiffs' characterization of the events at issue.

**N.  2Q2023 Form 10-Q (January 27, 2023)**

442.    Defendants admit that on January 27, 2023, Extreme filed its Q2 2023 Form 10-Q, which contained signed certifications by Defendants Meyercord and Thomas pursuant to Section 302 of the Sarbanes Oxley Act. To the extent Paragraph 442 purports to characterize and quote from Extreme's Q2 2023 Form 10-Q, Defendants respectfully refer the Court to that document for its complete and accurate contents.

443.    To the extent Paragraph 443 contains legal conclusions, no response is required. To the extent Paragraph 443 purports to characterize and quote from Extreme's Q2 2023 Form 10-Q, Defendants respectfully refer the Court to that document for its complete and accurate contents. To the extent the allegations in Paragraph 443 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 443, including Lead Plaintiffs' characterization of the events at issue.

## O. 3Q2023 Earnings Conference Call (April 26, 2023)

444. Paragraph 444 purports to characterize and quote from statements purportedly made during Extreme's Q3 2023 earnings call held on April 26, 2023, to which Defendants respectfully refer the Court for its complete and accurate contents. Defendants deny that Defendant Meyercord made the statement that Extreme's current product backlog at the end of Q3 2023 "represented 5x our expected normalized level" during the earnings call on April 26, 2023.

445. To the extent Paragraph 445 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's Q3 2023 earnings call held on April 26, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 445, including Lead Plaintiffs' purported added emphases.

446. To the extent Paragraph 446 contains legal conclusions, no response is required. To the extent Paragraph 446 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 446 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 446, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

447. To the extent Paragraph 447 purports to characterize and quote from statements purportedly made by Defendant Tate during Extreme's Q3 2023 earnings call held on April 26, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 447, including Lead Plaintiffs' purported added emphases.

448. To the extent Paragraph 448 contains legal conclusions, no response is required. To the extent Paragraph 448 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 448 are based on information

purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 448, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

449. To the extent Paragraph 449 purports to characterize and quote from statements purportedly made during Extreme's Q3 2023 earnings call held on April 26, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 449, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

450. To the extent Paragraph 450 contains legal conclusions, no response is required. To the extent Paragraph 450 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 450 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 450, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**P.  3Q2023 Form 10-Q (April 27, 2023)**

451. Defendants admit that on April 27, 2023, Extreme filed its Q3 2023 Form 10-Q, which contained signed certifications by Defendants Meyercord and Tate pursuant to Section 302 of the Sarbanes Oxley Act. Defendants further admit that for Q3 2023, Extreme reported total net revenues of $332.5 million and product revenues of $241.1 million. To the extent Paragraph 451 purports to characterize statements made in Extreme's Q3 2023 Form 10-Q filed on April 27, 2023, Defendants respectfully refer the Court to that document for its complete and accurate contents.

452. To the extent Paragraph 452 contains legal conclusions, no response is required. Defendants admit that Extreme reported net revenues of $332.5 million and product revenues of $241.1 million in Q3 2023. To the extent Paragraph 452 purports to characterize and quote from Extreme's Q3 2023 Form 10-Q, Defendants respectfully refer the Court to that document for its

complete and accurate contents. To the extent the allegations in Paragraph 452 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 452, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## Q. Needham Technology & Media Conference (May 17, 2023)

453.    To the extent Paragraph 453 purports to characterize and quote from statements purportedly made at the Needham Technology & Media Conference on May 17, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 453, including Lead Plaintiffs' purported added emphases.

454.    To the extent Paragraph 454 contains legal conclusions, no response is required. To the extent Paragraph 454 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 454 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 454, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

455.    To the extent Paragraph 455 contains legal conclusions, no response is required. To the extent Paragraph 455 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 455 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 455, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

456. To the extent Paragraph 456 purports to characterize and quote from statements purportedly made by Defendant Tate at the Needham Technology & Media Conference on May 17, 2023, Defendants respectfully refer the Court to that transcript for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 456, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

457. To the extent Paragraph 457 contains legal conclusions, no response is required. To the extent Paragraph 457 purports to characterize and quote from statements purportedly made by Defendant Tate, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 457 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 457, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

458. To the extent Paragraph 458 purports to characterize and quote from statements purportedly made at the Needham Technology & Media Conference on May 17, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 458, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

459. To the extent Paragraph 459 contains legal conclusions, no response is required. To the extent Paragraph 459 purports to characterize and quote from statements purportedly made by Defendant Tate, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 459 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 459, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## R. 4Q2023 Earnings Release (August 2, 2023)

460.    To the extent Paragraph 460 purports to characterize and quote from Extreme's August 2, 2023 press release, Defendants respectfully refer the Court to that document for its complete and accurate contents. To the extent Paragraph 460 purports to characterize and quote from Extreme's FY2023 Form 10-K, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise admit the allegations in Paragraph 460.

461.    To the extent Paragraph 461 contains legal conclusions, no response is required. To the extent Paragraph 461 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 461 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 461, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

462.    To the extent Paragraph 462 purports to characterize and quote from statements made by Defendant Meyercord in Extreme's August 2, 2023 press release, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 462, including Lead Plaintiffs' purported added emphases.

463.    To the extent Paragraph 463 contains legal conclusions, no response is required. To the extent Paragraph 463 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 463 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 463, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## S.   4Q2023 Earnings Conference Call (August 2, 2023)

464.    Defendants admit that Extreme held an earnings conference call on August 2, 2023. To the extent Paragraph 464 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's Q4 2023 earnings call held on August 2, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 464, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

465.    To the extent Paragraph 465 contains legal conclusions, no response is required. To the extent Paragraph 465 purports to characterize and quote from statements purportedly made by Defendant Meyercord, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 465 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 465, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

466.    To the extent Paragraph 466 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's 4Q2023 earnings call held on August 2, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 466, including Lead Plaintiffs' purported added emphases.

