**LABATON KELLER SUCHAROW LLP**
Lauren A. Ormsbee (*pro hac vice*)
Jesse L. Jensen (*pro hac vice*)
Danielle S. Lazarus (*pro hac vice*)
Jacqueline E. Lacovara (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
lormsbee@labaton.com
jjensen@labaton.com
dlazarus@labaton.com
jlacovara@labaton.com

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, KEVIN RHODES, NORMAN RICE, JONAS BROWN<br><br>        Defendants. | Case No.: 3:24-cv-05102-TLT<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF LAUREN A. ORMSBEE IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER OTHER PARTIES' MATERIAL SHOULD BE SEALED**<br><br>Judge: Hon. Trina L. Thompson<br>Courtroom: No. 9 - 19th Floor |

DECLARATION OF LAUREN A. ORMSBEE
CASE NO.: 3:24-cv-05102-TLT

I, LAUREN A. ORMSBEE, declare as follows:

1.    I am a member of the Bar of the State of New York, admitted pro hac vice to this Court, and a partner at Labaton Keller Sucharow LLP, Lead Counsel for Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System ("Oklahoma Fire"), Oklahoma Police Pension and Retirement System ("Oklahoma Police"), Oakland County Voluntary Employees' Beneficiary Association ("Oakland County VEBA"), and Oakland County Employees' Retirement System ("Oakland County ERS")  (collectively, "Lead Plaintiffs") in the above captioned action. I have personal knowledge of the facts set forth herein or know of such facts from my review of the file in this case, and if called upon to do so, could competently testify as follows.

2.    Pursuant to this Court's Standing Order for Filing Documents Under Seal (the "Standing Order"), Civil Local Rule 79-5, and the Protective Order entered in this Action, dated April 20, 2026 (ECF No. 141, the "Protective Order"), I respectfully submit this declaration in response to Defendants' Administrative Motion to Consider Whether Other Parties' Material Should Be Sealed dated May 15, 2026 (ECF No. 147, the "Motion").

3.    I have reviewed and complied with the Standing Order and Civil Local Rule 79-5. In the Ninth Circuit, courts generally apply the "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 677-78 (9th Cir. 2010). Pursuant to Civil Local Rule 79-5(f)(3) and 79-5(c)(1) and the Standing Order, Lead Plaintiffs request only that three pages of Exhibit 25 (pp. 31, line 1 through 33, line 25)[1] to the Declaration of Morgan E. Whitworth in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, dated May 15, 2026 (ECF No. 146-1, the "Whitworth Decl.") remain under seal because Lead Plaintiffs have designated these pages as "CONFIDENTIAL" pursuant to the Protective Order[2] and believe they

---

[1] Exhibit 25 is a 6-page excerpt from the Rule 30(b)(6) deposition of Lead Plaintiff Oklahoma Fire's corporate representative.

[2] Defendants deposed Lead Plaintiffs on April 30, 2026 (Oakland County VEBA and Oakland County ERS), May 4, 2026 (Oklahoma Police), and May 5, 2026 (Oklahoma Fire), and Dr. Matthew D. Cain on May 6, 2026.  Both parties' counsel initially designated the entirety of the deposition transcripts as "CONFIDENTIAL," pursuant to Section 5.2(b) of the Protective Order, and Lead Plaintiffs have not yet completed their review of the transcripts for de-designation, as provided for within 30 days of receipt of the final transcripts.

1

should remain "CONFIDENTIAL". These three pages are entitled to protection under the law because they contain testimony concerning non-public, confidential, and privileged documents referenced in a privilege log that go beyond merely describing the nature of the communications being withheld. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Entangled Media, LLC v. Dropbox Inc.*, 2025 WL 2958555, at *1-*2 (N.D. Cal. Apr. 11, 2025) (granting motion to seal privilege log entries that "reveal specific information beyond a mere description of the nature of the document being withheld" and deposition testimony and discussion about documents designated as "confidential" material that revealed sensitive information); *Jones v. PGA Tour, Inc.*, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (sealing privilege log "that articulates specific subjects about which legal advice was offered"); *Al Otro Lado, Inc. v. Wolf,*, 2020 WL 4551687, at *3 (S.D. Cal. Aug. 6, 2020) (granting motion to seal concerning testimony related to exhibits that were identified as confidential). There is no less restrictive alternatives to sealing.

4.    Further, with respect to the remaining exhibits appended to the Whitworth Declaration that were initially designated as "CONFIDENTIAL" and filed under seal—excerpts of the transcripts of the 30(b)(6) depositions of Oakland County VEBA and Oakland County ERS (Whitworth Decl. Ex. 23) and Oklahoma Police (Whitworth Decl. Ex. 24) and Dr. Cain's deposition (Whitworth Decl. Ex. 26)—along with any citation to Dr. Cain's deposition testimony in Defendants' Opposition to Plaintiffs' Motion for Class Certification, dated May 15, 2026, and the Expert Report of David C. Smith, Ph.D (Whitworth Decl. Ex. 27) that were initially designated as "CONFIDENTIAL" and redacted, Lead Plaintiffs do not request that such materials remain under seal or redacted because Lead Plaintiffs hereby withdraw the presumptive confidentiality designations to those deposition excerpts.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct this 22nd day of May 2026.

*/s/ Lauren A. Ormsbee*
Lauren A. Ormsbee