UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated,<br><br>              Plaintiffs,<br><br>       v.<br><br>EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, KEVIN RHODES, NORMAN RICE, JONAS BROWN,<br><br>              Defendants. | Case No.  24-cv-05102-TLT<br><br>**SUPPLEMENTAL QUESTIONS FOR THE HEARING**<br><br>Re: Dkt. Nos. 140, 146, 152 |

Please provide responses to the following questions no later than **Monday, July 6, 2026**. The Court may, at its discretion, post additional questions before or during the hearing.

**[TO BOTH PARTIES]**

**I.    NARROWING ISSUES**

Defendants in their Opposition state "Plaintiffs fail to satisfy Rule 23(b)(3)'s predominance requirement for two reasons."  ECF 146 at 16.  Plaintiffs in their reply state, "Defendants concede that Plaintiffs satisfy five of Rule 23's six requirements: numerosity, commonality, typicality, adequacy, and superiority, and that common issues of liability related to falsity, materiality, scienter, and loss causation predominate."  ECF 152 at 6.

     a.  Please confirm whether the parties direct the Court to focus solely on '**predominance**' (whether "questions of law or fact common to class members **predominate** over any questions affecting only individual members") under Rule 23(b)(3).

//

United States District Court
Northern District of California

**[TO BOTH PARTIES]**

## II.    BURDEN OF PROOF

Before it can certify a class, a district court must be "satisfied, after a rigorous analysis, that the prerequisites" of Federal Rule of Civil Procedure 23 have been satisfied. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664–65 (9th Cir. 2022) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Plaintiffs "must actually prove—not simply plead—that their proposed class satisfies each requirement of Rule 23" which includes "the predominance requirement of Rule 23(b)(3)." ECF 146 at 16; *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014).

In terms of price impact analysis, "[D]efendant bears the burden of persuasion to prove a lack of price impact [and] must carry that burden by a preponderance of the evidence." *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 594 U.S. 113, 126 (2021). That is, defendant's burden requires showing "that the alleged misrepresentation did not actually affect the market price of the stock." *Jaeger v. Zillow Grp., Inc.*, 2025 WL 2741642, at *1 (9th Cir. Sept. 26, 2025). "Loss causation, on the other hand, is a merits concept similar to proximate cause, which requires the plaintiff to show that the alleged misrepresentations caused the price of the stock the plaintiff purchased to become inflated, and that the inflation caused economic loss when the statements were revealed as false." *Id.* (citing *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 789 (9th Cir. 2020)).

    a.    Given these standards, please clarify how the Court should balance Plaintiffs' burden on the predominance requirement against Defendants' burden to establish price impact.

IT IS SO ORDERED.

Dated: July 1, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

2