**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, on Behalf of Itself and All Others Similarly Situated,

Plaintiffs,

v.

EXTREME NETWORKS, INC., EDWARD B. MEYERCORD III, RÉMI THOMAS, CRISTINA TATE, KEVIN RHODES, NORMAN RICE, JONAS BROWN,

Defendants.

Case No. Case No. 24-cv-05102-TLT

**CLASS REPRESENTATIVES' ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL AGREEMENT UNDER SEAL**

**PLEASE TAKE NOTICE** that, under Civil Local Rules 7-11 and 79-5 as well as this Court's Standing Order for Civil Cases ¶¶33-38, Class Representatives Oklahoma Firefighters Pension and Retirement System, Oklahoma Police Pension and Retirement System, Oakland County Voluntary Employees' Beneficiary Association, and Oakland County Employees' Retirement System (together, "Class Representatives'") move to file the Confidential Supplemental Agreement Regarding Requests for Exclusion (the "Supplemental Agreement") to the Stipulation and Agreement of Settlement ("Stipulation"), submitted in support of Class Representatives' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement, dated October 15, 2026 (ECF No. 172-2), *under seal* in its entirety. Pursuant to the requirements of Civil Local Rule 79-5 and this Court's Standing Order, a party may file a document under seal if they "'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Thomas v. MagnaChip Semiconductor Corp.*, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016) (Tigar, J.) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).

The Supplemental Agreement contains confidential and sensitive information concerning the conditions under which the number of requests for exclusion from Class Members will permit Defendants to terminate the Settlement and to render the Stipulation null and void. Pursuant to paragraph 42 of the Stipulation, the Parties have agreed to "maintain the confidentiality of the Supplemental Agreement, which shall be filed with the Court under seal[.]" Ample support exists for granting the request to seal this sort of information.

Compelling reasons justify granting this motion to seal and keeping the information in the Supplemental Agreement. *See, e.g.*, *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–82 (9th Cir. 2006). The Supplemental Agreement here is substantially similar to the agreements for which this Court and other Courts in this District and beyond have granted motions to seal. *See, e.g.*, *Homyk v. ChemoCentryx, Inc. et al.*, No. 4:21-cv-03343, Order (N.D. Cal. July 1, 2026), ECF No. 371; *SEB Investment Management AB et al v. Wells Fargo & Company et al.*, No. 3:22-cv-03811-TLT, Order (N.D. Cal. October 21, 2025), ECF No. 260; *Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDX, Inc., et al.*, No. 3:22-cv-03023-TLT, Order (N.D. Cal.

July 22, 2025), ECF No. 184; *In re Plantronics, Inc. Sec. Litig.*, No. 4:19-cv-07481-JST, Order at 12 (N.D. Cal. Feb. 10, 2025), ECF No. 240; *In re Splunk Inc. Sec. Litig.*, Case No. 20-cv-08600-JST, Order at 1 (N.D. Cal. Feb. 9, 2023), ECF No. 120; *In re Twitter Inc. Sec. Litig.*, No. 16-CV-05314-JST, slip op. at 1 (N.D. Cal. March 23, 2022), ECF No. 657; *Thomas v. MagnaChip Semiconductor Corp.*, 2016 WL 3879193, at *6-7 (N.D. Cal. July 18, 2016) ("[t]here are compelling reasons to keep this information confidential, in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts," and noting "several other courts that have reached a similar conclusion"); *Spann v. J.C. Penney Corp.*, 2016 WL 297399, at *14-15 (C.D. Cal. Jan. 25, 2016) (holding that parties need not "disclose [the opt-out threshold] to the class"); *accord In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) (finding that a "confidential opt-out provision" that allowed defendant to terminate the settlement agreement did not "make the agreement unfair" and that the opt-out threshold was kept confidential "for practical reasons"); *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 250 n.4 (11th Cir. 2009) ("The threshold number of opt outs required to trigger the blow provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out.").

In those cases, like here, the parties sought to seal supplemental agreements that—like the Supplemental Agreement here—detailed "the conditions under which [the defendant] may terminate the settlement" and particularly "the threshold number of opt-out exclusions by class members," on grounds that such information "must remain confidential in order 'to avoid enabling one or more stockholders to use this knowledge to insist on a higher payout for themselves on threat of breaking up the Settlement.'" *MagnaChip*, 2016 WL 3879193, at *7. Those courts granted the motions to file under seal, reasoning that "[t]here are compelling reasons to keep this information confidential, in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts," and noting "several other courts that have reached a similar conclusion." *Id.*; *see also Hefler v. Wells Fargo & Co.*, 2018 WL 4207245, at *7 (N.D. Cal. Sept. 4, 2018) (keeping confidential the Supplemental Agreement, including the number of exclusions required to terminate the Settlement, is necessary "to avoid the risk that one or more

shareholders might use this knowledge to insist on a higher payout for themselves by threatening to break up the Settlement”).

Further, all information pertinent to Class Members’ decision to participate in or object to the Settlement is contained in the Stipulation and notices, and the specific terms of the Supplemental Agreement are not relevant to any Class Member’s decision as to whether the Settlement is fair, reasonable, or adequate, and whether the proposed Plan of Allocation and the application for attorneys’ fees and expenses are fair and reasonable. Thus, public disclosure of the opt-out threshold and the Supplemental Agreement will not confer any benefit on Class Members.

For these reasons, Class Representatives respectfully submit that there are compelling reasons for maintaining the confidentiality of the Supplemental Agreement, and there is no benefit to Class Members for its disclosure. Accordingly, Class Representatives respectfully request that the Court grant their request that the Supplemental Agreement be permitted to remain confidential and filed under seal in its entirety.

A declaration in support of this motion is attached hereto as Exhibit 1. A proposed order granting the motion is attached hereto as Exhibit 2. The Supplemental Agreement that is sought to be sealed is attached as Exhibit 3.

Dated: October 16, 2026

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

s/ Lauren A. Ormsbee

Lauren A. Ormsbee (*pro hac vice*)
Jesse L. Jensen (*pro hac vice*)
Adam Federer (*pro hac vice*)
Danielle Lazarus (*pro hac vice*)
Jacqueline E. Lacovara (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Email: lormsbee@labaton.com
jjensen@labaton.com
afederer@labaton.com
dlazarus@labaton.com
jlacovara@labaton.com

*Class Counsel and Counsel for Class Representatives Oklahoma Firefighters Pension and Retirement System, Oklahoma*

*Police Pension and Retirement System, Oakland County Voluntary Employees' Beneficiary Association, Oakland County Employees' Retirement System*