467.    To the extent Paragraph 467 contains legal conclusions, no response is required. To the extent Paragraph 467 purports to characterize and quote from statements purportedly made by Defendant Meyercord, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 467 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 467, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

468. To the extent Paragraph 468 purports to characterize and quote from statements purportedly made by Defendant Rhodes during Extreme's Q4 2023 earnings call held on August 2, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 468, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

469. To the extent Paragraph 469 contains legal conclusions, no response is required. To the extent Paragraph 469 purports to characterize and quote from statements purportedly made by Defendant Rhodes, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 469 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 469, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

470. To the extent Paragraph 470 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's Q4 2023 earnings call held on August 2, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 470, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

471. To the extent Paragraph 471 contains legal conclusions, no response is required. To the extent Paragraph 471 purports to characterize and quote from statements purportedly made by Defendant Meyercord, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 471 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 471, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**T.  Rosenblatt Securities Technology Summit (August 22, 2023)**

472.    Defendants admit that certain employees of Extreme participated in the Rosenblatt Securities Technology Summit on August 22, 2023. To the extent Paragraph 472 purports to characterize and quote from statements purportedly made at the August 22, 2023 Rosenblatt Securities Technology Summit, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 472, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

473.    To the extent Paragraph 473 contains legal conclusions, no response is required. To the extent Paragraph 473 purports to characterize and quote from statements purportedly made by Defendant Rhodes, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 473 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 473, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

474.    To the extent Paragraph 474 contains legal conclusions, no response is required. To the extent Paragraph 474 purports to characterize and quote from statements purportedly made by Defendant Rhodes, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 474 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 474, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**U.  FY2023 Form 10-K (August 24, 2023)**

475.    Defendants admit the allegations in Paragraph 475.

476.    Defendants admit that for FY2023, Extreme reported total net revenues of approximately $1.3 billion and product revenues of approximately $932.5 million. Defendants further admit that Extreme's FY2023 Form 10-K contained signed certifications by Defendants

Meyercord and Rhodes pursuant to Section 302 of SOX. To the extent Paragraph 476 purports to characterize Extreme's FY2023 Form 10-K, Defendants respectfully refer the Court to that document for its complete and accurate contents.

477. To the extent Paragraph 477 contains legal conclusions, no response is required. To the extent Paragraph 477 purports to characterize and quote from statements made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 477 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 477, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**V.  1Q2024 Earnings Conference Call (November 1, 2023)**

478. Defendants admit that Extreme held an earnings call on November 1, 2023. To the extent Paragraph 478 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's Q1 2024 earnings call held on November 1, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 478, including Lead Plaintiffs' purported added emphases.

479. To the extent Paragraph 479 contains legal conclusions, no response is required. To the extent Paragraph 479 purports to characterize and quote from statements purportedly made by Defendant Meyercord, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 479 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 479, including Lead Plaintiffs' characterization of the events at issue.

480. To the extent Paragraph 480 purports to characterize and quote from statements purportedly made by Defendant Rhodes during Extreme's Q1 2024 earnings call held on

November 1, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 480, including Lead Plaintiffs' purported added emphases.

481. To the extent Paragraph 481 contains legal conclusions, no response is required. To the extent Paragraph 481 purports to characterize and quote from statements purportedly made by Defendant Rhodes, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 481 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 481, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

482. To the extent Paragraph 482 purports to characterize and quote from statements purportedly made during Extreme's Q1 2024 earnings call held on November 1, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 482, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

483. To the extent Paragraph 483 contains legal conclusions, no response is required. To the extent Paragraph 483 purports to characterize and quote from statements purportedly made by Defendant Meyercord, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 483 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 483, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**W. 1Q2024 Form 10-Q (November 2, 2023)**

484. Defendants admit that Extreme filed its Q1 2024 (ending on September 30, 2023) Form 10-Q on November 2, 2023, which contained signed certifications by Defendants Meyercord and Rhodes pursuant to Section 302 of SOX. Defendants admit that for Q1 2024, Extreme reported

total net revenues of $353.1 million and product revenues of $235.5 million. To the extent Paragraph 484 purports to characterize and quote from Extreme's Q1 2024 Form 10-Q, Defendants respectfully refer the Court to that document for its complete and accurate contents.

485.    To the extent Paragraph 485 contains legal conclusions, no response is required. To the extent Paragraph 485 purports to characterize and quote from Extreme's Q1 2024 Form 10-Q, Defendants respectfully refer the Court to that document for its complete and accurate contents. To the extent the allegations in Paragraph 485 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 485, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

### X.  Interview With CRN Magazine (November 22, 2023)

486.    To the extent Paragraph 486 purports to characterize and quote from statements purportedly made by Defendant Meyercord in the November 22, 2023 publication by *CRN Magazine,* Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning *CRN Magazine*, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 486, including Lead Plaintiffs' purported added emphases.

487.    To the extent Paragraph 487 contains legal conclusions, no response is required. To the extent Paragraph 487 purports to characterize and quote from statements purportedly made by Defendant Meyercord, Defendants respectfully refer the Court to those statements for their complete and accurate contents. To the extent the allegations in Paragraph 487 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 487, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## VIII.   ADDITIONAL ALLEGATIONS OF DEFENDANTS' SCIENTER

488.   Defendants deny the allegations in Paragraph 488, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

### A.   Defendants Orchestrated The Illicit Channel Stuffing Scheme To "Get Into The Company [The] # The Street Expects"

489.   Defendants deny the allegations in Paragraph 489, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

490.   Defendants deny the allegations in Paragraph 490, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

491.   To the extent the allegations in Paragraph 491 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. To the extent Paragraph 491 purports to quote alleged notes from FE-1, Defendants aver that Paragraph 491 misrepresents the words in the purported image of FE-1's alleged notes, which do not contain the words "lesser of the 2 [evils]." Defendants otherwise deny the allegations in Paragraph 491, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

492.   To the extent the allegations in Paragraph 492 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 492, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

493.   To the extent the allegations in Paragraph 493 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants admit that Fiona Nolan was Director of Purchasing during the putative Class Period. Defendants otherwise deny the allegations in Paragraph 493, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

494. To the extent the allegations in Paragraph 494 are based on information purportedly provided by FE-4, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 494, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

495. To the extent the allegations in Paragraph 495 are based on information purportedly provided by FE-4, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 495, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

496. Defendants deny the allegations in Paragraph 496, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**B. Internal Documents Are Evidentiary Proof That Defendants Knew Of The Undisclosed Channel Stuffing And Manipulative Sales And Inventory Conduct And The True Nature Of The Backlog**

497. To the extent Paragraph 497 contains legal conclusions, no response is required. To the extent the allegations in Paragraph 497 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 497, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

498. The allegations in Paragraph 498 are based on information purportedly provided by FE-1, of which Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants admit that July 20, 2022 is seven days before the start of the putative Class Period alleged by Lead Plaintiffs in the SAC. Defendants otherwise deny the allegations in Paragraph 498, including Lead Plaintiffs' characterization of the events at issue.

499. To the extent the allegations in Paragraph 499 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the

truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 499, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

500.    To the extent allegations in Paragraph 500 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 500, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

501.    To the extent the allegations in Paragraph 501 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 501, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

502.    To the extent the allegations in Paragraph 502 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 502, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

503.    To the extent the allegations in Paragraph 503 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 503, including Lead Plaintiffs' characterization of the events at issue.

504.    To the extent the allegations in Paragraph 504 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 504, including Lead Plaintiffs' characterization of the events at issue.

505.    To the extent Paragraph 505 contains legal conclusions, no response is required. To the extent the allegations in Paragraph 505 are based on information purportedly provided by any

FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 505, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## C. Defendants' Own Statements and Admissions Are Strong Evidence of Scienter

506.    To the extent Paragraph 506 purports to characterize and quote from statements purportedly made by Defendants, Defendants respectfully refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 506, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

507.    To the extent Paragraph 507 purports to characterize and quote from statements purportedly made by Defendant Meyercord during Extreme's Q4 2022 earnings call on July 27, 2022, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 507, including Lead Plaintiffs' purported added emphases.

508.    To the extent Paragraph 508 purports to characterize and quote from statements purportedly made by Defendant Thomas during Extreme's Q1 2023 earnings call on October 27, 2022, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 508, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

509.    To the extent Paragraph 509 purports to characterize and quote from statements purportedly made by Defendant Thomas during Extreme's Q1 2023 earnings call on October 27, 2022, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 509, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

510.    To the extent Paragraph 510 purports to characterize and quote from statements purportedly made by Defendant Tate during the Needham Technology & Media Conference on May 17, 2023, Defendants respectfully refer the Court to those statements for their complete and

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

100

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

accurate contents. Defendants otherwise deny the allegations in Paragraph 510, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

511.    To the extent Paragraph 511 purports to characterize and quote from statements purportedly made by Defendant Tate during the Needham Technology & Media Conference on May 17, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 511, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

512.    To the extent Paragraph 512 purports to characterize and quote from statements purportedly made during the Needham & Company Virtual Tech Week Conference on November 14, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 512, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

513.    To the extent Paragraph 513 purports to characterize and quote statements purportedly made by Defendant Meyercord during Extreme's Q2 2023 earnings call on January 25, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 513, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

514.    To the extent paragraph 514 purports to characterize and quote statements purportedly made by Defendant Meyercord during Extreme's Q1 2023 earnings call on October 27, 2022, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 514, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

515.    To the extent Paragraph 515 contains legal conclusions, no response is required. To the extent Paragraph 515 purports to characterize and quote from statements purportedly made by Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 515, including Lead Plaintiffs' characterization of the events at issue.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

101

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

**D. Defendants' Internal Reporting Is Strongly Supportive of Scienter**

516.    To the extent the allegations in Paragraph 516 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 516, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

517.    To the extent the allegations in Paragraph 517 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 517, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

518.    To the extent the allegations in Paragraph 518 are based on information purportedly provided by FE-2, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 518, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

519.    To the extent the allegations in Paragraph 519 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 519, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

520.    To the extent the allegations in Paragraph 520 are based on information purportedly provided by FEs, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 520, including Lead Plaintiffs' characterization of the events at issue.

521.    To the extent the allegations in Paragraph 521 are based on information purportedly provided by FE-5, Defendants lack knowledge or information sufficient to form a belief as to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

102

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 521, including Lead Plaintiffs' characterization of the events at issue.

522.    To the extent the allegations in Paragraph 522 are based on information purportedly provided by FE-5, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 522, including Lead Plaintiffs' characterization of the events at issue.

523.    To the extent the allegations in Paragraph 523 are based on information purportedly provided by FE-5, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 523, including Lead Plaintiffs' characterization of the events at issue.

524.    To the extent the allegations in Paragraph 524 are based on information purportedly provided by FE-5, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 524, including Lead Plaintiffs' characterization of the events at issue.

525.    To the extent the allegations in Paragraph 525 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 525, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

526.    To the extent the allegations in Paragraph 526 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 526, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

527.    To the extent the allegations in Paragraph 527 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

103

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

allegations in Paragraph 527, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

528.    To the extent allegations in Paragraph 528 are based on information purportedly provided by FE-2, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 528, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

529.    To the extent the allegations in Paragraph 529 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 529, including Lead Plaintiffs' characterization of the events at issue.

530.    To the extent the allegations in Paragraph 530 are based on information purportedly provided by FE-5, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 530, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

531.    To the extent the allegations in Paragraph 531 are based on information purportedly provided by FE-5, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 531, including Lead Plaintiffs' characterization of the events at issue.

**E.  Defendants' Participation In Meetings Is Further Indicia Of Scienter**

532.    To the extent Paragraph 532 contains legal conclusions, no response is required. To the extent the allegations in Paragraph 532 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 532, including Lead Plaintiffs' characterization of the events at issue.

533.    To the extent the allegations in Paragraph 533 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

104

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 533, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

534.    To the extent the allegations in Paragraph 534 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 534, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

535.    To the extent the allegations in Paragraph 535 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 535, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

536.    To the extent the allegations in Paragraph 536 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 536, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions. To the extent the allegations in Footnote 48 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Footnote 48, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

537.    To the extent the allegations in Paragraph 537 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 537, including Lead Plaintiffs' characterization of the events at issue.

538.    To the extent the allegations in Paragraph 538 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

105

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 538, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

539. To the extent the allegations in Paragraph 539 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 539, including Lead Plaintiffs' characterization of the events at issue.

540. To the extent the allegations in Paragraph 540 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 540, including Lead Plaintiffs' characterization of the events at issue.

541. To the extent the allegations in Paragraph 541 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 541, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

542. To the extent the allegations in Paragraph 542 are based on information purportedly provided by FE-8, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 542, including Lead Plaintiffs' characterization of the events at issue.

543. To the extent the allegations in Paragraph 543 are based on information purportedly provided by FE-8, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 543, including Lead Plaintiffs' characterization of the events at issue.

544. To the extent the allegations in Paragraph 544 are based on information purportedly provided by FE-8, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

106

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

in Paragraph 544, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

545.    To the extent the allegations in Paragraph 545 are based on information purportedly provided by FE-8, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 545, including Lead Plaintiffs' characterization of the events at issue.

546.    To the extent the allegations in Paragraph 546 are based on information purportedly provided by FE-8, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 546, including Lead Plaintiffs' characterization of the events at issue.

547.    To the extent the allegations in Paragraph 547 are based on information purportedly provided by FE-8, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 547, including Lead Plaintiffs' characterization of the events at issue.

548.    To the extent the allegations in Paragraph 548 are based on information purportedly provided by FE-8, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 548, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

### F.  Given The Facts Alleged Herein, It Would Be Absurd To Believe Defendants Did Not Act With Scienter

549.    To the extent Paragraph 549 contains legal conclusions, no response is required. To the extent the allegations in Paragraph 549 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 549, including Lead Plaintiffs' characterization of the events at issue.

550.    To the extent Paragraph 550 contains legal conclusions, no response is required. To the extent the allegations in Paragraph 550 are based on information purportedly provided by any

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

107

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants admit that TD Synnex, Jenne, and Westcon accounted for 54% of Extreme's total net revenues in FY2022, 53% of Extreme's total net revenues in FY2023, and 59% of Extreme's total net revenues in FY2024. Defendants otherwise deny the allegations in Paragraph 550, including Lead Plaintiffs' characterization of the events at issue.

551.   To the extent Paragraph 551 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 551, including Lead Plaintiffs' characterization of the events at issue.

552.   To the extent Paragraph 552 contains legal conclusions, no response is required. To the extent the allegations in Paragraph 552 are based on information purportedly provided by any FEs, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 552, including Lead Plaintiffs' characterization of the events at issue.

553.   To the extent Paragraph 553 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 553, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

554.   To the extent Paragraph 554 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 554, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

555.   To the extent Paragraph 555 contains legal conclusions, no response is required. Defendants admit that Extreme's backlog was at $555 million as of September 30, 2022 (end of Q1 2023), which was the highest publicly reported amount between FY2021 and FY2023. To the extent Paragraph 555 purports to characterize and quote statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 555, including Lead Plaintiffs' characterization of the events at issue.

556.   Defendants admit that Extreme reported the amount of backlog orders at various points in time between FY2021 and FY2023, and did not publicly report backlog figures on a

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW

108

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

quarterly basis beginning in Q1 2024. Defendants otherwise deny the allegations in Paragraph 556, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

557.    To the extent Paragraph 557 purports to characterize Extreme's publicly filed documents disclosing backlog and product revenue amounts, Defendants respectfully refer the Court to Extreme's public disclosures for the reported figures. Defendants otherwise deny the allegations in Paragraph 557, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

558.    Defendants admit that Extreme did not publicly report backlog amounts on a quarterly basis beginning in Q1 2024.

559.    To the extent Paragraph 559 purports to characterize and quote from statements purportedly made by Defendant Meyercord during the Q3 2023 earnings call on April 26, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 559, including Lead Plaintiffs' characterization of the events at issue, any legal conclusions, and Lead Plaintiffs' purported added emphases.

560.    To the extent Paragraph 560 purports to characterize and quote from statements purportedly made by Defendant Meyercord during the Q4 2023 earnings call on August 2, 2023, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 560, including Lead Plaintiffs' characterization of the events at issue, any legal conclusions, and Lead Plaintiffs' purported added emphases.

561.    To the extent Paragraph 561 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 561, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

109

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

562.    To the extent Paragraph 562 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 562, including Lead Plaintiffs' characterization of the events at issue.

### G. In The Constrained Supply Chain Environment, Defendants Had Motive And Opportunity To Accelerate Revenues Through Channel Stuffing

563.    To the extent Paragraph 563 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 563, including Lead Plaintiffs' characterization of the events at issue.

564.    To the extent the allegations in Paragraph 564 are based on information purportedly provided by FEs, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 564, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

565.    To the extent the allegations in Paragraph 565 are based on information purportedly provided by FEs, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 565, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

566.    Defendants admit that Extreme recognizes revenue when control of the product is transferred to the customer, which typically occurs at shipment for product sales, and therefore backlog is not recognized as revenue. To the extent Paragraph 566 purports to characterize and quote from statements purportedly made by Defendant Meyercord, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 566, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

567.    To the extent the allegations in Paragraph 567 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

110

in Paragraph 567, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

568.    To the extent the allegations in Paragraph 568 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 568, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

569.    To the extent Paragraph 569 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 569, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

570.    To the extent Paragraph 570 purports to characterize and quote from statements purportedly made during Extreme's Q2 2024 earnings call on January 31, 2024, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 570, including Lead Plaintiffs' characterization of the events at issue and purported added emphases.

571.    To the extent Paragraph 571 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 571, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

### H. Extreme's Executive Compensation Program Further Incentivized The Individual Defendants To Accelerate Revenues In The Short Term, Through The Channel Stuffing And Manipulative Sales Tactics

572.    To the extent Paragraph 572 contains legal conclusions, no response is required. Defendants admit that Extreme filed a Form DEF14A Proxy Statement on September 26, 2023, which discussed Extreme's executive compensation program for FY2023. Defendants otherwise

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

111

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

deny the allegations in Paragraph 572, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

573.   Defendants admit that Extreme's Form DEF14A Proxy Statement filed on September 26, 2023 lists Defendants Meyercord, Rhodes, Thomas, and Tate as named executive officers, or NEOs.  Defendants also admit that Extreme had an Extreme Incentive Plan that applied to the NEOs, among other employees. Defendants otherwise deny the allegations in Paragraph 573, including Lead Plaintiffs' characterization of the events at issue.

574.   Defendants admit that Extreme's Form DEF14A Proxy Statement filed on September 26, 2023 includes the language quoted in Paragraph 574, but deny the allegations associated with Lead Plaintiffs' purported added emphases.

575.   Defendants admit that Extreme's Form DEF14A Proxy Statement filed on September 26, 2023 includes the language quoted in Paragraph 575, but deny the allegations associated with Lead Plaintiffs' purported added emphases.

576.   To the extent Paragraph 576 purports to characterize statements made in Extreme's Form DEF14A Proxy Statement filed on September 26, 2023, Defendants respectfully refer the Court to that document for its complete and accurate contents.

577.   To the extent Paragraph 577 purports to characterize and quote from statements made in Extreme's Form DEF14A Proxy Statement filed on September 26, 2023, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 577, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

578.   To the extent Paragraph 578 purports to characterize and quote from statements made in Extreme's Form DEF14A Proxy Statement filed on September 26, 2023, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants otherwise admit the allegations in Paragraph 578.

579.   To the extent Paragraph 579 purports to characterize and quote from statements made in Extreme's Form DEF14A Proxy Statement filed on September 26, 2023, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

112

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

admit that Defendants Meyercord, Thomas, Tate, were eligible for and received short-term incentive compensation for the first and second halves of fiscal year 2023. Defendants admit that Defendant Meyercord received $400,000 in salary and $569,920 in EIP compensation for the first half of fiscal year 2023, and that Defendant Meyercord received $400,000 in salary and $544,840 in EIP compensation for the second half of fiscal year 2023. Defendants admit that Defendant Thomas received $250,000 in salary and $232,900 in EIP compensation for the first half of fiscal year 2023, and that Defendant Thomas received $64,423 in salary for the second half of fiscal year 2023. Defendants further admit that Defendant Tate received $154,005 in salary and $78,519 in EIP compensation for the first half of fiscal year 2023, and that Defendant Tate received $173,171 in salary and $85,600 in EIP compensation for the second half of fiscal year 2023. To the extent Footnote 49 purports to characterize and quote from statements made in Extreme's Form DEF14A Proxy Statement filed on September 26, 2023, Defendants respectfully refer the Court to that document for its complete and accurate contents. To the extent Footnote 50 purports to characterize and quote from statements made in Extreme's Form DEF14A Proxy Statement filed on September 26, 2023, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants admit the allegations in Footnote 51.

580.    To the extent Paragraph 580 purports to characterize and quote from statements made in Extreme's Form DEF14A Proxy Statement filed on September 26, 2023, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants admit that Defendant Meyercord received $800,000 in salary for fiscal year 2023. Defendants otherwise deny the allegations in Paragraph 580, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

581.    To the extent Paragraph 581 contains legal conclusions, no response is required. To the extent Paragraph 581 purports to characterize and quote from statements made in Extreme's Form DEF14A Proxy Statement filed on September 27, 2024, Defendants respectfully refer the Court to that document for its complete and accurate contents. Defendants admit that Extreme's Form DEF14A Proxy Statement filed on September 27, 2024 disclosed that Defendant Meyercord received $183,456 and Defendant Rhodes received $71,400 in EIP compensation for the first half

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

113

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

of fiscal year 2024. Defendants also admit that neither Defendant Meyercord nor Defendant Rhodes received any EIP compensation for the second half of fiscal year 2024. Defendants otherwise deny the allegations in Paragraph 581, including Lead Plaintiffs' characterization of the events at issue.

582. To the extent Paragraph 582 contains legal conclusions, no response is required. To the extent Paragraph 582 purports to characterize and quote from statements made in Extreme's Form DEF14A Proxy Statements, Defendants respectfully refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 582, including Lead Plaintiffs' characterization of the events at issue.

583. To the extent Paragraph 583 purports to characterize Extreme's publicly disclosed executive compensation figures, Defendants respectfully refer the Court to Extreme's public disclosures for the reported figures. To the extent Paragraph 583 purports to characterize Extreme's publicly filed Form 4s, Defendants respectfully refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 583, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**I.   The Retaliatory Culture At Extreme Supports An Inference of Scienter**

584. To the extent Paragraph 584 contains legal conclusions, no response is required. Defendants admit that on January 8, 2024, Extreme announced that Defendant Rice would become Chief Commercial Officer. Defendants otherwise deny the allegations in Paragraph 584, including Lead Plaintiffs' characterization of the events at issue.

585. To the extent the allegations in Paragraph 585 are based on information purportedly provided by FE-2, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 585, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

586. To the extent the allegations in Paragraph 586 are based on information purportedly provided by FE-2, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW

114

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

in Paragraph 586, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

587.    To the extent the allegations in Paragraph 587 are based on information purportedly provided by FE-2, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 587, including Lead Plaintiffs' characterization of the events at issue.

588.    To the extent the allegations in Paragraph 588 are based on information purportedly provided by FE-2, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 588, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

589.    To the extent the allegations in Paragraph 589 are based on information purportedly provided by FE-2, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 589, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

590.    To the extent the allegations in Paragraph 590 are based on information purportedly provided by FE-2, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 590, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

591.    To the extent the allegations in Paragraph 591 are based on information purportedly provided by FE-2, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 591, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

592.    To the extent the allegations in Paragraph 592 are based on information purportedly provided by any FE, including FE-10, Defendants lack knowledge or information sufficient to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

115

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 592, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

593. To the extent the allegations in Paragraph 593 are based on information purportedly provided by FE-10, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 593, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

594. To the extent the allegations in Paragraph 594 are based on information purportedly provided by FE-10, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 594, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

595. To the extent the allegations in Paragraph 595 are based on information purportedly provided by FE-10, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 595, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**J. Defendants' Refusal to Document Their Channel Stuffing Conduct Strongly Supports an Inference of Scienter**

596. To the extent the allegations in Paragraph 596 are based on information purportedly provided by FEs, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 596, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

597. To the extent the allegations in Paragraph 597 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations

in Paragraph 597, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

598.    To the extent the allegations in Paragraph 598 are based on information purportedly provided by FE-2, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 598, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

599.    To the extent the allegations in Paragraph 599 are based on information purportedly provided by FE-2, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 599, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

600.    To the extent the allegations in Paragraph 600 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 600, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

**K. Defendants' Refusal to Heed Warnings Concerning Their Backlog Misrepresentations Strongly Support Scienter**

601.    To the extent the allegations in Paragraph 601 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 601, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

602.    To the extent the allegations in Paragraph 602 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

117

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

in Paragraph 602, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

603.    To the extent the allegations in Paragraph 603 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 603, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

604.    To the extent the allegations in Paragraph 604 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 604, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

605.    To the extent the allegations in Paragraph 605 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 605, including Lead Plaintiffs' characterization of the events at issue.

606.    To the extent the allegations in Paragraph 606 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 606, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

607.    To the extent the allegations in Paragraph 607 are based on information purportedly provided by FE-7, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 607, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

118

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

**L.  The Departures And Resignations Of High-Level Executives Also Supports An Inference Of Scienter**

608.    Defendants lack knowledge or information sufficient to form a belief as to the reasons unidentified former employees of Extreme may have decided to leave the Company. To the extent the allegations in Paragraph 608 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 608, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

609.    To the extent the allegations in Paragraph 609 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 609, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

610.    To the extent the allegations in Paragraph 610 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 610, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions. Regarding Footnote 52, Defendants admit that 90 days after July/August 2022 is approximately October/November 2022.

611.    To the extent Paragraph 611 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 611, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

612.    To the extent Paragraph 612 contains legal conclusions, no response is required. Defendants admit that on January 25, 2023, Extreme filed a Form 8-K announcing that Defendant Thomas tendered his resignation from his position with the Company effective February 16, 2023 to pursue a senior executive finance position outside of the networking industry. To the extent Paragraph 612 purports to characterize and quote from statements purportedly made in a report by Rosenblatt Securities, Defendants respectfully refer the Court to that document for its complete

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

119

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

and accurate contents. To the extent the allegations in Paragraph 612 are based on information purportedly provided by FE-1, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 612, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

613.   Defendants admit that on January 8, 2024, Extreme filed a Form 8-K announcing that Joe Vitalone would no longer be serving as Chief Revenue Office of Extreme, but would remain an employee of the Company in an advisory role. Defendants admit that on January 8, 2024, Extreme announced that Defendant Rice would become Chief Commercial Officer. Defendants otherwise deny the allegations in Paragraph 613, including Lead Plaintiffs' characterization of the events at issue.

614.   To the extent Paragraph 614 contains legal conclusions, no response is required. To the extent the allegations in Paragraph 614 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 614, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## IX.   LOSS CAUSATION

615.   To the extent Paragraph 615 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 615.

616.   To the extent Paragraph 616 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 616, including Lead Plaintiffs' characterization of the events at issue.

617.   To the extent Paragraph 617 contains legal conclusions, no response is required. Defendants admit that between July 27, 2022 and January 30, 2024, the highest price at which Extreme's stock closed was $32.27 per share on August 11, 2023. Defendants further admit that Extreme's stock closed at $12.59 per share on February 2, 2024. Defendants otherwise deny the allegations in Paragraph 617, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

120

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

618.    To the extent Paragraph 618 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 618, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

619.    To the extent Paragraph 619 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 619, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## X.    INAPPLICABILITY OF THE STATUTORY SAFE HARBOR

620.    To the extent Paragraph 620 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 620, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

621.    To the extent Paragraph 621 contains legal conclusions, no response is required. To the extent Paragraph 621 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 621, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

622.    To the extent Paragraph 622 contains legal conclusions, no response is required. To the extent Paragraph 622 purports to characterize and quote from statements purportedly made by certain Defendants, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 622, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

623.    To the extent Paragraph 623 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 623, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

624.    To the extent Paragraph 624 contains legal conclusions, no response is required. To the extent Paragraph 624 purports to characterize and quote from statements made in Extreme's SEC filings, Defendants respectfully refer the Court to those statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 624, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

625. To the extent Paragraph 625 contains legal conclusions, no response is required. Each Defendant lacks knowledge or information sufficient to form a belief as to the personal knowledge of the other Defendants. Defendants otherwise deny the allegations in Paragraph 625, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

626. To the extent Paragraph 626 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 626, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## XI. PRESUMPTION OF RELIANCE

627. To the extent Paragraph 627 contains legal conclusions, no response is required. Defendants lack knowledge or information sufficient to form a belief as to Lead Plaintiffs' and other members of the putative Class's purchases of Extreme common stock. Defendants admit that Extreme common stock was traded on the NASDAQ exchange. Defendants further admit that Extreme has communicated with investors via various public disclosures. Defendants further admit that multiple analysts have followed Extreme and issued publicly available reports regarding the Company. Defendants otherwise deny the allegations in Paragraph 627, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

628. To the extent that Paragraph 628 contains legal conclusions, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 628, and deny the allegations in this paragraph on that basis. Defendants otherwise deny the allegations in Paragraph 628, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

629. To the extent that Paragraph 629 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 629, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## XII. CLASS ACTION ALLEGATIONS

630. Defendants admit that Lead Plaintiffs purport to bring a class action against Defendants on behalf of a putative class of purchasers of Extreme common stock pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Defendants also admit that Lead

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

122

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

Plaintiffs purport to exclude from the putative class (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer, director or control person of Extreme during the putative Class Period and their immediate families; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling or beneficial interest; (v) the subsidiaries and affiliates of Extreme; (vi) Extreme's employee retirement and benefit plan(s), if any, and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vii) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded person, in their capacities as such. Defendants otherwise deny the allegations in Paragraph 630, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

631.    Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 631 and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 631, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

632.    To the extent that Paragraph 632 contains legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 632, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

633.    Defendants deny the allegations in Paragraph 633, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

634.    Defendants lack information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiffs' ability to fairly and adequately protect the interests of the members of the putative class, and Lead Plaintiffs' retention of counsel, and deny the allegations in Paragraph 634 on that basis. Defendants otherwise deny the allegations in Paragraph 634, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

635.    Defendants deny the allegations in Paragraph 635, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

LATHAM&WATKINS™
ATTORNEYS AT LAW

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

# XIII.   CLAIMS FOR RELIEF UNDER THE EXCHANGE ACT

## Count I

### (For Violations of Section 10(b) of the Exchange Act and Rule 10b-5

### Against Defendants Extreme, Meyercord, Thomas, Tate, Rhodes)

636.    Defendants incorporate their answers to Paragraphs 1 through 635.

637.    To the extent Paragraph 637 contains legal conclusions, no response is required. Defendants admit that Lead Plaintiffs purport to bring Count I as a claim under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. Defendants otherwise deny the allegations in Paragraph 637.

638.    Defendants deny the allegations in Paragraph 638, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

639.    Defendants deny the allegations in Paragraph 639, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

640.    Defendants deny the allegations in Paragraph 640, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

641.    Defendants deny the allegations in Paragraph 641, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

642.    Defendants deny the allegations in Paragraph 642, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

643.    Defendants deny the allegations in Paragraph 643, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

644.    Defendants deny the allegations in Paragraph 644, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

645.    Defendants lack knowledge or information sufficient to form a belief as to what Lead Plaintiffs and members of the putative class would or would not have done under allegedly different circumstances. Defendants otherwise deny the allegations in Paragraph 645, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

124

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

646.    Defendants deny the allegations in Paragraph 646, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## COUNT II

## (For Violations Of Section 10(b) Of The Exchange Act And SEC Rule 10b-5(a) And (c) Against All Defendants)

647.    Defendants incorporate their answers to Paragraphs 1 through 646.

648.    Defendants admit that Lead Plaintiffs purport to bring Count II as a claim under Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) promulgated thereunder. Defendants otherwise deny the allegations in Paragraph 648, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

649.    Defendants deny the allegations in Paragraph 649, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

650.    Defendants deny the allegations in Paragraph 650, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

651.    To the extent the allegations in Paragraph 651 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 651, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

652.    To the extent the allegations in Paragraph 652 are based on information purportedly provided by any FE, Defendants lack knowledge or information sufficient to form a belief as to the truth of such information, and deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 652, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

653.    Defendants deny the allegations in Paragraph 653, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

654.    Defendants deny the allegations in Paragraph 654, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

125

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

655.   Defendants lack knowledge or information sufficient to form a belief as to what Lead Plaintiffs and members of the putative class would or would not have done under allegedly different circumstances. Defendants otherwise deny the allegations in Paragraph 655, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

656.   Defendants deny the allegations in Paragraph 656, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

657.   Defendants deny the allegations in Paragraph 657, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## COUNT III

**(For Violation Of Section 20(a) Of The Exchange Act Against Defendants Meyercord, Thomas, Tate, Rhodes, And Rice)**

658.   Defendants incorporate their answers to Paragraphs 1 through 657.

659.   Defendants admit that Lead Plaintiffs purport to bring Count III as a claim under Section 20(a) of the Exchange Act. Defendants otherwise deny the allegations in Paragraph 659, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

660.   Defendants deny the allegations in Paragraph 660, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

661.   Defendants deny the allegations in Paragraph 661, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

662.   Defendants deny the allegations in Paragraph 662, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

663.   Defendants deny the allegations in Paragraph 663, including Lead Plaintiffs' characterization of the events at issue and any legal conclusions.

## XIV.   PRAYER FOR RELIEF

To the extent that any response is required for Lead Plaintiffs' prayer for relief, Defendants deny each and every allegation contained therein.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

126

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

## XV.    JURY DEMAND

664.    Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a trial by jury on all issues so triable. Defendants reserve the right to amend their Answer as necessary once the precise nature of the relevant circumstances or events is determined through discovery.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Defendants bear any burden of proof as to any of them, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The SAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Lead Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because Lead Plaintiffs have not suffered any concrete injury in fact and have not lost money or property that is traceable to any wrongful act by any Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (No Actionable Statement or Omissions)

Lead Plaintiffs' claims, and those of the putative class, are not actionable because some or all of the purported misrepresentations or misleading statements or omissions alleged in the SAC were (a) immaterial, (b) general statements of corporate optimism or puffery on which no reasonable investor would rely, and/or (c) statements of opinions that Defendants subjectively believed.

## FOURTH AFFIRMATIVE DEFENSE

### (Bespeaks Caution/Safe Harbor)

Lead Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, by the "bespeaks caution" and/or the Private Securities Litigation Reform Act's "safe harbor" doctrines to the extent that they are based on predictions, expressions of opinion, or forward-looking statements.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

127

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

## FIFTH AFFIRMATIVE DEFENSE

### (Sufficient Cautionary Language)

Defendants are not liable to Lead Plaintiffs or other members of the putative class because Extreme's publicly filed documents contained sufficient cautionary language advising investors about the risks associated with the subject matter of each misrepresentation or omission alleged in the SAC.

## SIXTH AFFIRMATIVE DEFENSE

### (Truth on the Market)

Defendants are not liable to Lead Plaintiffs or other members of the putative class because the substance of the allegedly omitted or misrepresented material information was disclosed in Defendants' own filings and announcements and/or in other sources that were publicly available or widely known to the market, the investing community, Lead Plaintiffs, and other members of the putative class.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith and Reasonable Care)

Lead Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because at all relevant times Defendants exercised reasonable care and acted in good faith, including by acting in conformity with the law and rules and regulations of the SEC.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

128

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

## EIGHTH AFFIRMATIVE DEFENSE

### (Due Diligence)

Defendants are not liable to Lead Plaintiffs or other members of the putative class for statements made by Defendants because Defendants had, after reasonable investigation, reasonable grounds to believe and did believe, at the time of the statements at issue, that their statements were true and that there was no omission of any required material fact necessary to make the statements not misleading.

## NINTH AFFIRMATIVE DEFENSE

### (No Control Person Liability)

Each and every one of Defendants alleged to be a controlling person under Section 20 of the Securities Exchange Act of 1934 had no knowledge of, or had reasonable grounds to believe in the existence of, the facts by reason of which liability of the control person is alleged to exist.

## TENTH AFFIRMATIVE DEFENSE

### (Proximate Cause/Loss Causation)

Lead Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because Defendants' conduct was not the proximate cause of any damage or injury allegedly suffered by Lead Plaintiffs or other members of the putative class.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Events)

Lead Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because superseding or intervening events caused some or all of the change in the value of Extreme's securities, or any other harm alleged in the SAC.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations/Repose)

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, by the applicable statute of limitations or statute of repose.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

129

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Actual Knowledge)

Lead Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because Lead Plaintiffs and/or other members of the putative class had actual or constructive knowledge of any allegedly misstated facts or omissions or other wrongful conduct upon which Defendants' purported liability rests.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

Lead Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because Lead Plaintiffs and/or other members of the putative class had actual or constructive knowledge of the risks involved in Extreme's business, and in failing to consider these risks, each such purported plaintiff class member assumed the risk that the value of Extreme common stock would decline if such risks materialized.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Lead Plaintiffs and other members of the putative class are barred from recovery for injury or damages because they failed to make reasonable efforts to mitigate any such injury or damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Comparative Fault and/or Contributory Negligence)

Lead Plaintiffs' claims are barred, in whole or in part, by the actions, omissions, and/or comparative fault and contributory negligence of Lead Plaintiffs, other members of the putative class, or other third parties, including the failure to undertake their own due diligence.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Tax Benefits Offset)

Any recovery for damages allegedly incurred by Lead Plaintiffs and other members of the putative class is subject to offset in an amount including, but not limited to, any tax benefits actually received by Lead Plaintiffs or other members of the putative class throughout their investments.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

130

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Other Factors Offset)

Under any theory of liability, Lead Plaintiffs and other members of the putative class may not recover damages based on depreciation in the value of Extreme securities that resulted from factors other than the material devices, schemes, or artifices to defraud, misstatements or omissions, acts, practices, or courses of business alleged in the SAC.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Equitable Doctrines)

Lead Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, unclean hands, and other related equitable defenses.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Equitable Allocation, Recoupment, Set-Off, and/or Comparative Fault)

Any damage, loss, or liability sustained by Lead Plaintiffs and other members of the putative class must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendants under the principles of equitable allocation, recoupment, set-off, and contributory or comparative fault.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(No Reliance)

Lead Plaintiffs and members of the putative class would have acquired Extreme stock even if, when acquired, they had known of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Defendants' purported liability rests.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Contribution)

Under principles of contribution and indemnity, persons or entities other than Defendants are wholly or partially responsible for the purported damages, if any, Lead Plaintiffs and putative class members have sustained.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

131

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Good Faith for Control Persons)

Each and every one of the Defendants alleged to be a control person under Section 20(a) of the Securities Exchange Act of 1934 acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Price Impact)

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because the purported misstatements or omissions alleged in the Complaint did not affect the market price of Extreme securities owned by Lead Plaintiffs or other members of the putative class.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

This action is not properly maintainable as a class action, including because it does not meet the requirements for certification under Federal Rule of Civil Procedure 23.

## RESERVATION OF RIGHTS

Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them. Defendants expressly reserve the right to plead additional affirmative and other defenses that may become available or apparent during this litigation and/or required by any amendments to the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment as follows:

1. That judgment be entered in favor of Defendants;

2. That Plaintiffs and the purported plaintiff class take nothing from Defendants by their Complaint, and that the same be dismissed with prejudice;

3. For costs, attorneys' fees, expert witness fees, and court hearing fees incurred herein; and

4. For such other and further relief as this Court deems just and proper.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

132

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT

**JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38(b), Defendants hereby demand a jury trial on all issues so triable in this action.

Respectfully Submitted,

Dated: April 13, 2026

LATHAM & WATKINS LLP

By /s/ Melanie M. Blunschi
   Melanie M. Blunschi (Bar No. 234264)
    melanie.blunschi@lw.com
   Morgan E. Whitworth (Bar No. 304907)
    morgan.whitworth@lw.com
   505 Montgomery St., Suite 2000
   San Francisco, CA 94111
   Telephone: +1.415.391.0600

   Daniel R. Gherardi (Bar No. 317771)
    daniel.gherardi@lw.com
   140 Scott Drive
   Menlo Park, CA 94025
   Telephone: +1.650.328.4600

*Attorneys for Defendants Extreme Networks, Inc., Edward B. Meyercord III, Rémi Thomas, Cristina Tate, Kevin Rhodes, Norman Rice, and Jonas Brown*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

133

DEFENDANTS' ANS. AND AFF. DEFENSES TO
SECOND AM. CONSOLIDATED COMPLAINT
CASE NO. 3:24-cv-05102-TLT